UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>        Plaintiffs,<br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>        Defendants. | Case No. 1:22-cv-10457-PBS<br><br><br><br><br>**DECLARATION OF CHARLIE C. GOKEY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Charlie C. Gokey, declare and state as follows:

1.      I am at partner at the law firm of Engstrom Lee LLC. I and my colleagues Carl Engstrom, Jennifer Lee, and Mark Thomson serve as counsel for Plaintiffs Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy in the above-captioned case. I submit this Declaration in support of Plaintiffs' Motion for Class Certification.

## QUALIFICATIONS OF PLAINTIFFS' COUNSEL

2.      I am licensed to practice law in California, the District of Columbia, and Minnesota, and am a member of the bar of the United States Courts of Appeals for the Third and Ninth Circuit, and the U.S. District Courts for the Northern District of Indiana, Minnesota, and the Central District of California. I am an active member in good standing in each of the jurisdictions and courts in which I am admitted to practice law.

3. I have been actively and continuously engaged in the practice of law since graduating *magna cum laude* from Georgetown University Law Center in 2013, and have accrued substantial ERISA experience over the past five years, including successfully representing both plaintiffs and defendants in numerous ERISA actions. Since leaving the partnership at Robins Kaplan LLP to join Engstrom Lee in February of 2023, my practice has focused almost exclusively on representing plaintiffs in ERISA class actions.

4. Engstrom Lee is a boutique ERISA and employment litigation firm. In 2022, four of my partners (Carl Engstrom, Jennifer Lee, Brandon McDonough, and Mark Thomson), separated from Nichols Kaster PLLP, to found Engstrom Lee. Prior to separating from Nichols Kaster, they worked in that firm's ERISA practice group, which had recovered more than $300 million for its clients since Plaintiffs' counsel, Carl Engstrom, founded the practice in 2015.

5. Additional information regarding the qualifications of Plaintiffs' counsel can be found in **Exhibit A**, a true and correct copy of Engstrom Lee's firm biography.

6. Since the firm's founding, Engstrom Lee's attorneys (including Plaintiffs' counsel in this case) have secured favorable settlements in similar actions involving misappropriation and mismanagement of an ESOP's assets. This year, they have obtained preliminary approval of:

    a. A $19 million settlement involving similar allegations that an ESOP and its members were underpaid for the ESOP's stock when the ESOP terminated, in which the Court observed Plaintiffs' counsel "clearly possess the qualifications and experience to handle this litigation . . . as well as the resources needed to litigate this matter," *See* **Exhibit B** (Report & Recommendation), *Colon v. Johnson*, Case No. 8:22-cv-00888 (M.D. Fl. May 31, 2024)); and

    b. A $1.1 million settlement, representing up to 60% of potential losses, in a first-of-its-kind action challenging a plan sponsor's failure to prudently invest an ESOP's non-stock assets. *See* **Exhibit C** (Order Granting Preliminary Approval, *Cothran v. Adams*, Case No. 8:23-cv-518 (June 10, 2024)).

7. Engstrom Lee's attorneys have collectively been appointed as class counsel in dozens of class actions, most of them ERISA class actions, against defendants including McKinsey & Co., Allianz Asset Management of America, American Century, BB&T, Putnam Investments, LLC, Deutsche Bank, American Airlines, Allina Health System, Lowe's Co., Fidelity, and Fujitsu Tech, among others.

8. Engstrom Lee's attorneys have zealously represented the proposed class over the past two years.[1] They conducted a thorough pre-filing investigation, filed a detailed complaint that they have since amended twice to include additional allegations and claims, and defeated Defendants' multiple motions to dismiss in their entirety after two rounds of briefing and three rounds of oral argument. Since the Court denied Defendants' motions to dismiss in January 2024, Engstrom Lee has diligently pursued discovery, issuing dozens of document requests to Defendants, serving ten third-party subpoenas, informally resolving several discovery disputes, and reviewing thousands of pages that have been produced by parties and non-parties to date. Engstrom Lee has further retained and begun to work with an expert, from whom they anticipate offering a preliminary report in advance of the Court-ordered mediation this fall. Engstrom Lee has dedicated substantial resources to this action to date and will continue to do so.

---

[1] Engstrom Lee's attorneys originated and filed this action shortly before separating from Nichols Kaster in June 2022. Plaintiffs then elected to discharge Nichols Kaster and retain Engstrom Lee to prosecute this action.

9. None of Plaintiffs' Engstrom Lee counsel in this case has ever been disciplined or sanctioned, and all have comported themselves ethically in this case.

### **EXHIBITS SUBMITTED IN SUPPORT OF MOTION**

10. Documents produced in discovery have disclosed the identities of ESOP's 394 members at the time the ESOP terminated who were entitled to benefits, including in the document Bates numbered DW-013997. Plaintiffs are attesting to this fact rather than filing this document to minimize the unnecessary filing or disclosure of nonparty personally identifiable information. If the Court prefers that Plaintiffs file this document, they will do so.

11. Attached are the following additional exhibits, which are true and correct copies of documents produced by parties and third parties in this action:

**Exhibit D:** BOWERS020721

**Exhibit E:** BOWERS022752

**Exhibit F:** RUSSELL0005901

**Exhibit G:** ARGENT_BOWERS_000001

Exhibit H: DL_00001335

Exhibit I: DW-012743

Exhibit J: RUSSELL0001471

Exhibit K: DW-012857

Exhibit L: RUSSELL0007088

Exhibit M: DW-002022

Exhibit N: BOWERS008352

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2024 /s/ Charlie C. Gokey
Charlie C. Gokey

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2024, the foregoing was electronically filed using the CM/ECF system, causing a Notice of Electronic Filing to be transmitted to all counsel of record.

/s/Charlie C. Gokey
Charlie C. Gokey