**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
Case No. 1:22-CV-10457-PBS

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25, <br><br> Defendants. | **DEFENDANT DENISE D. WYATT'S ANSWER TO SECOND AMENDED COMPLAINT CLASS ACTION** |

Defendant Denise D. Wyatt ("Wyatt") responds to Plaintiffs' Second Amended Complaint (ECF 169) as follows:

**FIRST DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' claims fail to state a claim upon which relief can be granted against Denise Wyatt.

**SECOND DEFENSE**
**(Response to Numbered Allegations)**

1.      No response is required as to the first sentence of Paragraph 1.  Wyatt denies the remaining allegations of Paragraph 1.

2.      Wyatt denies that Russelectric, Inc. ("Russelectric" or the "Company") was based in Boston, Massachusetts.  Upon information and belief, Wyatt admits that the ESOP owned 30% of the outstanding shares of Russelectric, which was a power systems company.

3.     Wyatt admits that the ESOP was created in 2010 by Russelectric's founder, Raymond Russell. The terms of the ESOP speak for itself. Except as expressly admitted, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3, and accordingly, Wyatt denies the allegations of Paragraph 3.

4.     Wyatt answers that the terms of the ESOP speak for itself. Upon information and belief, Wyatt admits that the ESOP's terms identify both allocated shares and unallocated shares.

5.     Wyatt answers that the terms of the ESOP speak for itself. Wyatt admits that the stated terms of the ESOP reflect that the shares of the Company were pledged as collateral for the loan from the Company.

6.     Wyatt answers that the terms of ESOP and related loan documentation, including but not limited to the Plan Document, ESOP Note, ESOP Loan and Pledge Agreement, the ESOP Trust Agreement, ("ESOP and Related Loan Documents") speak for themselves. Wyatt denies the allegations of Paragraph 6 to the extent they are inconsistent with the ESOP and related loan documents. Wyatt denies the remaining allegations upon information and belief.

7.     Wyatt answers that the terms of ESOP and Related Loan Documents speak for themselves. Wyatt denies the allegations of Paragraph 7 to the extent they are inconsistent with the ESOP and Related Loan Documents. Wyatt denies the remaining allegations upon information and belief.

8.     Wyatt answers that the terms of ESOP and Related Loan Documents speak for themselves. Wyatt denies the allegations of Paragraph 8 to the extent they are inconsistent with the ESOP and Related Loan Documents. Wyatt denies the remaining allegations of Paragraph 8.

9.      Wyatt admits the first sentence in Paragraph 9.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 9.  Ms. Wyatt further answers that the terms of the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 9 to the extent they are inconsistent with the ESOP and Related Loan Documents.

10.      Wyatt answers that the terms of ESOP and Related Loan Documents speak for themselves.  Wyatt denies the allegations of Paragraph 10 to the extent they are inconsistent with the ESOP and Related Loan Documents.  Wyatt further denies the remaining allegations in Paragraph 10.

11.      Wyatt admits that Raymond Russell died in 2013.  Wyatt also admits that after the entry of the Mediation Settlement Agreement, collectively Raymond Russell's children and their mother beneficially owned 70% of the outstanding shares of the Company, which were held by several Trusts and sub-trusts.  Except as expressly admitted herein, Wyatt denies the remaining allegations set forth in Paragraph 11.

12.      Wyatt denies the allegations of Paragraph 12.

13.      Wyatt denies the allegations of Paragraph 13.

14.      Wyatt admits that 100% of Company stock was sold to Siemens in 2019.   Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding a 2009 valuation opinion and accordingly denies the same. Except as expressly admitted herein, Wyatt denies the remaining allegations set forth in Paragraph 14.

15.      Wyatt denies the allegations of Paragraph 15.

16.      Wyatt admits that the Third Amendment to the ESOP Plan was executed on June 30, 2016.  Wyatt further answers that the Third Amendment speaks for itself.  Wyatt denies the

allegations of Paragraph 16 to the extent they are inconsistent with the Third Amendment to the ESOP Plan. Wyatt denies the remaining allegations of Paragraph 16.

17.    Wyatt denies the allegations of Paragraph 17.

18.    Wyatt denies the allegations of Paragraph 18.

19.    Wyatt admits that the Named Plaintiffs are former participants in the ESOP and as such received notice and signed the release in connection with the Siemens sale. Wyatt denies the remaining allegations of Paragraph 19.

20.    The allegations of Paragraph 20 are legal conclusions and recitations to which no response is required. To the extent a response is required, Wyatt denies the allegations.

## BACKGROUND

21.    Wyatt denies the allegations of Paragraph 21.

22.    Wyatt admits that the Third Amendment to the ESOP Plan was executed on June 30, 2016. Wyatt further answers that the Third Amendment and ESOP and Related Loan Documents, and Redemption Agreement speak for themselves. Wyatt denies the allegations of Paragraph 22 to the extent they are inconsistent with the Third Amendment to the ESOP Plan, ESOP and Related Loan Documents, and the Redemption Agreement. Wyatt denies the remaining allegations of Paragraph 22.

23.    Wyatt denies the allegations of Paragraph 23.

24.    Wyatt admits that Argent served as the ESOP Trustee, and as ESOP Trustee had the attendant powers given to it under the Plan and federal law. Except as expressly admitted herein, Wyatt denies the remaining allegations of Paragraph 24.

25.    Wyatt denies the allegations of Paragraph 25.

26.    Wyatt denies the allegations of Paragraph 26.

27.    Wyatt admits that John Russell was a son of the founder, Raymond Russell, and a board member from April 2015 and a beneficiary of the Founder's Trust.  Wyatt also admits that John Russell was chair of the board.  Wyatt admits that she and Dennis Long were also board members beginning in April 2015.   Wyatt admits that Suzanne and Lisa Russell were daughters of the founder and were co-trustees of the Founder's Trust along with beneficiaries thereof.  Wyatt admits that Argent served as the ESOP Trustee.  Except as expressly admitted herein, Wyatt denies the remaining allegations of Paragraph 27.

28.    Named Plaintiffs are former participants in the ESOP and as such received notice and signed the release in connection with the Siemens sale.  Wyatt denies the remaining allegations of Paragraph 28.

## JURISDICTION AND VENUE

29.    The allegations of the Second Amended Complaint and the provisions of federal statutes speak for themselves. To the extent any response is required, Wyatt denies Plaintiffs are entitled to relief.

30.    While denying any claim is stated, Wyatt admits this court has subject matter jurisdiction over Counts I through VI, and denies that the cited statute confers subject matter jurisdiction over Counts VII through X of the Second Amended Complaint.

31.    While denying any claim is stated, Wyatt admits that venue is proper.

## RELEVANT PARTIES

### THE COMPANY

32.    Wyatt admits the allegations of Paragraph 32 upon information and belief until the sale to Siemens.

33.    Wyatt admits the allegations of Paragraph 33 as true upon information and belief until the establishment of the ESOP in 2009.

34.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34, and accordingly, Wyatt denies the allegations of Paragraph 34.

35.    Wyatt answers that the ESOP was established by the Company with an original effective date of July 1, 2009.   Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, and accordingly, Wyatt denies the allegations of Paragraph 35.

36.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36, and accordingly, Wyatt denies the allegations of Paragraph 36.

37.    Wyatt admits that Raymond Russell died in 2013.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37, and accordingly, Wyatt denies the allegations of Paragraph 37.

38.    Wyatt answers that the terms of the 2015 Mediation Settlement Agreement and related Court Order approving the same (collectively, the "2015 Mediation Settlement Agreement") speaks for themselves.  Wyatt denies the allegations of Paragraph 38 to the extent they are inconsistent with the 2015 Mediation Settlement Agreement.  Wyatt denies the remaining allegations of Paragraph 38.

39.    Wyatt answers that the terms of the 2015 Mediation Settlement Agreement speak for themselves.  Wyatt denies the allegations of Paragraph 39 to the extent they are inconsistent with the 2015 Mediation Settlement Agreement.   Wyatt further answers that under the terms of

the Voting Agreement, attached as an exhibit to the 2015 Mediation Settlement Agreement, Wells Fargo designated Denise Wyatt to serve as a board member, Argent designated Dennis Long to serve as a board member, and the holder of the CCR shares designated or elected John Russell to serve as a board member. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39, and accordingly, Wyatt denies the allegations of Paragraph 39.

40.     Wyatt admits the allegations of Paragraph 40 to the extent they are consistent with the governing documents.  Wyatt denies the allegations of Paragraph 40 to the extent they are inconsistent with the governing documents.

41.     Wyatt admits the allegations of Paragraph 41 to the extent they are consistent with the governing documents.  Wyatt denies the allegations of Paragraph 41 to the extent they are inconsistent with the governing documents.

42.     Wyatt answers that the terms of the 2015 Mediation Settlement Agreement speak for themselves.  Wyatt denies the allegations of Paragraph 42 to the extent they are inconsistent with the 2015 Mediation Settlement Agreement.

43.     Wyatt denies the allegations of Paragraph 43.

44.     Wyatt admits that in June 2016, the founder's ex-wife died and that as of June 18, 2016, the ESOP held 30% of the outstanding shares of Russelectric.  Wyatt denies the remaining allegations of Paragraph 44.

45.     Wyatt admits the allegations of Paragraph 45.

46.     Wyatt answers that the terms of the Redemption Agreement between the Company and the ESOP speak for themselves.  Wyatt denies the allegations of Paragraph 46 to the extent they are inconsistent with the Redemption Agreement.

47.    Wyatt answers that the sale of 100% of the Company's shares to Siemens was completed in 2019.  Wyatt ceased serving as a director after the sale.  Wyatt further answers that the terms of the Stock Purchase Agreement and the related sale documents speak for themselves. Wyatt denies the allegations of Paragraph 47 to the extent they are inconsistent with the Stock Purchase Agreement and related sale documents.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47, and accordingly, Wyatt denies the allegations of Paragraph 47.

## THE PLAN

48.    Wyatt answers that the Plan was established by the Company with an original effective date of July 1, 2009. Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 48.

49.    Wyatt answers that the ESOP Plan document and public filings speak for themselves.  Wyatt admits upon information and belief that Russelectric was the employer and plan sponsor of the ESOP Plan.  Wyatt further answers that the allegations of Paragraph 49 contain legal recitations and conclusions to which no response is required.  To the extent any further response is required, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and accordingly, Wyatt denies the remaining allegations of Paragraph 49.

50.    The allegations of Paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 50.

51.    The allegations of Paragraph 51 are legal conclusions to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 51.

52.     Wyatt answers that the ESOP Plan document and public filings speak for themselves. Wyatt denies the allegations to the extent they are inconsistent with the ESOP Plan documents and public filings.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52, and accordingly, Wyatt denies the allegations of Paragraph 52.

53.     Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 53 to the extent they are inconsistent therewith. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53, and accordingly, Wyatt denies the allegations of Paragraph 53.

54.     Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and accordingly, Wyatt denies the allegations of Paragraph 54.

55.     Wyatt answers that the ESOP Plan document speaks for itself.  Wyatt denies the allegations to the extent they are inconsistent with the ESOP Plan document.  To the extent any further response is required, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 and accordingly, Wyatt denies the remaining allegations of Paragraph 55.

56.     Wyatt admits the allegations of Paragraph 56 upon information and belief.

57.     Wyatt admits the allegations of Paragraph 57 upon information and belief.

58.     Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 58 to the extent they are inconsistent therewith. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in Paragraph 58, and accordingly, Wyatt denies the allegations of Paragraph 58.

59.    Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 59 to the extent they are inconsistent therewith. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59, and accordingly, Wyatt denies the allegations of Paragraph 59.

60.    Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 60 to the extent they are inconsistent therewith. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 60, and accordingly, Wyatt denies the allegations of Paragraph 60.

61.    Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 61 to the extent they are inconsistent therewith. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61, and accordingly, Wyatt denies the allegations of Paragraph 61.

62.    Wyatt admits the allegations of Paragraph 62 to the extent they are not inconsistent with the ESOP Plan documents.

63.    Wyatt admits the allegations of Paragraph 63 to the extent they are not inconsistent with the ESOP Plan documents.

64.    Wyatt admits the allegations of Paragraph 64 to the extent they are not inconsistent with the ESOP Plan documents and with documents filed and referenced in this Paragraph.

65.     Wyatt admits, upon information and belief, that an independent advisor was retained yearly to determine the value of a share held in the ESOP.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 65.

66.     Wyatt admits upon information and belief that Prairie Capital performed valuations of the company for the ESOP upon its formation.  Except as expressly admitted, Wyatt denies the remaining allegations in Paragraph 66.

67.     Wyatt answers that the ESOP Plan documents speak for themselves and Wyatt denies the allegations of Paragraph 67 to the extent they are inconsistent therewith. Wyatt denies the remaining allegations of Paragraph 67.

68.     Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 68 to the extent they are inconsistent therewith. Wyatt denies the remaining allegations of Paragraph 68.

69.     Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 69 to the extent they are inconsistent therewith.

70.     Wyatt answers that the ESOP and Related Loan Documents speak for themselves and Wyatt denies the allegations of Paragraph 70 to the extent they are inconsistent therewith. Wyatt admits that the Board was not required to and did not seek approval from the individual ESOP participants prior to termination of the Plan.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 70.

71.     Wyatt admits the allegations in Paragraph 71.

72.     Wyatt admits that Company paid the Redemption Price of $134 per share for the Redeemed Shares as defined in the Letter Agreement appended and incorporated into the Redemption Agreement.  Wyatt further answers that the Letter Agreement and Redemption

Agreement speak for themselves and denies the allegations of Paragraph 72 to the extent they are inconsistent therewith.

73.    Wyatt denies the allegations of Paragraph 73.

74.    Wyatt answers that the Redemption Agreement speaks for itself and denies the allegations of Paragraph 74 to the extent inconsistent therewith.  Wyatt denies the remaining allegations of Paragraph 74.

75.    Wyatt denies the allegations of Paragraph 75.

76.    Wyatt answers that the Third Amendment to the ESOP Plan speaks for itself and denies the allegations of Paragraph 76 to the extent inconsistent therewith.

77.    Wyatt denies the allegations of Paragraph 77.

78.    Wyatt denies the allegations of Paragraph 78.

79.    Wyatt admits only that on October 2, 2018, the Stock Purchase Agreement was executed and on March 1, 2019 the transaction closed.  In accordance with the Stock Purchase Agreement, the former ESOP participants who executed and returned the Release and provided other required information were paid the difference between the $676 and the Redemption Price per allocated share.  Except as expressly admitted, the remaining allegations of Paragraph 79 are denied.

80.    Wyatt denies the allegations of Paragraph 80.

## RUSSELL FAMILY TRUSTS

### Russelectric Stockholder Trusts

81.    Wyatt admits that the RGR Trust held 35% of Russelectric outstanding stock following execution and approval of the 2015 Mediation Settlement Agreement.  Wyatt admits that after the effective date of the ESOP Termination through the date of the sale to Siemens, the

RGR Trust held 50% of Russelectric outstanding stock.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 81.

82.    Wyatt answers that the RGR Trust instrument speaks for itself.  Upon information and belief, the RGR Trust included both GST Exempt and GST Non-Exempt Subtrusts for each of the beneficiaries.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 82 to the extent inconsistent with the Trust instrument.

83.    Wyatt admits that Wells Fargo Bank, NA served as the corporate co-Trustee, along with co-Trustees, Suzanne Russell and Lisa Russell, upon the court approval of the 2015 Mediation Settlement Agreement until completion of the sale to Siemens. Except as expressly admitted, the allegations of Paragraph 83 are denied.

84.    The allegations of Paragraph 84 are legal conclusions and recitations to which no response is required.  Wyatt further answers that federal statutes speak for themselves.  To the extent a response is required, Wyatt denies the allegations of Paragraph 84.

85.    Wyatt denies the allegations of Paragraph 85.

86.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86, and accordingly, Wyatt denies the allegations of Paragraph 86.

87.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87, and accordingly, Wyatt denies the allegations of Paragraph 87.

88.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88, and accordingly, Wyatt denies the allegations of Paragraph 88.

89.     Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89, which additionally states legal conclusions. Accordingly, Wyatt denies the allegations of Paragraph 89.

90.     Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90, and accordingly, Wyatt denies the allegations of Paragraph 90.

91.     Paragraph 91 sets forth no factual allegations to which to respond.  To the extent any response is needed, Wyatt denies that the inclusion of the RGR Trust and RGR Subtrusts with the other interests is appropriate.

**Russelectric Stock Proceeds Trusts**

92.     Wyatt admits, upon information and belief, that all the Russelectric stock held in the RGR Trust was transferred to Siemens in exchange for cash.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 92 and accordingly, Wyatt denies the remaining allegations of Paragraph 92.

93.     Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93, and accordingly, Wyatt denies the allegations of Paragraph 93.

94.     Paragraph 94 sets forth no factual allegations to which to respond.  To the extent any response is needed, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94, and accordingly, Wyatt denies the allegations of Paragraph 94.

**WELLS FARGO**

95.    Wyatt answers that the Voting Agreement speaks for itself and denies the allegations of Paragraph 95 to the extent inconsistent therewith.  Wyatt denies the remaining allegations of Paragraph 95.

96.    Wyatt answers that the RGR Trust Agreement speaks for itself and denies the allegations of Paragraph 96 to the extent inconsistent therewith.  To the extent any further response is required, Wyatt admits that, pursuant to the Order Construing Settlement Agreement, Modifying Trust and Modifying Voting Agreement of the Broward County, Florida Probate Court, up to a 1.75% transaction fee would be payable to Wells Fargo in the event of a change of control transaction, but denies that Wells Fargo Bank, NA received a 1.75% fee.

97.    Wyatt denies the allegations of Paragraph 97.

**PLAINTIFFS**

98.    Wyatt answers that Named Plaintiff Bowers executed a Release in connection with the Siemens sale indicating that Bowers held 94.826 Russelectric shares which were allocated to her ESOP account at the time of the ESOP termination.  In further answer, Wyatt denies the allegations in the fifth sentence of Paragraph 98.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 98, and accordingly, Wyatt denies the allegations of Paragraph 98.

99.    Wyatt answers that Named Plaintiff Gear-Cole executed a Release in connection with the Siemens sale indicating that Gear-Cole held 86.894 Russelectric shares which were allocated to her ESOP account at the time of the ESOP termination.  In further answer, Wyatt denies the allegations in the fifth sentence of Paragraph 99.  Wyatt is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 99, and accordingly, Wyatt denies the allegations of Paragraph 99.

100.    Wyatt answers that Named Plaintiff Lorenzano executed a Release in connection with the Siemens sale indicating that Lorenzano held 73.847 Russelectric shares which were allocated to her ESOP account at the time of the ESOP termination.  In further answer, Wyatt denies the allegations in the fifth sentence of Paragraph 100.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 100, and accordingly, Wyatt denies the allegations of Paragraph 100.

101.    Wyatt answers that Named Plaintiff Tercy executed a Release in connection with the Siemens sale indicating that Tercy held 92.487 Russelectric shares which were allocated to her ESOP account at the time of the ESOP termination.  In further answer, Wyatt denies the allegations in the fifth sentence of Paragraph 101.  Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 101, and accordingly, Wyatt denies the allegations of Paragraph 101.

## DEFENDANTS' ALLEGED INDIVIDUAL PARTICIPATION IN THE TRANSACTION

### BOARD MEMBERS

102.    Wyatt admits that John Russell, Denise Wyatt, and Dennis Long were designated to be members of the reconstituted board following the Court approval of the 2015 Mediation Settlement Agreement and served as such until the sale to Siemens.

103.    Wyatt admits the allegations of Paragraph 103 upon information and belief.

104.    Wyatt admits that she, as an employee of Wells Fargo Bank, N.A., was designated to serve as a director in accordance with the terms of the Voting Agreement and 2015 Mediation

Settlement Agreement. The terms of these documents speak for themselves and Wyatt denies the allegations of Paragraph 104 to the extent inconsistent therewith.

105.    Wyatt admits the allegations of Paragraph 105 upon information and belief to the extent they pertain to Dennis Long's role before he was designated to serve as a director and admits that in 2015, Argent, in its capacity as trustee of the ESOP, appointed Dennis Long to the Russelectric board pursuant to the terms of the 2015 Mediation Settlement Agreement. Wyatt is without knowledge or information sufficient to form a belief as to whether Dennis Long was serving as a professional ESOP consultant while he was serving as a director or as of this filing.

106.    Wyatt answers that the ESOP Plan and Related Loan Documents, as well as the Company governing documents speak for themselves and Wyatt denies the allegations of Paragraph 106 to the extent inconsistent therewith. Except as expressly responded to, Wyatt denies the remaining allegations of Paragraph 106.

**ARGENT**

107.    Wyatt admits the allegations of Paragraph 107 upon information and belief.

108.    Wyatt admits that Reliance Trust was the original ESOP Trustee, and that after some type of corporate transaction, the ESOP Trustee was Argent. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 108, and accordingly, Wyatt denies the allegations of Paragraph 108.

109.    Wyatt answers that the ESOP Plan speaks for itself and Wyatt denies the allegations of Paragraph 109 to the extent inconsistent therewith. Except as expressly responded to, Wyatt denies the remaining allegations of Paragraph 109.

110.    Wyatt admits the allegations of Paragraph 110.

111.    The allegations of Paragraph 111 include legal conclusions to which no response is required.  To the extent any response is required, Wyatt admits the allegations, upon information and belief.

## THE RUSSELL HEIRS

112.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112, and accordingly, Wyatt denies the allegations of Paragraph 112.

113.    The allegations of Paragraph 113 are legal conclusions to which no response is required.  To the extent any response is required, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113, and accordingly, Wyatt denies the allegations of Paragraph 113.

114.    The allegations of Paragraph 114 are legal conclusions to which no response is required.  To the extent any response is required, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114, and accordingly, Wyatt denies the allegations of Paragraph 114.

115.    The allegations of Paragraph 115 are legal conclusions to which no response is required.  To the extent any response is required, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115, and accordingly, Wyatt denies the allegations of Paragraph 115.

116.    Wyatt denies the allegations of Paragraph 116.

## JOHN AND JANE DOES

117.    Wyatt denies the allegations of Paragraph 117.

## DEFENDANTS' ALLEGED ERISA VIOLATIONS

### THE STATUTE

118.    The federal statutes speak for themselves.  The allegations of Paragraph 118 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 118.

119.    The federal statutes and cases speak for themselves.  The allegations of Paragraph 119 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 119.

120.    The federal statutes, proposed regulations and cases speak for themselves.  The allegations of Paragraph 120 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 120.

121.    The federal statutes speak for themselves.  The allegations of Paragraph 121 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 121.

122.    The federal statutes and case law speak for themselves.  The allegations of Paragraph 122 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 122.

123.    The federal statutes and case law speak for themselves.  The allegations of Paragraph 123 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 123.

### TRANSACTIONS ALLEGEDLY WITH
### AND FOR THE BENEFIT OF PARTIES IN INTEREST

124.    Wyatt denies the allegations of Paragraph 124.

125.    Wyatt denies the allegations of Paragraph 125.

**THE RUSSELL HEIRS' ALLEGED KNOWLEDGE OF INADEQUATE
CONSIDERATION AND LACK OF FIDUCIARY PROCESS**

126.    Wyatt denies the allegations of Paragraph 126.

127.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127, and accordingly, Wyatt denies the allegations of Paragraph 127.

128.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128, and accordingly, Wyatt denies the allegations of Paragraph 128.

129.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129, and accordingly, Wyatt denies the allegations of Paragraph 129.

130.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130, and accordingly, Wyatt denies the allegations of Paragraph 130.

131.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131, and accordingly, Wyatt denies the allegations of Paragraph 131.

132.    Wyatt denies the allegations of Paragraph 132.

133.    Wyatt denies the allegations of Paragraph 133.

134.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134, and accordingly, Wyatt denies the allegations of Paragraph 134.

135.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135, and accordingly, Wyatt denies the allegations of Paragraph 135.

136.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136, and accordingly, Wyatt denies the allegations of Paragraph 136.

137.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137, and accordingly, Wyatt denies the allegations of Paragraph 137.

138.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138, and accordingly, Wyatt denies the allegations of Paragraph 138.

139.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139, and accordingly, Wyatt denies the allegations of Paragraph 139.

140.    Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140, and accordingly, Wyatt denies the allegations of Paragraph 140.

**ALLEGED FAILURE OF WYATT, LONG, AND ARGENT TO PROTECT THE ESOP**

141.    Wyatt denies the allegations of Paragraph 141.

142.    Wyatt denies the allegations of Paragraph 142.

143.    The allegations set forth in Paragraph 143 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to

Wyatt, Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143, and accordingly, Wyatt denies the allegations of Paragraph 143.

144.    Wyatt denies the allegations of Paragraph 144.

145.    Wyatt denies the allegations of Paragraph 145.

146.    The allegations of Paragraph 146 are legal conclusions to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 146.

**DEFENDANTS' ALLEGED ATTEMPT TO PROCURE ILLEGAL RELEASES**

147.    Wyatt admits that John Russell, Dennis Long and Denise Wyatt served as the Company directors from April 2015 until the Siemens sale.  Wyatt denies the allegation that Russelectric demanded that participants execute a general release and further answers that the terms of the Stock Purchase Agreement, which speak for themselves, required all former participants to execute a release in the form attached to the Stock Purchase Agreement to receive payment. Wyatt further answers that Siemens required each former participant to execute a release to receive proceeds and required the execution of releases representing 80% of the aggregate clawback payment that would be due to ESOP participants as a closing condition to the transaction.  Except as expressly admitted, Wyatt denies the remaining allegations of Paragraph 147.

148.    Wyatt denies the allegations of Paragraph 148.

149.    Wyatt denies the allegations of Paragraph 149.

150.    Wyatt denies the allegations of Paragraph 150.

151.    Wyatt denies the allegations of Paragraph 151.

152.   Wyatt denies the allegations of Paragraph 152, and further answers that the Stock Purchase Agreement with Siemens speaks for itself.

153.   Wyatt denies the allegations of Paragraph 153.

154.   Wyatt denies the allegations of Paragraph 154.

155.   Wyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155, and accordingly, Wyatt denies the allegations of Paragraph 155.

**DEFENDANTS' ALLEGED IMPROPER DIVERSION OF THE PROCEEDS OF THE SIEMENS SALE TO THE RUSSELL DEFENDANTS**

156.   Wyatt admits only that on October 2, 2018, the Stock Purchase Agreement was executed and  that on March 1, 2019, the transaction closed. Wyatt further answers that the Letter Agreement and Redemption Agreement speak for themselves and denies the allegations of Paragraph 156 to the extent they are inconsistent therewith.

157.   The allegations of Paragraph 157 are legal conclusions to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 157. Wyatt further answers that the Letter Agreement and Redemption Agreement speak for themselves and denies the allegations of Paragraph 157 to the extent they are inconsistent therewith.

158.   Wyatt admits only that as of 2018, Argent was no longer trustee of the ESOP, and that Wyatt, Long, and John Russell were directors of Russelectric during the negotiation of the Siemens transaction. The remaining allegations of Paragraph 158 are legal conclusions and recitations to which no response is required. To the extent a response is required, the terms of the ESOP speak for themselves, and Wyatt otherwise denies the allegations in Paragraph 158.

159. The terms of the Stock Purchase Agreement speak for themselves and Wyatt denies the allegations of Paragraph 159 to the extent they are inconsistent with the Stock Purchase Agreement. Wyatt denies the remaining allegations of Paragraph 159.

160. Wyatt admits only that the net purchase price paid by Siemens under the Stock Purchase Agreement was equivalent to $676/share. Wyatt denies the remaining allegations in Paragraph 160.

161. Wyatt denies the allegations of Paragraph 161.

162. Wyatt denies the allegations of Paragraph 162.

163. Wyatt denies the allegations of Paragraph 163.

164. Wyatt denies the allegations of Paragraph 164, which additionally state legal conclusions to which no response is required. To the extent response is required, Wyatt denies the allegations of Paragraph 164.

165. Wyatt denies the allegations of Paragraph 165, which additionally state legal conclusions to which no response is required. To the extent response is required, Wyatt denies the allegations of Paragraph 165.

166. Wyatt denies the allegations of Paragraph 166.

**PLAINTIFFS' ALLEGED LACK OF KNOWLEDGE OF THEIR CLAIMS**

167. Wyatt denies the allegations of Paragraph 167 and its subparts a-q, and demands strict proof thereof.

168. Wyatt denies the allegations of Paragraph 168 to the extent they assume Defendants violated ERISA. Wyatt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 168, and accordingly, Wyatt denies the allegations of Paragraph 168.

169.   Wyatt denies the allegations of Paragraph 169.

## PLAN-WIDE RELIEF

170.   The federal statutes speak for themselves.  The allegations of Paragraph 170 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 170.

171.   The allegations of Paragraph 171 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 171 and denies the Plaintiffs' entitlement to the relief sought.

172.   The allegations of Paragraph 172 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 172.

## CLASS ACTION ALLEGATIONS

173.   Wyatt denies any class should be certified and denies all remaining allegations.

174.   The allegations of Paragraph 174 are legal conclusions and recitations to which no response is required. To the extent any response is required to Paragraph 174, Wyatt denies that the claims can be asserted by these plaintiffs on behalf of the Plan or a class of participants and beneficiaries, and denies all remaining allegations.

175.   The allegations of Paragraph 175 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 175.

176.   The allegations of Paragraph 176 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 176.

177.   The allegations of Paragraph 177 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 177.

178.   The allegations of Paragraph 178 and its subparts (a)-(l) are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 178 and its subparts (a)-(l).

179.   The allegations of Paragraph 179 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 179.

180.   The allegations of Paragraph 180 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 180.

181.   The allegations of Paragraph 181 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 181.

182.   The allegations of Paragraph 182 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 182.

### COUNT I
**Causing a Prohibited Transaction between
the Plan and Parties in Interest 29 U.S.C. §1106(a)
Against Defendants John H. Russell, Denise D. Wyatt, Dennis J. Long, and Argent**

183.   Wyatt restates her responses to Paragraphs 1-182 and incorporates them by reference.

184.   Wyatt denies the allegations of Paragraph 184.

185.    Wyatt denies the allegations of Paragraph 185.

186.    Wyatt denies the allegations of Paragraph 186.

187.    The federal statutes speak for themselves.  The allegations of Paragraph 187 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 187 and specifically denies she was acting as a fiduciary of the Plan with respect to the ESOP Redemption.

188.    The federal statutes speak for themselves.  The allegations of Paragraph 188 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 188.

189.    Wyatt denies the allegations of Paragraph 189.

<u>COUNT II</u>
**Prohibited Transaction between the Plan and a Fiduciary 29 U.S.C. §1106(b)**
**Against Defendant John H. Russell**

190.    Wyatt restates her responses to Paragraphs 1-189 and incorporates them by reference.

191.    The allegations set forth in Paragraph 191 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 191.

192.    Wyatt denies the allegations of Paragraph 192.

193.    The federal statutes speak for themselves.  The allegations of Paragraph 193 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 193.

194.    The allegations set forth in Paragraph 194 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 194.

## COUNT III
**Breach of Fiduciary Duties of Prudence and Loyalty 29 U.S.C. §1104(a)(1)**
**Against Defendants John H. Russell, Denise D. Wyatt, Dennis J. Long and Argent**

195.    Wyatt restates her responses to Paragraphs 1-194 and incorporates them by reference.

196.    Wyatt denies the allegations of Paragraph 196.

197.    Wyatt answers that the terms of the ESOP Plan and Trust Agreement speaks for themselves.  To the extent the allegations of Paragraph 197 are inconsistent therewith, Wyatt denies the allegations. Wyatt denies the remaining allegations of Paragraph 197.

198.    Wyatt denies the allegations of Paragraph 198.

199.    The federal statutes speak for themselves.  The allegations of Paragraph 199 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 199 and specifically denies she was acting as a fiduciary of the Plan with respect to the ESOP Redemption.

200.    The federal statutes speak for themselves.  The allegations of Paragraph 200 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 200.

201.    Wyatt denies the allegations of Paragraph 201.

## COUNT IV
**Co-Fiduciary Liability 29 U.S.C. §1105(a)**
**Against Defendants John H. Russell, Denise D. Wyatt, Dennis J. Long and Argent**

202.    Wyatt restates her responses to Paragraphs 1-201 and incorporates them by reference.

203.    Wyatt denies the allegations of Paragraph 203.

204.    Wyatt denies the allegations of Paragraph 204.

205.    Wyatt denies the allegations of Paragraph 205.

206.    The federal statutes speak for themselves.  The allegations of Paragraph 206 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 206 and specifically denies she was acting as a fiduciary of the Plan with respect to the ESOP Redemption.

207.    The federal statutes speak for themselves.  The allegations of Paragraph 207 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 207.

208.    Wyatt denies the allegations of Paragraph 208.

### COUNT V
**Knowing Participation in a Prohibited Transaction 29 U.S.C. §1132(a)(3)
Against Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell,
Individually and as Trustees of the Russelectric Stockholder Trusts and the
Russelectric Stock Proceeds Trusts**

209.    Wyatt restates her responses to Paragraphs 1-208 and incorporates them by reference.

210.    The federal statutes and case law speak for themselves.  The allegations of Paragraph 210 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 210.

211.    The allegations set forth in Paragraph 211 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, or to the extent that Plaintiffs allege that the unallocated shares were redeemed for less than fair market value, Wyatt denies the allegations of Paragraph 211.

212.    The allegations set forth in Paragraph 212 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, or to the extent that Plaintiffs allege that the unallocated shares were redeemed for less than fair market value, Wyatt denies the allegations of Paragraph 212.

213.    Wyatt denies the allegations of Paragraph 213.

### COUNT VI
**Knowing Participation in Breaches of the Duties of Prudence and Loyalty**
**29 U.S.C. §1132(a)(3)**
**Against Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell,**
**Individually and as Trustees of the Russelectric Stockholder Trusts and the**
**Russelectric Stock Proceeds Trusts**

214.    Wyatt restates her responses to Paragraphs 1-213 and incorporates them by reference.

215.    The federal statutes and case law speak for themselves.  The allegations of Paragraph 215 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 215, and accordingly, Wyatt denies the allegations of Paragraph 215.

216.    Wyatt denies the allegations of Paragraph 216.

217.    Wyatt denies the allegations of Paragraph 217.

218.    Wyatt denies the allegations of Paragraph 218.

### COUNT VII
**Breach of Fiduciary Duties in Connection with Sale of Russelectric to Siemens**
**29 U.S.C. § 1104(a)(1)**
**Against Defendants John H. Russell, Denise D. Wyatt, and Dennis J. Long**

219.    Wyatt restates her responses to Paragraphs 1-218 and incorporates them by reference.

220.    Wyatt denies the allegations of Paragraph 220.

221.    Wyatt denies the allegations of Paragraph 221.

222.    The federal statutes speak for themselves.  The allegations of Paragraph 222 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 222 and specifically denies she was acting as a fiduciary of the Plan, which had terminated, with respect to the administration of the clawback payment.

223.    The federal statutes speak for themselves.  The allegations of Paragraph 223 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 223.

224.    Wyatt denies the allegations of Paragraph 224.

## COUNT VIII
**Causing a Prohibited Transaction between the Plan and Parties in Interest**
**29 U.S.C. § 1106(a) and (b)**
**Against Defendants John H. Russell, Denise D. Wyatt, and Dennis J. Long**

225.    Wyatt restates her responses to Paragraphs 1-224 and incorporates them by reference.

226.    Wyatt denies the allegations of Paragraph 226.

227.    Wyatt denies the allegations of Paragraph 227.

228.    Wyatt denies the allegations of Paragraph 228.

229.    The allegations set forth in Paragraph 229 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 229.

230.   The federal statutes speak for themselves.  The allegations of Paragraph 230 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 230.

231.   The federal statutes speak for themselves.  The allegations of Paragraph 231 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 231.

232.   Wyatt denies the allegations of Paragraph 232.

<u>**COUNT IX**</u>
**Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B) Against Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell, Individually and as Trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, Denise D. Wyatt, Dennis J. Long**

233.   Wyatt restates her responses to Paragraphs 1-232 and incorporates them by reference.

234.   The federal statutes speak for themselves.  The allegations of Paragraph 234 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 234.

235.   Wyatt denies the allegations of Paragraph 235.

236.   The terms of the Plan speak for themselves. Wyatt denies that the clawback provision was negotiated between "the company and the Plan" and further answers that the company and ESOP trustee negotiated the terms of the clawback. Wyatt denies the remaining allegations of Paragraph.

237.   Wyatt denies the allegations of Paragraph 237.

238.   Wyatt denies the allegations of Paragraph 238.

## COUNT X
**Knowing Participation in a Prohibited Transaction and Breaches of the Duties of Prudence and Loyalty Related to the Clawback Provision**
**Under 29 U.S.C. §1132(a)(3)**
**Against Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell, Individually and as Trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts**

239.   Wyatt restates her responses to Paragraphs 1-238 and incorporates them by reference.

240.   The federal statutes speak for themselves.  The allegations of Paragraph 240 are legal conclusions and recitations to which no response is required.  To the extent a response is required, Wyatt denies the allegations of Paragraph 240.

241.   The allegations set forth in Paragraph 241 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 241.

242.   The allegations set forth in Paragraph 242 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 242.

243.   The allegations set forth in Paragraph 243 are not directed to Wyatt nor do they contain allegations of conduct by Wyatt.  To the extent construed as directed to or applying to Wyatt, Wyatt denies the allegations of Paragraph 243.

## PRAYER FOR RELIEF

Wyatt denies all allegations within the Prayer for Relief and denies that Plaintiffs are entitled to the entry of judgment against Wyatt and the other Defendants and to the other relief requested.

Further, if and to the extent Wyatt has failed to respond to any allegation within the Second Amended Complaint, Wyatt denies any remaining allegation of the Second Amended Complaint.

## FURTHER DEFENSES

Wyatt submits the following affirmative and/or further defenses to Plaintiffs' Second Amended Class Action Complaint.  By asserting the defenses below, Wyatt does not admit that she bears a burden of production or proof with respect to any of them.

### THIRD DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, for want of standing.

### FOURTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH DEFENSE

Plaintiffs' claims against Wyatt fail, in whole or in part, based upon Wyatt's reliance on the guidance and oversight of qualified and experienced professional consultants and advisors, including counsel. While Ms. Wyatt does not recall relying on specific legal advice from counsel in the performance of her duties as Russelectric director, her general reliance upon the guidance and oversight of qualified and experienced professional consultants, advisors and counsel is a factor to be weighed in the assessment of whether she breached a fiduciary duty.

### SIXTH DEFENSE

Count I and VIII of the Second Amended Complaint (each, "Causing a Prohibited Transaction between the Plan and Parties in Interest") fail, in whole or in part, because the transactions at issue are exempt under 29 U.S.C. § 1108 from the restrictions imposed by 29 U.S.C. §§ 1106 and/or 1107.

## SEVENTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because Plaintiffs and the class members they seek to represent have knowingly and voluntarily waived and/or released any potential claims against her.

## EIGHTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because at least some Plaintiffs and class members they seek to represent, with actual knowledge of the claims raised in this case, have entered into severance agreements with Russelectric or Siemens, and waived and/or released the claims raised in this case.

## NINTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because Plaintiffs cannot establish that Wyatt undertook any act with subjective intent to benefit a party in interest.

## TENTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because she was not an ERISA fiduciary of the Plan, was not acting as a functional fiduciary of the Plan with respect to the ESOP Redemption and the administration of the clawback, and did not otherwise engage in fiduciary acts.

## ELEVENTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because her actions, to the extent any are found to be those of an ERISA fiduciary, which is denied, were not undertaken in a fiduciary capacity and/or were nonfiduciary business activities or settlor conduct not governed by ERISA.

TWELFTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because her actions, to the extent any are found to be those of an ERISA fiduciary, which is denied, complied with the requirements of ERISA as well as industry norms and standards.

THIRTEENTH DEFENSE

Count IV of the Second Amended Complaint ("Co-Fiduciary Liability 29 U.S.C. § 1105(a)") fails as against Wyatt, in whole or in part, because Plaintiffs cannot establish an underlying breach of fiduciary duty.

FOURTEENTH DEFENSE

Count IV of the Second Amended Complaint ("Co-Fiduciary Liability 29 U.S.C. § 1105(a)") fails as against Wyatt, in whole or in part, because Plaintiffs cannot establish that Wyatt knowingly participated in, concealed, enabled, or failed to intercede in any way to influence a breach of fiduciary duty by another fiduciary of the Plan.

FIFTEENTH DEFENSE

Count IV of the Second Amended Complaint ("Co-Fiduciary Liability 29 U.S.C. § 1105(a)") fails as against Wyatt, in whole or in part, because Plaintiffs cannot establish that Wyatt had knowledge of a breach by another fiduciary of the Plan.

SIXTEENTH DEFENSE

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because Plaintiffs, the Plan and its participants have not suffered any loss or injury and/or because of lack of loss causation.

<u>SEVENTEENTH DEFENSE</u>

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, because adequate consideration, at fair market value determined by an independent valuation and supported by a fairness opinion rendered by an independent appraiser for  the ESOP trustee, was paid for the Plan's allocated and unallocated shares.

<u>EIGHTEENTH DEFENSE</u>

Plaintiffs' claims against Wyatt are or may be barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

<u>NINETEENTH DEFENSE</u>

Counts VII through X of the Second Amended Complaint fail because they are not governed by ERISA insofar as no ERISA plan existed at the time the clawback payments were administered. Accordingly, these claims sound in state contract law and fail as against Wyatt for lack of privity.

<u>TWENTIETH DEFENSE</u>

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because Plaintiffs failed to exhaust their administrative remedies.

<u>TWENTY-FIRST DEFENSE</u>

Counts VII ("Breach of Fiduciary Duties in Connection with Sale of Russelectric to Siemens 29 U.S.C. § 1104(a)(1)"), VIII ("Causing a Prohibited Transaction between the Plan and Parties in Interest 29 U.S.C. § 1106(a) and (b)"), and IX "("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") of the Second Amended Complaint fail as

against Wyatt because the ESOP had terminated at the time of the payment of the clawback, and accordingly, no ERISA benefits were payable under the terms of any ERISA plan.

### TWENTY-SECOND DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, Wyatt was not an administrator, sponsor, or fiduciary of such plan.

### TWENTY-THIRD DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is also denied, she and/or the Russelectric Board were vested with full discretion and authority to determine eligibility for benefits, and to construe and interpret all terms and provisions of such plan.

### TWENTY-FOURTH DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is also denied, any administrative determinations with respect to Plaintiffs' claims for ERISA benefits were legally correct, were not arbitrary and capricious, and did not result from an abuse of discretion.

### TWENTY-FIFTH DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is also denied, any administrative determinations with respect to Plaintiffs' claims for benefits were the product of deliberate, principled reasoning processes.

### TWENTY-SIXTH DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is also denied, any administrative determinations with respect to Plaintiffs' claims for benefits were based on substantial evidence in the administrative record.

### TWENTY-SEVENTH DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is also denied, she and/or the Russelectric Board discharged any duties in accordance with the documents and instruments governing the plan and ERISA.

### TWENTY-EIGHTH DEFENSE

Count IX of the Second Amended Complaint ("Failure to Pay Benefits Owed Pursuant to

the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") fails as against Wyatt because, to the extent

an ERISA plan under which benefits were payable existed, which is denied, and to the extent that

Wyatt or the Russelectric Board was an administrator of such plan or claims thereunder, which is

also denied, Wyatt is an improper defendant because benefits, to the extent payable, would be

payable by Russelectric and/or its successors as plan sponsor and/or plan administrator, and not

by an individual.

TWENTY-NINTH DEFENSE

To the extent Wyatt was a fiduciary or administrator of the ESOP, which is denied, she

discharged her duties in the interests of all Plan participants and beneficiaries.

THIRTIETH DEFENSE

Counts VII ("Breach of Fiduciary Duties in Connection with Sale of Russelectric to

Siemens 29 U.S.C. § 1104(a)(1)"), VIII ("Causing a Prohibited Transaction between the Plan and

Parties in Interest 29 U.S.C. § 1106(a) and (b)"), and IX ("("Failure to Pay Benefits Owed Pursuant

to the Clawback Provision 29 U.S.C. § 1132(a)(1)(B)") of the Second Amended Complaint fail as

against Wyatt because no applicable ERISA benefit plan existed at the time of the conduct alleged

with respect to the sale of Russelectric Siemens, and accordingly, ERISA does not provide a cause

of action for Counts VII, VIII, and IX of the Second Amended Complaint.

Wyatt reserves the right to amend and/or add to her affirmative and further defenses upon

further investigation and discovery.

**WHEREFORE**, Defendant Denise D. Wyatt respectfully prays that the Court:

1.    dismiss this action with prejudice;

2.    deny all relief requested by Plaintiffs;

3.      allow Defendant Wyatt to recover costs and attorneys' fees, to the

        extent allowed by law; and

4.      grant such further relief as is just and proper.


Dated:  February 13, 2025

                                        /s/ Debbie W. Harden
                                        Jed M. Nosal (BBO #634287)
                                        **WOMBLE BOND DICKINSON (US) LLP**
                                        Independence Wharf
                                        470 Atlantic Avenue, Suite 600
                                        Boston, MA 02210
                                        Telephone: (857) 287-3175
                                        Jed.Nosal@wbd-us.com

                                        Debbie W. Harden (admitted pro hac vice)
                                        **WOMBLE BOND DICKINSON (US) LLP**
                                        One Wells Fargo Center, Suite 3500
                                        301 South College Street
                                        Charlotte, NC 28202-6037
                                        Telephone:  704-331-4943
                                        Debbie.Harden@wbd-us.com

                                        Sarah E. Meyer (admitted pro hac vice)
                                        **WOMBLE BOND DICKINSON (US) LLP**
                                        100 Light Street, 26th Floor
                                        Baltimore, MD 21202
                                        Telephone:  410-545-5807
                                        Sarah.Meyer@wbd-us.com

                                        Ian R. Dickinson (admitted pro hac vice)
                                        **WOMBLE BOND DICKINSON (US) LLP**
                                        201 E. Main St., Ste. P
                                        Charlottesville, MI 22902
                                        Telephone:  202-857-4463
                                        Ian. Dickinson@wbd-us.com

                                        ***Attorneys for Defendant Denise D. Wyatt***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 13, 2025, a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Debbie W. Harden
Debbie W. Harden