# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25, <br><br> Defendants. | Case No. 1:22-cv-10457-PBS |

## DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants, John H. Russell, Suzanne E. Russell, and Lisa J. Russell, in their individual and trustee capacities (the "Russell Defendants"),[1] hereby respond to the enumerated paragraphs of the Second Amended Complaint (the "Complaint"), as follows:

1.      The first sentence of Paragraph 1 of the Complaint is an introductory paragraph and alleges no facts and, therefore, no response is necessary.  The Russell Defendants deny the allegations in the second sentence of Paragraph 1.

2.      The Russell Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      The Russell Defendants admit Raymond Russell created the ESOP in 2010 and

---

[1] The Russell Defendants do not accept the definitions of "Russelectric Stockholder Trusts" and the "Russelectric Stock Proceeds Trusts" set forth in the Complaint.

employees participated in the ESOP pursuant to its terms.  The Russell Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint refer to the terms of the ESOP, which is a written document that speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan document.

5.      The allegations in Paragraph 5 of the Complaint refer to the terms of the ESOP, which speak for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.

6.      To the extent the allegations in Paragraph 6 of the Complaint refer to the terms of the ESOP plan documents, the documents speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 of the Complaint refer to the terms of the ESOP, which is a written document that speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.

8.      The allegations in Paragraph 8 of the Complaint refer to the terms of the ESOP, which is a written document that speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.

9.      The allegations in Paragraph 9 of the Complaint refer to the terms of the ESOP, which is a written document that speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.

10.      The allegations in Paragraph 10 of the Complaint refer to the terms of the ESOP,

AFSDOCS:301358467.2

which is a written document that speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the plan documents.  Further responding the allegations in Paragraph 10 regarding "ERISA's statutory scheme" state a conclusion of law to which no response is required.

11.     The Russell Defendants admit their father died in 2013 and their mother died in June 2016.  The Russell Defendants admit that, after their mother's death, they were trustees and/or beneficiaries of family trusts that held 70% of the shares of Russelectric, Inc.  The Russell Defendants admit those trusts held 100% of the shares of Russelectric after the redemption of the ESOP's shares.  The Russell Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     The Russell Defendants admit that Plaintiffs purport to challenge the value received by the ESOP upon termination.  The Russell Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     The Russell Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint refer to an expert opinion, expert testimony, and the Purchase Agreement with Siemens, all of which are in writing and speak for themselves.  The Russell Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     The Russell Defendants admit the ESOP's shares were redeemed pursuant to a Redemption Agreement dated November 2016 and all Russelectric shares were sold to Siemens in 2019 pursuant to a Purchase Agreement dated October 2018.  The Redemption Agreement and Purchase Agreement are written documents that speak for themselves.  The Russell Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

AFSDOCS:301358467.2

16.     The allegations in Paragraph 16 of the Complaint refer to an amendment to the ESOP, which is a written document that speaks for itself.  The Russell Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The Russell Defendants admit the sale to Siemens closed in 2019.  To the extent the allegations in Paragraph 17 of the Complaint refer to the Purchase Agreement and the Flow of Funds Memorandum executed in connection with the closing, the documents speak for themselves and the Russell Defendants deny the allegations to the extent they are inconsistent with the documents.  The Russell Defendants deny all remaining allegations in Paragraph 17 of the Complaint.

18.     The Russell Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.  However, the Russell Defendants deny that the terms upon which the ESOP's unallocated shares were redeemed were illegal.

20.     The Russell Defendants admit Plaintiffs purport to bring a class action under ERISA, but deny that Plaintiffs are entitled to any relief.  The Russell Defendants deny any remaining allegations in Paragraph 20 of the Complaint.

21.     The Russell Defendants admit their father established the ESOP and transferred thirty percent of his stock to the ESOP.  The Russell Defendants admit the ESOP's shares were redeemed in 2016 and all shares were sold to Siemens in 2019.  The Russell Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint refer to the Redemption Agreement which is a written document that speaks for itself.  The Russell Defendants deny all

4

allegations that are inconsistent with the Redemption Agreement and deny any remaining allegations in Paragraph 22 of the Complaint.

23.    The Russell Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    The Russell Defendants admit Argent was trustee of the ESOP at the time the ESOP was terminated.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Argent had the "power to block" the termination of the ESOP. The Russell Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.    The Russell Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    The Russell Defendants deny they engineered the redemption of the ESOP's shares for less than fair market value.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 26 of the Complaint.  The allegations in the second to last sentence in Paragraph 26 refer to a release signed in connection with prior litigation, which is a written document that speaks for itself.  The Russell Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.    The Russell Defendants admit John Russell, Denise Wyatt, and Dennis Long were members of the Company's Board of Directors.  The Russell Defendants admit that Argent was trustee of the ESOP and Suzanne Russell and Lisa Russell were co-trustees and beneficiaries of certain of family trusts.  The Russell Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 of the Complaint.  The allegations in the second sentence of Paragraph 28 refer to the ESOP's agreement with the Company, which is a written document that speaks for itself.  The Russell Defendants deny that

AFSDOCS:301358467.2

the ESOP did not receive fair market value for unallocated shares. The Russell Defendants admit the Plaintiffs purport to bring claims under ERISA, but deny Plaintiffs are entitled to any relief and deny the remaining allegations in Paragraph 28.

29.     The allegations in Paragraph 29 of the Complaint state conclusions of law to which no response is required.

30.     The allegations in Paragraph 30 of the Complaint state conclusions of law to which no response is required.

31.     The allegations in Paragraph 31 of the Complaint state conclusions of law to which no response is required.

32.     The Russell Defendants admit the allegations in Paragraph 32 of the Complaint.

33.     The Russell Defendants admit Raymond Russell held 100% of the stock of Russelectric until he transferred 30% of his shares to the ESOP. The Russell Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.     The Russell Defendants admit the allegations in the first sentence of Paragraph 34 of the Complaint. The allegations in the second sentence of Paragraph 34 purport to quote from a transcript, which is a written document that speaks for itself.

35.     The Russell Defendants admit the allegations in the first sentence of Paragraph 35 of the Complaint. The allegations in the second sentence of this paragraph purport to quote from a written document which speaks for itself. The Russell Defendants deny that the quotation accurately states the reason why Raymond Russell created the ESOP.

36.     The allegations in Paragraph 36 refer to filings in the divorce case, which speak for themselves. The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

AFSDOCS:301358467.2

37.     The Russell Defendants admit the allegations in the first sentence of Paragraph 37 of the Complaint.  With respect to the second and third sentences of Paragraph 37, the Russell Defendants admit the four Russell children and their mother filed litigation relating to Raymond Russell's will and trust.  The Russell Defendants deny the remaining allegations in Paragraph 37.

38.     The Russell Defendants admit the allegations in the first and second sentences of Paragraph 38 of the Complaint.  The remaining allegations in Paragraph 38 refer to the terms of a settlement agreement, which is a written document that speaks for itself.

39.     The allegations in Paragraph 39 of the Complaint refer to terms of the settlement agreement, which is a written document that speaks for itself.  The Russell Defendants admit that John Russell, Denise Wyatt, and Dennis Long were chosen to be the Directors of Russelectric's Board of Directors.

40.     The Russell Defendants admit the allegations in Paragraph 40 of the Complaint.

41.     The Russell Defendants admit the allegations in the first and second sentences of Paragraph 41 of the Complaint.  With respect to the allegations in the third sentence, the Russell Defendants admit that allowing members of the Russell family to stay informed about the business was one of the purposes of the Advisory Board.  The Russell Defendants deny that this was the only purpose of the Advisory Board.

42.     The allegations in Paragraph 42 of the Complaint refer to the terms of the settlement agreement, which is a written document that speaks for itself.

43.     The Russell Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The Russell Defendants admit the allegations in Paragraph 44 of the Complaint.

45.     The Russell Defendants admit that the Board of Directors terminated the ESOP effective June 30, 2016.  The ESOP's shares were redeemed pursuant to a Redemption Agreement,

AFSDOCS:301358467.2

which is a written document that speak for itself.  The Russell Defendants deny any remaining allegations in Paragraph 45 of the Complaint.

46.     The Russell Defendants admit that after the redemption of the ESOP's shares the four Russell children were the beneficial owners of 100% of the Company's stock through family trusts.  The Russell Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     The Russell Defendants admit that all of the stock in Russelectric was sold to Siemens in 2019 pursuant to the terms of a Purchase Agreement, which is a written document that speaks for itself.  The Russell Defendants admit that the shareholders directed the net proceeds of the sale into certain trusts.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint.

48.     The Russell Defendants admit the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint state conclusions of law to which no response is required.

50.     The allegations in Paragraph 50 of the Complaint state conclusions of law to which no response is required.

51.     The allegations in Paragraph 51 of the Complaint state conclusions of law to which no response is required.

52.     The Russell Defendants admit the allegations in Paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 of the Complaint refer to a promissory note which is a written document that speaks for itself.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

54.     The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

AFSDOCS:301358467.2

55. The allegations in Paragraph 55 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

56. The allegations in Paragraph 56 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

57. The allegations in Paragraph 57 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

58. The allegations in the first and third sentences of Paragraph 58 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

59. The allegations in Paragraph 59 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

60. The allegations in Paragraph 60 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

61. The allegations in Paragraph 61 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

62. The allegations in Paragraph 62 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

63. The allegations in Paragraph 63 of the Complaint refer to the terms of the ESOP plan documents, which speak for themselves.

64. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65. The Russell Defendants admit the allegations in the first sentence of Paragraph 65

AFSDOCS:301358467.2

of the Complaint.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

66.    The Russell Defendants admit the allegations in the first sentence of Paragraph 66 of the Complaint.  The remaining allegations in Paragraph 66 purport to refer to testimony and other written documents from the divorce proceedings which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.  Further responding, the Russell Defendants deny that Prairie Capital's annual valuations failed to adhere to professional standards.

67.    The allegations in Paragraph 67 of the Complaint refer to the ESOP plan documents, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

68.    The allegations in the last sentence of Paragraph 68 of the Complaint state conclusions of law to which no response is required.  The remaining allegations in Paragraph 68 refer to the ESOP plan documents and promissory note, which are written documents that speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

69.    The allegations in Paragraph 69 of the Complaint refer to the ESOP plan documents, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

70.    The Russell Defendants admit the allegations in the first and second sentences of Paragraph 70 of the Complaint.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 70.  With respect to the allegations in the fourth sentence of Paragraph 70, the Russell Defendants admit the

10

Company's Board of Directors did not seek approval from ESOP participants prior to termination of the ESOP or redemption of the ESOP's shares. The remaining allegations refer to the ESOP plan documents which speaks for themselves.

71.     The Russell Defendants admit that on November 30, 2016, the Company and Argent, in its capacity as trustee of the ESOP, entered into a Redemption Agreement, which provided the terms upon which the Company redeemed the ESOP's allocated and unallocated shares. The Russell Defendants admit that the Company's Board of Directors approved the transaction. The Russell Defendants deny any remaining allegations in Paragraph 71 of the Complaint.

72.     The allegations of Paragraph 72 of the Complaint refer to the terms of the Redemption Agreement and the Letter Agreement incorporated therein, which are both written documents that speak for themselves.

73.     The Russell Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     The allegations in the first two sentences of Paragraph 74 refer to the terms of the Redemption Agreement and the Letter Agreement incorporated therein, which are both written documents that speak for themselves. The Russell Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.     The Russell Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint refer to an amendment to the ESOP, which is a written document that speaks for itself. The Russell Defendants deny the allegations in this paragraph to the extent they are inconsistent with the amendment.

77.     The Russell Defendants admit that the Company's Board of Directors, including John Russell, Denise Wyatt, and Dennis Long, determined to terminate the ESOP. The Russell

AFSDOCS:301358467.2

Defendants admit that, after the Company redeemed the ESOP's shares, Russell family trusts held 100% of the Company's stock. The Russell Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78.     The allegations in Paragraph 78 refer to the valuation performed by Prairie Capital, which is a written document that speaks for itself. The Russell Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with the valuation.

79.     The Russell Defendants admit that in October 2018 the shareholders of Russelectric entered into a Purchase Agreement with Siemens for the sale of the Company's shares. The Purchase Agreement is a written document that speaks for itself and the allegations in Paragraph 79 of the Complaint are denied to the extent they are inconsistent with the Purchase Agreement. To the extent the allegations in this paragraph refer to the Flow of Funds Memorandum, the Memorandum is a written document that speaks for itself and the Russell Defendants deny the allegations to the extent they are inconsistent with the Memorandum. The Russell Defendants deny the remaining allegations in Paragraph 79.

80.     The Russell Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     The Russell Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     The Russell Defendants admit Russelectric stock was distributed equally among the RGR Subtrusts identified in Paragraph 82 of the Complaint. The Russell Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83.     The Russell Defendants admit that Suzanne Russell and Lisa Russell were co-trustees of the RGR Trust and Suzanne Russell, Lisa Russell, and Wells Fargo as corporate trustee were co-trustees of the RGR Subtrusts. The Russell Defendants deny the remaining allegations in Paragraph 83 of the Complaint.

AFSDOCS:301358467.2

84.     The allegations in Paragraph 84 of the Complaint state conclusions of law to which no response is required.

85.     The Russell Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.     The Russell Defendants admit the allegations in the second sentence of Paragraph 87 of the Complaint and they admit that the CCR Stake was enlarged to a 50% stake in Russelectric after the redemption of the ESOP's shares.  The Russell Defendants admit that between the termination of the ESOP and the sale to Siemens the CCR Stake was held by various trusts established by Carol Russell of which the four Russell children were beneficiaries.  Further responding, the Russell Defendants admit the Russell children were beneficiaries of Carol Russell's estate.  The Russell Defendants deny the remaining allegations in Paragraph 87.

88.     The Russell Defendants admit that John Russell was the personal representative of Carol Russell's estate and trustee of Carol Russell's trusts.  The Russell Defendants admit that John Russell controlled the CCR Stake at all times after his mother's death.  The Russell Defendants deny any remaining allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint state conclusions of law to which no response is required.

90.     The Russell Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint does not allege any facts and, thus, no response is required.

92.     The Russell Defendants admit the allegations in the first sentence of Paragraph 92 of the Complaint.  The Russell Defendants admit that the Russell children directed some of the

sale proceeds be deposited into the trusts referenced in Paragraph 92. The Russell Defendants deny the remaining allegations in Paragraph 92.

93. The Russell Defendants admit the allegations in Paragraph 93 of the Complaint.

94. Paragraph 94 does not allege any facts and, thus, no response is required.

95. The Russell Defendants admit that, pursuant to the 2015 settlement, Wells Fargo as co-trustee of the RGR Subtrusts exercised the voting power of Russelectric stock held by the RGR Substrusts. The Russell Defendants deny the remaining allegations in the first sentence of Paragraph 95 of the Complaint. The Russell Defendants admit the allegations in the second sentence of Paragraph 95.

96. The allegations in Paragraph 96 of the Complaint refer to the terms of a trustee agreement, which speaks for itself.

97. The Russell Defendants deny the allegations in Paragraph 97 of the Complaint.

98. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint except they deny that Plaintiff Bowers did not receive adequate consideration for redemption of the ESOP's unallocated shares and they further deny that Defendants failed to comply with the Letter Agreement.

99. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint except they deny that Plaintiff Gear Cole did not receive adequate consideration for redemption of the ESOP's unallocated shares and they further deny that Defendants failed to comply with the Letter Agreement.

100. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint except they deny that Plaintiff Lorenzano did not receive adequate consideration for redemption of the ESOP's unallocated shares

14

and they further deny that Defendants failed to comply with the Letter Agreement.

101.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint except they deny that Plaintiff Tercy did not receive adequate consideration for redemption of the ESOP's unallocated shares and the further deny that Defendants failed to comply with the Letter Agreement.

102.    The Russell Defendants admit the allegations in Paragraph 102 of the Complaint.

103.    The Russell Defendants admit the allegations in Paragraph 103 of the Complaint.

104.    The Russell Defendants admit that Denise Wyatt was appointed to her director position by Wells Fargo in its capacity as trustee of the RGR Subtrusts pursuant to the terms of the 2015 settlement.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint.

105.    The Russell Defendants admit that Dennis Long was appointed to his director position by Argent in its capacity as trustee of the ESOP pursuant to the terms of the 2015 settlement.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Complaint.

106.    The allegations in the first three sentences of Paragraph 106 of the Complaint refer to the terms of the ESOP and the 2015 settlement, which are written documents speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.  With respect to the remaining allegations in Paragraph 106, the Russell Defendants admit the director Defendants approved the Redemption Agreement, pursuant to which the Company redeemed the ESOP's shares.  The Russell Defendants deny the remaining allegations in Paragraph 106 of the Complaint.

107.    The Russell Defendants lack knowledge or information sufficient to form a belief

AFSDOCS:301358467.2

as to the truth of the allegations in Paragraph 107 of the Complaint.

108.    The Russell Defendants admit Argent is the successor to the ESOP's original trustee Reliance Trust.  The Russell Defendant lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 of the Complaint.

109.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint.

110.    The Russell Defendants admit that Argent agreed to the terms of the Redemption Agreement, pursuant to which the ESOP's shares were redeemed.  The Russell Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint state conclusions of law to which no response is required.

112.    The Russell Defendants admit they were trustees and/or beneficiaries of the family trusts that held stock in Russelectric and received proceeds of the Siemens sale.  The Russell Defendants admit that John Russell was a director of Russelectric and Suzanne Russell and Lisa Russell served on the Advisory Board to the Board of Directors.  The Russell Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint state conclusions of law to which no response is required.

114.    The allegations in Paragraph 114 of the Complaint state conclusions of law to which no response is required.

115.    The allegations in Paragraph 115 of the Complaint state conclusions of law to which no response is required.

AFSDOCS:301358467.2

116.    The Russell Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    The Russell Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    The allegations in Paragraph 118 of the Complaint state conclusions of law to which no response is required.

119.    The allegations in Paragraph 119 of the Complaint state conclusions of law to which no response is required.

120.    The allegations in Paragraph 120 of the Complaint state conclusions of law to which no response is required.

121.    The allegations in Paragraph 121 of the Complaint state conclusions of law to which no response is required.

122.    The allegations in Paragraph 122 of the Complaint state conclusions of law to which no response is required.

123.    The allegations in Paragraph 123 of the Complaint state conclusions of law to which no response is required.

124.    The allegations in Paragraph 124 of the Complaint state conclusions of law to which no response is required.

125.    The Russell Defendants deny the allegations in Paragraph 125 of the Complaint. Further responding, the allegations in Paragraph 125 of the Complaint state conclusions of law to which no response is required.

126.    The Russell Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    The Russell Defendants admit they participated in a joint defense with their mother in the divorce and probate litigations.  The remaining allegations in Paragraph 127 refer to filings in the divorce and probate litigations, which speak for themselves.  The Russell Defendants deny

AFSDOCS:301358467.2

the allegations to the extent they are inconsistent with the documents.

128.    The allegations in Paragraph 128 refer to filings in the divorce and probate litigations, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

129.    The Russell Defendants admit they participated in a joint defense with their mother in the divorce and probate litigations.  The remaining allegations in Paragraph 129 refer to filings in the divorce and probate litigations, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

130.    The Russell Defendants admit they participated in a joint defense with their mother in the divorce and probate litigations.  The remaining allegations in Paragraph 130 refer to filings in the divorce and probate litigations, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

131.    The Russell Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    The Russell Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    The Russell Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    The Russell Defendants deny the allegations in the first, second, and third sentences of Paragraph 132 of the Complaint.  The remaining allegations in Paragraph 134 purport to quote from a deposition transcript, which is a written document that speaks for itself.

135.    The allegations in Paragraph 135 of the Complaint purport to refer to the contents of written pleadings, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

136.    The Russell Defendants deny the allegations in the first sentence of Paragraph 136 of the Complaint.  The remaining allegations in Paragraph 136 refer to written pleadings and/or

AFSDOCS:301358467.2

transcripts of testimony, which speak for themselves.  The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

137.    The allegations in Paragraph 137 of the Complaint purport to quote from a pleading in the divorce proceeding, which document speaks for itself.  The Russell Defendants deny the allegations to the extent they are inconsistent with the document.

138.    The Russell Defendants deny the allegations in the first and second sentences of Paragraph 138 of the Complaint.  The remaining allegations in Paragraph 138 refer to the ESOP plan and loan documents, which speak for themselves, and state conclusions of law, to which no response is required.

139.    The Russell Defendants deny the allegations in the first and fourth sentences of Paragraph 139 of the Complaint.  The allegations in the second and third sentences of Paragraph 139 refer to written pleadings from the divorce and probate cases, which speak for themselves. The Russell Defendants deny the allegations to the extent they are inconsistent with the documents.

140.    The Russell Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint state conclusions, to which no response is required.  Further responding, the Russell Defendants deny that Wyatt, Long, or Argent failed to exercise any alleged duty owed to the ESOP.

142.    The Russell Defendants deny the allegations in the first and second sentences of Paragraph 142 of the Complaint.  The allegations in the third sentence of Paragraph 142 refer to the terms of the settlement agreement, which is a written document that speaks for itself.  The Russell Defendants deny the remaining allegations in Paragraph 142 of the Complaint.

143.    The Russell Defendants deny the allegations in the first and second sentences of Paragraph 143 of the Complaint.  The Russell Defendants lack knowledge and information

AFSDOCS:301358467.2

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143.

144.    The allegations in the first and second sentences of Paragraph 144 of the Complaint state conclusions of law to which no response is required. The Russell Defendants deny the remaining allegations in Paragraph 144.

145.    The Russell Defendants deny the allegations in the first, sixth, seventh, and eighth sentences of Paragraph 145. The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 145. The allegations in the third, fourth, and fifth sentences of Paragraph 145 state conclusions of law to which no response is required.

146.    The Russell Defendants deny the allegations in the last three sentences of Paragraph 146 of the Complaint. The allegations in the first and third sentences of Paragraph 146 state conclusions of law to which no response is required. With respect to the second sentence in Paragraph 146, the Russell Defendants admit the ESOP held a 30% minority interest in the Company and, after the redemption of the ESOP's shares, Russell family trusts held 100% of the stock. The Russell Defendants deny any remaining allegations in this paragraph.

147.    The Russell Defendants admit that John Russell, Denise Wyatt, and Dennis Long continued to serve as the three directors of the Company until the date of the Siemens sale. The Russell Defendants admit that ESOP participants executed releases in connection with the Siemens sale. The releases are written documents which speak for themselves. The Russell Defendants deny the remaining allegations in Paragraph 147 of the Complaint.

148.    The allegations in Paragraph 148 of the Complaint refer to the ESOP releases, which are written documents that speak for themselves. The Russell Defendants deny the remaining allegations in Paragraph 148 of the Complaint.

AFSDOCS:301358467.2

149.    The allegations in the second sentence of Paragraph 149 of the Complaint refer to the clawback provision of the Letter Agreement, which is a written document that speaks for itself. The Russell Defendants deny the remaining allegations in Paragraph 149.

150.    The Russell Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    To the extent the allegations in Paragraph 151 of the Complaint refer to the terms of the ESOP, the terms are written and speak for themselves. The Russell Defendants deny the remaining allegations in Paragraph 151.

152.    The allegations in Paragraph 152 of the Complaint refer to the Siemens Purchase Agreement, which speaks for itself. The Russell Defendants deny the remaining allegations in Paragraph 152 of the Complaint.

153.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint.

154.    The Russell Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint.

156.    The Russell Defendants admit that in October 2018 the Russelectric stockholders agreed to sell Russelectric to Siemens. The remaining allegations of Paragraph 156 refer to the clawback provision of the Letter Agreement, which is a written document that speaks for itself. The Russell Defendants deny the allegations to the extent they are inconsistent with the agreement.

157.    The allegations in Paragraph 157 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

158.    The Russell Defendants admit the allegations of the first sentence of Paragraph 158 of the Complaint. The allegations in the second sentence of Paragraph 158 state a conclusion of

AFSDOCS:301358467.2

law to which no response is required.  The Russell Defendants deny the allegations in the third and fourth sentences of Paragraph 158 of the Complaint.  The Russell Defendants admit the allegations in the fifth sentence of Paragraph 158 of the Complaint.  The sixth sentence of Paragraph 158 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Russell Defendants deny any such allegations.  The Russell Defendants deny the remaining allegations in Paragraph 158 of the Complaint.

159.    The allegations in the first sentence of Paragraph 159 of the Complaint refer to the Purchase Agreement, which is a written document that speaks for itself.  The Russell Defendants admit that certain adjustments to the purchase price were made pursuant to the Purchase Agreement and as outlined in the Flow of Funds Memorandum, which is a written document that speaks for itself.  To the extent any allegations in Paragraph 159 of the Complaint are inconsistent the Purchase Agreement or Flow of Funds Memorandum, the Russell Defendants deny the allegations.  The Russell Defendants deny the remaining allegations in this paragraph.

160.    To the extent the allegations in Paragraph 160 of the Complaint refer to the Purchase Agreement or Flow of Funds Memorandum, the documents speak for themselves and the allegations are denied to the extent they are inconsistent with the documents.  The Russell Defendants deny the remaining allegations in Paragraph 160 of the Complaint.

161.    To the extent the allegations in Paragraph 161 of the Complaint refer to the Purchase Agreement or Flow of Funds Memorandum, the documents speak for themselves and the allegations are denied to the extent they are inconsistent with the documents.  The Russell Defendants deny all remaining allegations in paragraph 161.

162.    The allegations in the fifth sentence of Paragraph 162 of the Complaint refers to the Flow of Funds Memorandum which is a written document that speaks for itself.  The Russell

AFSDOCS:301358467.2

Defendants deny the remaining allegations in Paragraph 162 of the Complaint.

163.    The Russell Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    The Russell Defendants deny the allegations in Paragraph 164 of the Complaint.

165.    The Russell Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    The Russell Defendants deny the allegations in Paragraph 166 of the Complaint.

167.    The Russell Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    The Russell Defendants deny the allegation in the first sentence of Paragraph 168 of the Complaint.  The Russell Defendant lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168.

169.    The Russell Defendants deny the allegations in the first sentence of Paragraph 169 of the Complaint.  The second sentence of Paragraph 169 of the Complaint refers to pleadings and documents filed with the Court, which are written documents that speak for themselves.  Any remaining allegations in Paragraph 169 of the Complaint are denied.

170.    The allegation in Paragraph 170 of the Complaint state conclusions of law to which no response is required.

171.    The Russell Defendants admit Plaintiffs purport to seek relief in this action, but deny Plaintiffs are entitled to any relief.  The Russell Defendants deny any remaining allegations in Paragraph 171 of the Complaint.

172.    The Russell Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint.  Further responding, the allegations in Paragraph 172 state conclusions of law to which no response is required.

173.    The Russell Defendants admit Plaintiffs purport to seek class action certification, but deny Plaintiffs are entitled to such relief.

AFSDOCS:301358467.2

174.    The Russell Defendants admit Plaintiffs purport to assert claims on behalf of participants and beneficiaries of the ESOP, but deny Plaintiffs are entitled to certification of such a class.

175.    The allegations in the first sentence of Paragraph 175 of the Complaint state conclusions of law to which no response is required.  The Russell Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 175.

176.    The allegations in Paragraph 176 of the Complaint state conclusions of law to which no response is required.  The Russell Defendants deny Defendants violated ERISA or engaged in any improper actions.

177.    The allegations in Paragraph 177 of the Complaint state conclusions of law to which no response is required.

178.    The allegations in Paragraph 178 of the Complaint state conclusions of law to which no response is required.

179.    The allegations in Paragraph 179 of the Complaint state conclusions of law to which no response is required.

180.    The allegations in Paragraph 180 of the Complaint state conclusions of law to which no response is required.

181.    The allegations in Paragraph 181 of the Complaint state conclusions of law to which no response is required.

182.    The Russell Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint.

AFSDOCS:301358467.2

## COUNT I
### Causing a Prohibited Transaction Between the Plan and Parties in Interest
### 29 U.S.C. § 1106(a)
### (John Russell, Wyatt, Long, and Argent)

183.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

184.    The allegations in Paragraph 184 of the Complaint state conclusions of law to which no response is required.

185.    The allegations in Paragraph 185 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Russell Defendants deny the allegations in Paragraph 185.

186.    The Russell Defendants deny the allegations in Paragraph 186 of the Complaint.

187.    The allegations in Paragraph 187 of the Complaint state conclusions of law to which no response is required.

188.    The allegations in Paragraph 188 of the Complaint state conclusions of law to which no response is required.

189.    The Russell Defendants deny the allegations in Paragraph 189 of the Complaint.

## COUNT II
### Prohibited Transaction Between the Plan and a Fiduciary
### 29 U.S.C. § 1106(b)
### (John Russell)

190.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

191.    The allegations in Paragraph 191 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Russell Defendants deny the allegations in Paragraph 191.

AFSDOCS:301358467.2

192.    The Russell Defendants deny the allegations in the first sentence of Paragraph 192 of the Complaint.  The remaining allegations in Paragraph 192 state conclusions of law to which no response is required.

193.    The allegations in Paragraph 193 of the Complaint state conclusions of law to which no response is required.

194.    The Russell Defendants deny the allegations in Paragraph 194 of the Complaint.

**COUNT III**
**Breach of Fiduciary Duties of Prudence and Loyalty**
**29 U.S.C. § 1104(a)(1)**
**(John Russell, Wyatt, Long, and Argent)**

195.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

196.    The Russell Defendants deny the allegations in Paragraph 196 of the Complaint.

197.    The allegations in Paragraph 197 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Russell Defendants deny the allegations in Paragraph 197.

198.    The Russell Defendants deny the allegations in Paragraph 198 of the Complaint.

199.    The allegations in Paragraph 199 of the Complaint state conclusions of law to which no response is required.

200.    The allegations in Paragraph 200 of the Complaint state conclusions of law to which no response is required.

201.    The Russell Defendants deny the allegations in Paragraph 201 of the Complaint.

AFSDOCS:301358467.2

## COUNT IV
### Co-Fiduciary Liability
### 29 U.S.C. § 1105(a)
### (John Russell, Wyatt, Long, and Argent)

202.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

203.    The Russell Defendants deny the allegations in Paragraph 203 of the Complaint.

204.    The Russell Defendants deny the allegations in Paragraph 204 of the Complaint.

205.    The Russell Defendants deny the allegations in Paragraph 205 of the Complaint.

206.    The allegations in Paragraph 206 of the Complaint state conclusions of law to which no response is required.

207.    The allegations in Paragraph 207 of the Complaint state conclusions of law to which no response is required.

208.    The Russell Defendants deny the allegations in Paragraph 208 of the Complaint.

## COUNT V
### Knowing Participating in a Prohibited Transaction
### 29 U.S.C. § 1132(a)(3)
### (John, Suzanne, and Lisa Russell, Individually and as Trustees)

209.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

210.    The allegations in Paragraph 210 of the Complaint state conclusions of law to which no response is required.

211.    The Russell Defendants deny the allegations in Paragraph 211 of the Complaint.

212.    The Russell Defendants admit their respective trusts received their respective shares of the proceeds of the Siemens sale.  The Russell Defendants deny the remaining allegations in Paragraph 212 of the Complaint.

27

213.     The Russell Defendants deny the allegations in Paragraph 213 of the Complaint.

## COUNT VI
**Knowing Participation in Breach of Duties of Prudence and Loyalty
29 U.S.C. § 1132(a)(3)
(John, Suzanne, and Lisa Russell, Individually and as Trustees)**

214.     The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

215.     The allegations in Paragraph 215 of the Complaint state conclusions of law to which no response is required.

216.     The Russell Defendants deny the allegations in Paragraph 216 of the Complaint.

217.     The Russell Defendants admit their respective trusts received their respective shares of the proceeds of the Siemens sale.  The Russell Defendants deny the remaining allegations in Paragraph 217 of the Complaint.

218.     The Russell Defendants deny the allegations in Paragraph 218 of the Complaint.

## COUNT VII
**Breach of Fiduciary Duties in Connection with Sale of Russelectric to Siemens
29 U.S.C. § 1104(a)(1)
(John Russell, Wyatt, and Long)**

219.     The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

220.     The Russell Defendants deny the allegations in Paragraph 220 of the Complaint.

221.     The Russell Defendants deny the allegations in Paragraph 221 of the Complaint.

222.     The allegations in Paragraph 222 of the Complaint state conclusions of law to which no response is required.

223.     The allegations in Paragraph 223 of the Complaint state conclusions of law to which no response is required.

AFSDOCS:301358467.2

224.    The Russell Defendants deny the allegations in Paragraph 224 of the Complaint.

## COUNT VIII
### Causing a Prohibited Transaction between the Plan and Parties in Interest
### 29 U.S.C. § 1106(a) and (b)
### (John Russell, Wyatt, and Long)

225.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

226.    The Russell Defendants deny the allegations in Paragraph 226 of the Complaint.

227.    The Russell Defendants deny the allegations in Paragraph 227 of the Complaint.

228.    The Russell Defendants deny the allegations in Paragraph 228 of the Complaint.

229.    The Russell Defendants deny the allegations in Paragraph 229 of the Complaint.

230.    The allegations in Paragraph 230 of the Complaint state conclusions of law to which no response is required.

231.    The allegations in Paragraph 231 of the Complaint state conclusions of law to which no response is required.

232.    The Russell Defendants deny the allegations in Paragraph 232 of the Complaint.

## COUNT IX
### Failure to Pay Benefits Owed Pursuant to the
### Clawback Provision 29 U.S.C. § 1132(a)(1)(B)
### (John, Suzanne, and Lisa Russell, Individually and as Trustees, Wyatt, and Long)

233.    The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

234.    The allegations in Paragraph 234 of the Complaint state conclusions of law to which no response is required.

235.    The Russell Defendants admit that the stock of Russelectric was held by their mother's trust and their father's subtrusts, that John Russell was a trustee of their mother's trust,

AFSDOCS:301358467.2

that Lisa and Suzanne Russell were trustees of their father's subtrusts, and that John, Lisa, and Suzanne Russell were beneficiaries of their mother's trust and their father's subtrusts. The Russell Defendants deny the remaining allegations in Paragraph 235 of the Complaint.

236.   The Russell Defendants deny the allegations in the first sentence of Paragraph 236 of the Complaint. The allegations in the second sentence of Paragraph 236 refer to the clawback provision of the Letter Agreement, which is a written document that speaks for itself. The Russell Defendants deny the allegations to the extent they are inconsistent with the Letter Agreement.

237.   The Russell Defendants deny the allegations in Paragraph 237 of the Complaint.

238.   The Russell Defendants deny the allegations in Paragraph 238 of the Complaint.

## COUNT X
**Knowing Participation in a Prohibited Transaction and Breaches of the Duties of Prudence and Loyalty Related to the Clawback Provision
Under 29 U.S.C. § 1132(a)(3)
(John, Suzanne, and Lisa Russell, Individually and as Trustees)**

239.   The Russell Defendants incorporate by reference the foregoing responses as though fully stated herein.

240.   The allegations in Paragraph 240 of the Complaint state conclusions of law to which no response is required.

241.   The Russell Defendants deny the allegations in Paragraph 241 of the Complaint.

242.   The Russell Defendants deny the allegations in Paragraph 242 of the Complaint.

243.   The Russell Defendants deny the allegations in Paragraph 243 of the Complaint.

## PRAYERS FOR RELIEF

The Russell Defendants deny that Plaintiffs are entitled to any of the relief requested in

AFSDOCS:301358467.2

their prayers for relief.

## DEFENSES

### FIRST DEFENSE

Plaintiffs' claims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations or repose or by the doctrine of laches and/or estoppel.

### THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs have waived and/or released their claims and any right to bring claims on behalf of the ESOP.

### FOURTH DEFENSE

Plaintiffs lack standing to pursue the claims asserted in the Complaint and/or the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### FIFTH DEFENSE

Plaintiffs' claims fail because John Russell, Denise Wyatt, and Dennis Long were not fiduciaries or functional fiduciaries of the ESOP within the meaning of ERISA and did not otherwise engage in fiduciary acts.

### SIXTH DEFENSE

To the extent any of John Russell's, Denise Wyatt's, or Dennis Long's actions are found to be those of an ERISA fiduciary, Plaintiffs claims are barred because their actions were not undertaken in a fiduciary capacity and/or were nonfiduciary business activities or settlor conduct not governed by ERISA.

**SEVENTH DEFENSE**

To the extent any of John Russell's, Denise Wyatt's, or Dennis Long's actions are found to be those of an ERISA fiduciary, Plaintiffs claims are barred because they complied with the requirements of ERISA as well as industry norms and standards.

**EIGHTH DEFENSE**

Plaintiffs' claims fail because John Russell, Denise Wyatt, and Dennis Long did not owe a duty to monitor the independent trustee of the ESOP, Argent Trust Company. To the extent they owed a duty to monitor, they complied with such duty.

**NINTH DEFENSE**

Plaintiffs' claims against the Russell Defendants fail because the Russell Defendants acted in good faith and in reliance on the guidance and oversight of qualified and experienced professional consultants and advisors, including counsel.

**TENTH DEFENSE**

Plaintiffs' claims fail because no fiduciary caused the ESOP to receive less than adequate consideration or fair market value for its shares, nor did the Russell Defendants receive an increase in value of stock with notice of any ERISA violation or breach of fiduciary duty.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because ESOP and its participants have not suffered any loss or injury and/or due to lack of loss causation.

**TWELFTH DEFENSE**

The prohibited transaction claims asserted in the Complaint are barred because there were no prohibited transactions and/or the transactions were covered by an exemption.

AFSDOCS:301358467.2

## THIRTEENTH DEFENSE

Plaintiffs' claims fail because no fiduciary participated in, concealed, enabled, or failed to remedy any breach of fiduciary duty.

## FOURTEENTH DEFENSE

Plaintiffs' claims against the Russell Defendants fail because Plaintiffs cannot establish an underlying breach of fiduciary duty or that the Russell Defendants had knowledge of, or knowingly participated in or benefited from, a breach of fiduciary duty by any fiduciary of the ESOP.

## FIFTEENTH DEFENSE

Plaintiffs' claims fail to the extent they are based on actions that took place after the ESOP was terminated because those actions are not governed by ERISA where no ERISA plan existed.

## SIXTEENTH DEFENSE

Plaintiffs' claims fail to the extent they are based on implementation or administration of the clawback provisions, as it was not a plan asset and those actions are therefore not governed by ERISA.

## SEVENTEENTH DEFENSE

Count IX of the Complaint fails because Plaintiffs cannot bring such a claim derivatively on behalf of the ESOP and because the Russell Defendants are not proper defendants under 29 U.S.C. 1132(a)(1)(B).

## EIGHTEENTH DEFENSE

Count IX of the Complaint fails because, to the extent an ERISA plan under which benefits were payable existed, which is denied, and to the extent that the Russelectric Board was an administrator of such plan, which is also denied, the Board was vested with discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of such

AFSDOCS:301358467.2

plan, and any administrative determinations were not arbitrary and capricious, did not result in an abuse of discretion, and were made based on substantial evidence and in accordance with the documents governing the plan and ERISA.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot establish that any fiduciary undertook any act with subjective intent to benefit a party in interest.

## TWENTY-FIRST DEFENSE

The Russell Defendants reserve the right to assert such additional defenses as may become apparent through discovery and/or further legal analysis of Plaintiffs' positions in this action.

## TWENTY-SECOND DEFENSE

The Russell Defendants specifically deny any allegations in the Complaint that are not specifically admitted.

**WHEREFORE,** the Russell Defendants pray for judgment as follows:

(a) That the Court deny all of Plaintiffs' prayers for relief;

(b) That the Court enter judgment in favor of the Russell Defendants on each cause of action asserted against them;

(c) That the Court award the Russell Defendants their costs and expenses, including attorneys' fees; and

(d) That the Court grant the Russell Defendants all further legal and equitable relief that it deems just and proper.

AFSDOCS:301358467.2

Respectfully submitted,

JOHN H. RUSSELL,
SUZANNE E. RUSSELL, and
LISA J. RUSSELL,

By their attorneys,

 */s/ Adam L. Littman*
Nicholas J. Nesgos (BBO No. 549171)
Adam L. Littman (BBO No. 673407)
Sara J. Wiseman (BBO No. 711058)
ARENTFOX SCHIFF LLP
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:  617 973-6100
nicholas.nesgos@afslaw.com
adam.littman@afslaw.com
sara.wiseman@afslaw.com

Dated:  February 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025, I caused a copy of the foregoing document to be filed via the Court's ECF system and a copy will be served electronically to all counsel of record identified on the Notice of Electronic Filing.

 */s/ Adam L. Littman*
Adam L. Littman, Esq.

AFSDOCS:301358467.2