UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RITA BOWERS, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )   Civil Action
                                    )   No. 22-cv-10457-PBS
JOHN H. RUSSELL, et al.,            )
                                    )
            Defendants.             )
_____)

ORDER

September 5, 2025

Saris, J.

The Court has preliminarily approved the proposed class action settlement amounts between Plaintiffs and Defendants Denise D. Wyatt, Argent Trust Company ("Argent"), and Dennis J. Long (the "settling Defendants").[1] Plaintiffs' proposed settlements with Wyatt and Argent are contingent on the Court's entering a bar order that essentially prevents the remaining Defendants -- John H. Russell, Suzanne E. Russell, and Lisa J. Russell (the "Russell Defendants") -- from suing Wyatt and Argent for contribution related to this action, and vice versa. Plaintiffs' proposed settlement with Long is not contingent on the entry of a bar order,

---

[1] The Court assumes familiarity with the factual background laid out in its prior opinions in this action. See Bowers v. Russell, 717 F. Supp. 3d 165 (D. Mass. 2024); Bowers v. Russell, 763 F. Supp. 3d 90 (D. Mass. 2025); Bowers v. Russell, 766 F. Supp. 3d 136 (D. Mass. 2025).

1

but Long's counsel informed the Court at yesterday's hearing that Long will request a similar bar order in the coming months. The Court has entered the proposed bar orders submitted by Wyatt and Argent.

Plaintiffs have moved for an order approving a judgment reduction credit under the pro tanto approach, pursuant to which any monetary recovery by Plaintiffs against the Russell Defendants will be reduced by the proposed settlement amounts in the agreements with Wyatt, Argent, and Long. The Russell Defendants object to this request, instead asking the Court to employ either a proportionate share approach -- under which any monetary recovery by Plaintiffs against the Russell Defendants will be reduced by the equitable shares of the obligations of the settling Defendants -- or a "capped" proportionate share approach, under which the monetary recovery would be reduced by the greater of the pro tanto amount or the proportionate share amount. Having considered the parties' arguments, the Court denies Plaintiffs' motions for pro tanto offset credits and instead will employ the proportionate share approach.

Preliminarily, the Court finds that there is a right to contribution under ERISA. The statute permits participants, beneficiaries, and fiduciaries to seek "appropriate equitable relief" to redress violations, 29 U.S.C. § 1132(a)(3), and subjects fiduciaries to such "equitable or remedial relief as the court may

2

deem appropriate," id. § 1109(a). This language allows "those categories of relief that . . . were typically available in equity" under the law of trusts, CIGNA Corp. v. Amara, 563 U.S. 421, 439 (2011) (cleaned up), including the equitable remedy of contribution, see Chesemore v. Fenkell, 829 F.3d 803, 811-13 (7th Cir. 2016); Chemung Canal Tr. Co. v. Sovran Bank/Md., 939 F.2d 12, 15-18 (2d Cir. 1991).

Where a bar order extinguishes a non-settling defendant's right to contribution, the proportionate share approach is generally favored. See, e.g., McDermott, Inc. v. AmCLYDE, 511 U.S. 202, 207-17 (1994); AmeriPride Servs. Inc. v. Tex. E. Overseas Inc., 782 F.3d 474, 484-85 (9th Cir. 2015). The proportionate share approach "is more consistent" with statutory schemes allowing contribution than the pro tanto approach is, McDermott, 511 U.S. at 212, and is often less likely to "lead to inequitable apportionments of liability," id. at 214. That is the case here, where Plaintiffs and the settling Defendants seek to enter into settlements for amounts that constitute relatively low percentages of the total damages sought by Plaintiffs while barring the Russell Defendants from asserting contribution claims.

The Court further finds, as other courts have, that there is "no way to determine which rule better promotes settlement." United States v. Honeywell Int'l Inc., 47 F.4th 805, 818 (D.C. Cir. 2022); see McDermott, 511 U.S. at 216 ("[T]he pro tanto rule has no clear

3

advantage in promoting settlements."). Similarly, the "effect of the two rules on judicial economy is also ambiguous" in this case. McDermott, 511 U.S. at 216. "[T]he relative fault of the parties will have to be determined" under either approach, id. at 216-17, and the Court was unable to make that determination in yesterday's hearing, given the late-breaking nature of the settlement agreements and the complexity of the case.

Plaintiffs' primary argument at the hearing was that a series of contracts require the Russell Defendants to indemnify the settling Defendants (indirectly, through Siemens), such that there exists no effective right to contribution that could be extinguished by the bar orders. But this argument suffers from several pitfalls, including that it was cursorily briefed on the eve of trial; it depends on adjudicating contractual rights and obligations apparently held by Siemens, which is not a party to the litigation; and it is unsupported by the statements made at yesterday's hearing by counsel for the settling Defendants, who either took no position on the purported indemnification obligations or, in Argent's case, stated that the settlement amount will not be paid by Siemens. Indeed, the fact that the settling Defendants requested bar orders (or will propose a bar order at a later date, in Long's case) indicates that those parties do not view contractual indemnification as a certainty. The Court declines to decide this unvetted and complex issue. Attempting to

4

do so would come at a steep cost to judicial economy. See id. at 216-17.

Accordingly, Plaintiffs' motions for application of a pro tanto settlement offset credit (Dkts. 440, 492, 561) are **DENIED**. The Court will instead employ the proportionate share approach.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge