**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>Defendants. | Case No. 1:22-cv-10457-PBS |

**DECLARATION OF CARL F. ENGSTROM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE RUSSELL DEFENDANTS**

I, Carl F. Engstrom, declare and state as follows:

1. I am a partner at the law firm of Engstrom Lee LLC, and counsel for Plaintiffs Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy in the above-captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell (the "Russell Defendants") and Certification of the Settlement Class Under Fed. R. Civ. P. 23(b)(1).

2. Along with the motion for preliminary approval, Plaintiffs and Defendants Denise D. Wyatt ("Wyatt"), Argent Trust Company ("Argent"), Dennis J. Long ("Long"), and the Russell Defendants (collectively, the "Settling Defendants," and together with Plaintiffs, the "Parties")

also jointly move to consolidate the administration of the settlements of all Settling Defendants. Together, the settlements with all Settling Defendants total $14,550,000.00.

**SETTLEMENT TERMS**

3. Attached hereto as **Exhibit A** is a true and correct copy of the proposed Class Action Settlement Agreement ("Settlement Agreement").[1] The Settlement resolves Plaintiffs' class action claims against John H. Russell, Suzanne E. Russell, and Lisa J. Russell (the "Russell Defendants") regarding their role in the administration and management of the Russelectric Inc. Employee Stock Ownership Plan ("ESOP" or "Plan").

4. The Settlement Agreement calls for certification of a Settlement Class defined as follows:

> All participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the ESOP terminated.

*See* Settlement Agreement § 1.10. Based on the information produced by the Plan's recordkeeper in discovery, there appear to be 394 Settlement Class Members.

5. Under the Settlement, the Russell Defendants will cause to be paid $5.55 million to a Qualified Settlement Fund. *Id.* § 1.25. The net proceeds of this Settlement Fund (after accounting for any Attorneys' Fees and Costs, Administrative Expenses, and Service Awards approved by the Court) will be distributed to eligible Class Members in accordance with the Plan of Allocation in the Settlement. *Id.* § 5.1. Under the Plan of Allocation, each Settlement Class Member will receive an Entitlement Amount, which will be equal to their Percentage Interest of Russelectric stock in the ESOP multiplied by the Net Settlement Amount. *Id.* §§ 1.17, 1.30, 5.1.

6. The Plan of Allocation is designed to apportion the Net Settlement Amount in

[1] All capitalized terms have the meaning assigned to them in Article I of the Settlement Agreement, unless otherwise defined herein.

proportion to the size of each Settlement Class Member's stake in the ESOP.

7. The Gross Settlement Amount ($5.55 million) provides for material monetary relief.

8. This settlement is fair in light of the Parties' position in this litigation at the time the settlement was reached. The Court's trial order found the Russell Defendants liable on certain claims and not liable on other claims. Dkt. 632. The Parties then submitted multiple rounds of extensive briefing concerning the appropriate damages award, Dkts. 635, 638, 644, 645, and the Court held oral argument concerning the same, Dkt. 646. As part of this process, the Parties filed a stipulation stating that the Plan's direct losses resulting from the conduct for which the Russell Defendants were found liable were $2,998,716.55. Dkt. 634.

9. The Settlement also averts a likely appeal by the Russell Defendants that would have substantially delayed payment by the Russell Defendants at best, and eliminated any recovery at worst. The settlement amount of $5.55 million is more than reasonable in light of these facts and considerations.

**PLEADINGS, DISCOVERY, AND SETTLEMENT NEGOTIATIONS**

10. This case was filed on March 25, 2022, alleging all Defendants violated ERISA through fiduciary breaches and prohibited transactions. Dkt. 1. All Defendants engaged counsel experienced in ERISA litigation and moved to dismiss the initial Complaint on July 15, 2022. Dkts. 50, 53, 58, 61. Briefing on those motions was complete October 15, 2022. Dkts. 69, 79, 80, 81, 82. Plaintiffs amended their Complaint on May 3, 2023, which all Defendants moved to dismiss for both lack of standing and for failure to state a claim. Dkts. 98 and 110. The Court denied both motions on February 15, 2024. Dkt. 129. Plaintiffs filed a Second Amended Complaint on June 18, 2024, bringing claims related to administration of the clawback agreement. Dkt. 143-1. On January 16, 2025, the Court denied Defendants' motion to dismiss the new claims. Dkt. 296.

11. Meanwhile, Plaintiffs pursued exhaustive discovery. They served nearly 150 requests for production of documents on all Defendants and 19 subpoenas on third parties. Plaintiffs filed two motions to compel, including one seeking documents Defendants had withheld as privileged. Dkts. 203 and 298. They prevailed, at least in part, on both. Dkt. 283 and 328.

12. Plaintiffs served initial reports of their experts Kelly Driscoll and Dana Messina on April 1, 2025. Defendants served affirmative and rebuttal reports of their experts Robert Lesser, Bruce Benesh, Richard May, Steven Willing, and Jeffrey Tarbell on May 9, 2025. Plaintiffs' reply reports of experts Driscoll, Messina, and Marc Laredo were served on June 10, 2025. Defendants' experts Tarbell and Lesser served supplemental expert disclosures on July 9, 2025 and August 1, 2025, respectively. All experts were deposed by July 24, 2025.

13. On October 17, 2024, the Parties engaged in an all-day, in-person mediation with well-respected JAMS mediator Robert A. Meyer, Esq. In advance of the mediation, the Parties exchanged mediation statements, and Plaintiffs included with their statement a preliminary expert report. A settlement was not reached at that session, but the Parties continued arm's-length discussions through Mr. Meyer. On July 14, 2025, the Parties engaged in a follow-up mediation session with Mr. Meyer, this time via Zoom. In the weeks after, the Parties continued arm's-length negotiations, but did not settle. The Court held a 12-day trial in September and November 2025 and issued a trial order on May 29, 2026. After the parties completed briefing concerning the damages owed by the Russell Defendants, but before the Court issued an order fixing damages, Plaintiffs and the Russell Defendants reached a settlement through arm's-length negotiations between their counsel.

14. In addition, Class Counsel has advanced all expenses associated with prosecuting this action and has not been reimbursed for these expenses or paid for their time. These expenses

include filing fees, legal research and database fees, expert fees, deposition costs, among others. As of August 27, 2026, expenses incurred in this action are approximately $1.3 million.

**PROFESSIONAL BACKGROUND**

15. I am licensed to practice law in the State of Minnesota and have been admitted to practice in several federal district courts and appellate courts. A list of jurisdictions and courts in which I have been admitted is set forth below:

Minnesota
Court of Appeals for the First Circuit
Court of Appeals for the Third Circuit
Court of Appeals for the Ninth Circuit
Court of Appeals for the Eleventh Circuit
D. Colorado
N.D. Illinois
E.D. Michigan
D. Minnesota
W.D. New York
D. North Dakota

16. I have been actively engaged in the practice of law since 2015 and have substantial class action experience. For the past ten years, my practice has focused exclusively on class action cases, almost exclusively on ERISA class actions. Before attending law school I spent six years working as a financial advisor, earning the Certified Financial Planner (CFP) designation.

17. Engstrom Lee is a boutique ERISA and employment firm. In 2022 I, along with three of my current partners (Jennifer Lee, Brandon McDonough, and Mark Thomson), separated from Nichols Kaster PLLP, to found Engstrom Lee. Prior to separating from Nichols Kaster, we were attorneys in that firm's ERISA practice group, which had recovered more than $300MM for its clients since I founded the practice in 2015.

18. My partners and I have the requisite skills and experience necessary to serve as class counsel. I have been appointed class counsel in several ERISA class actions, including in cases involving ESOPs such as the Advanced Diagnostic Group Employee Stock Ownership Plan,

Wilson Electric Employee Stock Ownership Plan, and Pride Mobility Employee Stock Ownership Plan. My partners and I have likewise been appointed class counsel in dozens of class actions in actions against McKinsey & Co., Allianz Asset Management of America, American Century, BB&T, Putnam Investments, LLC, Deutsche Bank, American Airlines, Allina Health System, Lowe's Co., Fidelity, Fujitsu Tech, among others. My partners and I have also been invited to speak at industry and bar events on ERISA class actions. None of Plaintiffs' counsel has ever been disciplined or sanctioned and we have comported ourselves ethically in this case. A complete firm biography was filed in support of Plaintiffs' motion for Class Certification. Dkt. 156-1.

**ATTORNEYS' FEES AND COSTS**

19. Class Counsel will seek one-third of the aggregate Gross Settlement Amount ($5,550,000) in Attorneys' Fees. Settlement Agreement § 1.5. Class Counsel will also seek to recover all litigation costs and expenses they have advanced on behalf of the Class in this case from the $14,550,000 aggregate amount of all settlements.

**SETTLEMENT ADMINISTRATOR**

20. Atticus Administration LLC ("Atticus") has been selected to serve as the Settlement Administrator in this matter. Atticus has extensive experience administering class action settlements, including several ERISA settlements.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 3, 2026

/s/Carl F. Engstrom
Carl F. Engstrom