# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>Defendants. | Case No. 1:22-cv-10457-PBS |

**CLASS ACTION SETTLEMENT AGREEMENT AMONG PLAINTIFFS AND JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RAYMOND G. RUSSELL TRUST AND SUBTRUSTS, THE CAROL C. RUSSELL FAMILY TRUST, THE RUSSELECTRIC STOCKHOLDER TRUSTS, AND THE RUSSELECTRIC STOCK PROCEEDS TRUSTS**

This Class Action Settlement Agreement, dated September 3, 2026 (the "Settlement Agreement"), is made and entered into by and among: (1) Named Plaintiffs and Class Representatives, Rita Bowers, Michele Gear-Cole, Reginald Tercy, and Florence Lorenzano (on behalf of himself/herself individually and each Class Member, and on behalf of the Russelectric, Inc. Employee Stock Ownership Plan), by and through their counsel of record in the litigation; and (2) John H. Russell, Suzanne E. Russell, and Lisa J. Russell, each individually and in their respective capacities as trustees or co-trustees of the Raymond G. Russell Trust and Subtrusts, the Carol C. Russell Family Trust, the Russelectric Stockholder Trusts, and the Russelectric Stock Proceeds Trusts (collectively, the "Russell Trusts"), by and through their counsel of record in the litigation.[1] The Settlement Agreement is intended to fully, finally, and forever resolve, discharge,

[1] Except as otherwise specified, all capitalized terms shall have the meanings set forth in Article I of this Settlement Agreement.

and settle Released Claims as defined herein, subject to the approval of the Court and the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I

## DEFINITIONS

1.1 "Action" means the civil action captioned *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457-PBS, currently pending in the United States District Court for the District of Massachusetts.

1.2 "Administrative Expenses" means all expenses incurred in the administration of this Settlement Agreement, including but not limited to (a) all fees, expenses, and costs associated with the production and dissemination of the Notices to Class Members; (b) tax expenses related to the Settlement Agreement and its implementation (including taxes and tax expenses described in Section 4.7); (c) all expenses incurred by the Settlement Administrator in administering and effectuating this Settlement, including all costs associated with the calculations and distributions of funds pursuant to the Plan of Allocation; (d) all fees and expenses associated with the Settlement Website and telephone support line described in Article III; (e) all fees and expenses charged by the Settlement Administrator; (f) fees incurred for the service of CAFA notices and related expenses; and (g) all fees and expenses charged by the Independent Fiduciary and Escrow Agent. All Administrative Expenses approved by the Court and all tax-related Administrative Expenses pursuant to Section 4.7 shall be paid from the Gross Settlement Amount.

1.3 "All Settling Defendants" means Defendants Denise D. Wyatt, Dennis J. Long, Argent Trust Company, John H. Russell, Suzanne E. Russell, and Lisa J. Russell.

1.4 "Alternate Payee" means a person, other than a Class Member, or Beneficiary, who is entitled to receive benefits owed to Class Member under the Russelectric ESOP under the terms of a QDRO.

1.5 "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the reasonable costs and expenses advanced by Class Counsel in connection with the Action, which shall be recovered from the Gross Settlement Amount. Class Counsel shall not seek more than one-third of the Gross Settlement Amount as compensation for services and shall not seek reimbursement of costs and expenses in excess of the reasonable costs and expenses advanced by Class Counsel in connection with the Action.

1.6 Intentionally omitted.

1.7 "Beneficiary" means a person who is entitled to receive a benefit under the Russelectric ESOP that is derivative of the interest of a deceased Class Member, other than an Alternate Payee, as determined under the terms of the Russelectric ESOP.

1.8 "CAFA Notice" means the notice(s) required to be provided pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), substantially in the form set forth in Exhibit 5 hereto.

1.9 "Claims" means any and all manner of claims, counterclaims, cross claims, third-party claims, actions, causes of actions, potential actions, suits, arbitrations, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory, including but not limited to, claims for breach of fiduciary duty or co-fiduciary liability, claims arising under state law, and claims arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").

1.10 "Class" and/or "Settlement Class" means the certified class as set forth in the Order dated January 30, 2025 filed at ECF No. 308 and is defined to be "all participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the Russelectric ESOP terminated."

1.11 "Class Counsel" means Engstrom Lee LLC, Block & Leviton, LLP, Morgan & Morgan PA, and Wenzel, Fenton, Cabassa, P.A.

1.12 "Class Member" and/or "Settlement Class Member" means any member of the Class and/or Settlement Class.

1.13 "Complaints" means the original Complaint filed in this Action at ECF No. 1 on March 25, 2022, the First Amended Complaint filed at ECF No. 95 on April 12, 2023, and the Second Amended Complaint filed at ECF No. 169 on July 8, 2024.

1.14 "Confidentiality Order" means the Joint Stipulated Protective Order entered in the Action on April 10, 2024 (ECF No. 138).

1.15 "Consolidated Notice" means the form of Court-approved notice of this Settlement Agreement and the Prior Settlement Agreements that are disseminated to Class Members. The Settling Parties shall propose that the Court approve the form of notice attached as Exhibit 1 hereto.

1.16 "Court" means the United States District Court for the District of Massachusetts.

1.17 "Entitlement Amount" means that portion of the Net Settlement Amount payable to an individual Class Member, as determined according to the procedures described in Article V herein.

1.18 "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

1.19 "Escrow Account" means an account at an established financial institution that is established for the deposit of the Gross Settlement Amount and amounts relating to it, such as income earned on the investment of the Gross Settlement Amount.

1.20 "Escrow Agent" means Huntington National Bank, an independent contractor to be retained by Class Counsel and the Settlement Administrator, which will serve as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Settlement.

1.21 "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive final approval by the Court.

1.22 "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.

(a) The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Final forty-five (45) calendar days after its entry by the Court.

(b) Notwithstanding any other provision hereof, the Final Approval Order shall be deemed Final without regard to whether the Court has entered an order regarding the award of Attorneys' Fees and Costs, and Administrative Expenses.

1.23 "Final Approval" means the entry of the Final Approval Order.

1.24 "Final Approval Order" means the order and final judgment of the Court approving the Settlement, in substantially the form submitted in connection with Plaintiffs' Motion for Final Approval of the Settlement.

1.25 "Gross Settlement Amount" means the sum of five million five hundred fifty thousand U.S. dollars (USD $5,550,000.00), contributed to the Qualified Settlement Fund as described in Article IV herein. The Gross Settlement Amount shall be the full and sole monetary payment to the Named Plaintiffs, Class Members, and Class Counsel made by or on behalf of the Settling Defendants in connection with this Settlement Agreement.

1.26 "Independent Fiduciary" means the person or entity selected to serve as an independent fiduciary with respect to the Settlement Agreement for the purpose of rendering the determination described in Section 2.2 herein.

1.27 "Mediator" means Robert A. Meyer, Esq. who presided over mediation sessions on October 17, 2024 and July 14, 2025.

1.28 "Named Plaintiffs" means Rita Bowers, Michele Gear-Cole, Reginald Tercy, and Florence Lorenzano.

1.29 "Net Settlement Amount" means the Gross Settlement Amount, plus any interest or income earned on the Qualified Settlement Fund, minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) any Service Award approved by the Court; and (c) all Administrative Expenses approved by the Court and tax-related Administrative Expenses.

1.30 "Percentage Interest" means a Class Member's shares of Russelectric Inc. stock in the Russelectric ESOP divided by 42,617.824.

1.31 "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount as described in Article V herein.

1.32 "Preliminary Approval Order" means the order of the Court preliminarily approving the Settlement Agreement, in substantially the form submitted in connection with Named Plaintiffs' motion for entry of Preliminary Approval Order.

1.33 "Prior Settlement Agreements" means the Settlement Agreements entered into with Defendants Denise D. Wyatt, Dennis J. Long, Argent Trust Company (Dkts. 434-1, 560-1, and 491-1) in this Action.

1.34 "Prior Settlements" means the settlement of the Action described in the Prior Settlement Agreements.

1.35 "PTE 2003-39" means U.S. Department of Labor Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended.

1.36 "QDRO" or "Qualified Domestic Relations Order" means a judgment, decree, or order (including the approval of a property settlement) that is made pursuant to state domestic relations law (including community property law) and that relates to the provision of child support, alimony payments, or marital property rights for the benefit of a spouse, former spouse, child, or other dependent of a Class Member and which has been determined qualified pursuant to the Russelectric ESOP's procedures.

1.37 "Qualified Settlement Fund" means the interest-bearing qualified settlement fund account to be established and maintained by the Escrow Agent to receive the settlement contributions of the Settling Defendants, as described in Article IV herein.

1.38 "Released Claims" means, subject to the exclusions in Section 7.5 and other exclusions set forth below, any and all Claims, actions, suits, controversies, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether legal or equitable, direct or derivative, contractual, statutory, or common law, accrued or unaccrued, asserted or unasserted, or known or Unknown Claims, including but not limited to co-fiduciary liability against any of the Released Parties with respect to or on behalf of the Russelectric ESOP, the Class Members, or any alleged action, inaction, or omission by Settling Defendants arising on or before the date of Final Approval:

(a) that were asserted in the Action against the Settling Defendants or any Released Parties or could have been or could be asserted in the Action or any other court, forum, action, or proceeding of any kind against the Settling Defendants or any Released Parties

based on or arising from any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences asserted in the Action, whether or not pleaded in the Complaints, including but not limited to those based on: (i) any act or omission by the Settling Defendants; (ii) the termination of the Russelectric ESOP; (iii) the redemption transaction that closed on November 30, 2016, in which Russelectric, Inc. redeemed shares from the Russelectric ESOP; (iv) all payments made to Class Members at the time of the redemption transaction; (v) the negotiation and administration of a clawback agreement and/or clawback provision in a redemption agreement providing for potential payments to Class Members after the termination of the Russelectric ESOP; (vi) any terms included in or omitted from a clawback agreement and/or clawback provision in a redemption agreement that the Settling Defendants negotiated providing for potential payments to Class Members after the termination of the Russelectric ESOP; (vii) the calculation of payments to Class Members under a clawback provision appearing in any form; (viii) the valuation of Russelectric shares and administration of the Russelectric ESOP; (ix) the sale of Russelectric, Inc. to Siemens Industry, Inc. ("Siemens") and distribution of the proceeds therefrom; (x) any payments received by the Settling Defendants; and (xi) any claim for benefits alleged owed, directly to Named Plaintiffs and Class Members or indirectly through the Russelectric ESOP, by Settling Defendants.

(b) that would be barred by res judicata based on the Court's entry of the Final Approval Order;

(c) that arise from the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan of Allocation; or

(d) that arise from the approval by the Independent Fiduciary of the Settlement Agreement.

Notwithstanding anything herein, the following shall not be included in the definition of Released Claims: (i) claims to enforce the Settlement Agreement, and (ii) individualized, employment-related claims by any Named Plaintiff or Class Member related to their employment or termination thereof by a Released Party.

1.39 "Released Parties" means (a) the Settling Defendants, and (b) the Settling Defendants' past, present, or future heirs, assigns, parents, subsidiaries, affiliates, divisions, joint ventures, members, indemnitors, attorneys, agents, trustees, co-trustees, beneficiaries, estates, insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest.

1.40 "Russelectric ESOP" means the Russelectric Inc. Employee Stock Ownership Plan which was terminated effective June 30, 2016, and which is referred to in the Complaints as the ESOP or the Plan.

1.41 "Service Award" means any incentive or service award awarded by the Court to the Named Plaintiffs for their service as class representatives, not to exceed $25,000 per Named Plaintiff with respect to all settlements in this Action.

1.42 "Settlement" means the settlement of the Action described in this Settlement Agreement.

1.43 "Settlement Administrator" means Atticus Administration LLC an independent contractor to be retained by Class Counsel and approved by the Court.

1.44 "Settlement Agreement" means this agreement and its exhibits.

1.45 "Settlement Effective Date" means one business day following the date upon which the Final Approval Order becomes Final.

1.46 "Settlement Period" shall be the period from the Settlement Effective Date and continuing for a period of nine months thereafter.

1.47 "Settlement Website" means the internet website established by the Settlement Administrator as described in Section 3.3 herein.

1.48 "Settling Defendants" means John H. Russell, Suzanne E. Russell, and Lisa J. Russell, each individually and in their respective capacities as trustees or co-trustees of the Russell Trusts.

1.49 "Settling Defendants' Counsel" means ArentFox Schiff LLP.

1.50 "Settling Parties" means the Settling Defendants, and the Named Plaintiffs on behalf of themselves and as representatives of the Class, and on behalf of the Russelectric ESOP, each of whom individually is a "Settling Party."

1.51 "Unknown Claims" means any and all Released Claims the Named Plaintiffs or the Class Members do not know or suspect to exist as of the Settlement Effective Date, which if known might have affected their decision(s) with respect to the Settlement.

## ARTICLE II

## SETTLEMENT APPROVAL

2.1. Preliminary Approval by Court. On or before September 3, 2026, or such other date as the Court may order, the Named Plaintiffs, through Class Counsel, shall apply to the Court for entry of the Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

(a) preliminarily approve this Settlement Agreement for purposes of disseminating notice to the Class and determine that under Fed. R. Civ. P. 23(c)(2), the Consolidated Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

(b) grant the motion to certify the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(b)(1), meaning a mandatory, non-opt out settlement;

(c) approve the Consolidated Notice to the Class;

(d) approve the appointment of the Settlement Administrator to administer the Settlement Agreement and Prior Settlement Agreements and the requirement that the Settlement Administrator be responsible for all tax withholding and reporting related to the Qualified Settlement Fund and for determining whether tax-qualified rollover distributions may be offered to the Class Members;

(e) order the Settlement Administrator to send—within sixty (60) calendar days following entry of the Preliminary Approval Order—by first-class mail, postage prepaid, or by such other means as the Court may order, the Consolidated Notice to each Class Member, in accordance with Section 3.2;

(f) approve the establishment of the Qualified Settlement Fund;

(g) approve the appointment of the Independent Fiduciary;

(h) preliminarily bar and enjoin the institution and prosecution of any Released Claims against any Released Parties by Class Members pending final approval of this Settlement Agreement, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and Released Claims;

(i) provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any Released Claims against the Settling Defendants or the Released Parties.

(j) schedule a Fairness Hearing for at least one hundred and twenty (120) days after entry of the Preliminary Approval Order to (i) review comments and/or objections regarding this Settlement Agreement, (ii) consider the fairness, reasonableness, and adequacy of this Settlement Agreement, (iii) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, awarding any Attorneys' Fees and Costs, Administrative Expenses, and Service Awards, and dismissing this Action with prejudice, and (iv) consider such other matters as the Court may deem appropriate;

(k) provide that any objections asserted by a Class Member to any aspect of the Settlement Agreement or the Prior Settlement Agreements shall be heard, and any papers and documents submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Court, with copies provided to Class Counsel and the respective Settling Defendants' Counsel. To be filed validly, the objection and any supporting documents must be filed or postmarked, with copies provided to Class Counsel and the respective Settling Defendants' Counsel, at least 21 calendar days prior to the Fairness Hearing (or by such other deadline as determined by the Court). Any person wishing to speak at the Fairness Hearing shall validly file, with copies provided to Class Counsel and the Settling Defendants'

Counsel, a notice of intent to appear. To be filed validly, the notice of intent to appear must be filed or postmarked, with copies provided to Class Counsel and the respective Settling Defendants' Counsel, at least 21 calendar days prior to the Fairness Hearing (or by such other deadline as determined by the Court); and

(l) provide that Class Counsel and the respective Settling Defendants may file a response to an objection by a Class Member before the Fairness Hearing.

(m) provide that the Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court; and

(n) approve the form of the CAFA Notice attached as Exhibit 5 and order that upon mailing of the CAFA Notices, Settling Defendants shall have fulfilled their obligations under CAFA.

2.2. Review by Independent Fiduciary. Settling Defendant's Counsel shall, in their sole discretion, select and retain the Independent Fiduciary, to determine whether to approve and authorize the settlement of Released Claims on behalf of the terminated Russelectric ESOP. The Independent Fiduciary to be selected and retained by Settling Defendants' Counsel shall be subject to Court approval in the Preliminary Approval Order.

(a) The Independent Fiduciary shall comply with all relevant requirements set forth in PTE 2003-39.

(b) The Independent Fiduciary shall notify Class Counsel and the Settling Defendant's Counsel of its determination in writing and in accordance with PTE 2003-39, such notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

(c) The Settling Parties shall comply with reasonable requests for information of the Independent Fiduciary for purposes of evaluating the Settlement Agreement.

(d) All fees and expenses associated with the Independent Fiduciary's retention, services, and determination shall be considered Administrative Expenses and reimbursed upon submission of reasonable invoices. The Settlement Administrator shall pay such amounts within fourteen (14) calendar days after receipt of such invoices.

2.3. Final Approval by Court. No later than fourteen (14) calendar days before the Fairness Hearing, or by such other deadline as specified by the Court, Class Counsel shall submit a motion to the Court requesting final approval of the Settlement Agreement and entry of the Final Approval Order, in substantially the form attached hereto as Exhibit 4, which shall include, among other provisions, a request that the Court:

(a) approve the Settlement of the Released Claims covered by this Settlement Agreement and the Prior Settlement Agreements, adjudging the terms of the Settlement Agreement and the Prior Settlement Agreements to be fair, reasonable, and adequate to the

Russelectric ESOP and the Class Members and directing the Plaintiffs and all Settling Defendants to take the necessary steps to effectuate the terms of the Settlement Agreement;

(b) determine under Fed. R. Civ. P. 23(c)(2) that the Consolidated Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided;

(c) dismiss all claims in this Action with prejudice, except as provided by this Settlement Agreement and the Prior Settlement Agreements;

(d) decree that neither the Consolidated Final Approval Order, the Settlement Agreement, nor the Prior Settlement Agreements constitutes an admission by any Defendant or Released Party of any liability or wrongdoing;

(e) bar and enjoin the Named Plaintiffs and all Class Members from asserting any Released Claims against any of the Released Parties;

(f) determine that all applicable CAFA requirements have been satisfied;

(g) preserve the Court's continuing and exclusive jurisdiction over the Plaintiffs, All Settling Defendants, and all Class Members to administer, construe, and enforce this Settlement Agreement and the Prior Settlement Agreements in accordance with terms for the mutual benefit of Plaintiffs and All Settling Defendants, but without affecting the finality of the Final Approval Order;

(h) decree that (i) the Plan of Allocation in the Settlement Agreement and the Prior Settlement Agreements is approved; (ii) the Settlement Administrator shall have final authority to determine each Class Member's Entitlement Amount in accordance with the Plan of Allocation set forth in the Settlement Agreement and the Prior Settlement Agreements; and (iii) the Settlement Administrator is authorized to direct the Escrow Agent to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation;

(i) decree that within thirty-one (31) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Counsel for All Settling Defendants a list of each Person who received a Settlement payment from the Qualified Settlement Fund and the amount of such payment; and

(j) decree consistent with Section 11.17, that the Court shall retain jurisdiction to enforce and interpret the Settlement Agreement and the Prior Settlement Agreements.

2.4. The Consolidated Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Plaintiffs, All Settling Defendants, all Class Members, and the Russelectric ESOP shall be bound by the Settlement Agreement and the Prior Settlement Agreements and the Consolidated Final Approval Order.

## ARTICLE III

## SETTLEMENT ADMINISTRATION

3.1 CAFA Notice. No later than ten (10) calendar days after the Named Plaintiffs' filing of this Settlement Agreement and motion for entry of the Preliminary Approval Order with the Court, the Settling Defendants' Counsel shall provide appropriate notice of this Settlement Agreement to the Attorney General of the United States and to the Attorneys General of all states in which Class Members reside, as specified in 28 U.S.C. § 1715(b). The costs of such notice shall be considered an Administrative Expense. Upon completing such notice, the Settling Defendants' Counsel shall provide written notice to Class Counsel, along with copies of such notices and proof of service.

3.2 Consolidated Notice to Class Members.

(a) For the purpose of disseminating the Consolidated Notice to Class Members as provided in Section 3.2(b) below, the Settling Parties agree that the document Bates-labeled ACQUIOM_00001708 reflects the most up to date information concerning Class Member mailing addresses available to the Settling Parties, and Class Counsel shall provide a copy of ACQUIOM_00001708 to the Settlement Administrator for the purpose of disseminating the Consolidated Notice to Class Members.

(i) The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, and set forth in writing to the Settlement Administrator.

(ii) The Settlement Administrator shall use the information and data provided solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

(b) No later than sixty (60) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall send the Consolidated Notice by first-class mail, postage prepaid, or by such other means as the Court may order, to the Class Members.

(c) The Consolidated Notice shall be in the form approved by the Court, which shall be in substantially the form attached as Exhibit 1 hereto. Included with the Consolidated Notice will be the Rollover election form approved by the Court, which shall be in substantially the form attached as Exhibit 2 hereto.

(d) A Consolidated Notice shall be sent to the last known address of each Class Member provided by Class Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known address provided by Class Counsel.

(e) The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and mail such Notice to those Class Members one additional time.

(f) The Settlement Administrator shall post a copy of the Consolidated Notice on the Settlement Website.

3.3 Settlement Website.

(a) No later than sixty (60) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall establish the Settlement Website. The Settlement Administrator shall maintain the Settlement Website until no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the notice referenced in Section 5.5, whichever is earlier, at which point the Settlement Administrator shall take down the Settlement Website.

(b) The Settlement Website shall contain a copy of the Notice, and relevant case documents, including but not limited to a copy of the operative Second Amended Complaint (ECF No. 169), the Settlement Agreement and its Exhibits, Notice and Rollover Form, Plaintiffs' Motion for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties. No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing.

(c) The Settlement Website shall also include a toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

3.4 Distribution of Net Settlement Amount. Within twenty (20) business days after the Settlement Effective Date, the Settlement Administrator shall distribute the Net Settlement Amount to Class Members in accordance with the Plan of Allocation as described in Article V herein.

3.5 Maintenance of Records. The Settlement Administrator shall maintain reasonably detailed records of its activities carried out under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and provide any and all such records to Class Counsel and the Settling Defendant's Counsel upon their request. The Settlement Administrator shall also provide such information as may reasonably be requested by the Named Plaintiffs, the Settling Defendants, Class Counsel, or the Settling Defendants' Counsel relating to the administration of the Settlement Agreement.

3.6 No Liability. The Settling Defendant, Settling Defendant's Counsel, and Released Parties shall have no responsibility for, interest in, or liability whatsoever, with respect to:

(a) any act, omission, or determination of the Settlement Administrator or any of its designees or agents;

(b) the determination of the Independent Fiduciary;

(c) the Plan of Allocation or its implementation;

(d) the management, investment, or distribution of the Qualified Settlement Fund;

(e) the payment or withholding of any taxes or related interest or penalties, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any information or tax returns or any decision to offer or allow a rollover option to any Class Member;

(f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or

(g) the determination, administration, calculation, verification, confirmation, or payment of any Claims asserted against the Qualified Settlement Fund. The Settling Defendant's and Settling Defendant's Counsel's responsibility with respect to the amounts to be paid pursuant to this Settlement Agreement is limited to their responsibility to cause payments to be made to the Qualified Settlement Fund as set forth in Section 4.2.

## ARTICLE IV

## ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

4.1 Establishment of the Qualified Settlement Fund. No later than ten (10) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1). In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in 26 C.F.R. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2 Funding of the Qualified Settlement Fund. In consideration of all the promises and agreements set forth in the Settlement Agreement, the Settling Defendants shall cause to be tendered the Gross Settlement Amount to the Qualified Settlement Fund pursuant to the schedule set forth below. The Settling Defendants shall cause the payment of the Gross Settlement Amount to the Qualified Settlement Fund in the following manner:

(a) The Settling Defendants shall cause to be deposited $2,775,000 of the Gross Settlement Amount into the Qualified Settlement Fund no later than thirty (30) business days after the date the Preliminary Approval Order is entered, and the Settlement Administrator has provided an Employer Identification Number and executed Form W-9, whichever is later; and,

(b) No later than thirty (30) business days after entry of the Final Approval Order, the Settling Defendants shall cause to be deposited the remainder of the Gross Settlement Amount ($2,775,000) into the Qualified Settlement Fund.

4.3 Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall the Settling Defendants or the Released Parties be required to make payments or incur any expenses in excess of the Gross Settlement Amount. The Gross Settlement Amount shall be the only amount paid by the Settling Defendants under this Settlement Agreement, and the Settling Defendants shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement including but not limited to any payments that the Named Plaintiffs or Class Members may claim they are entitled to under the Russelectric ESOP or otherwise as a result of this Settlement.

4.4 Qualified Settlement Fund Administrator. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended (26 U.S.C. § 468B) and the regulations promulgated thereunder, the administrator of the Qualified Settlement Fund shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund and filing the returns described in 26 C.F.R. § 1.468B-2(k)). Such returns, as well as the election described in Section 4.1, shall be consistent with this Article and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as described in Section 4.7 herein.

4.5 The Qualified Settlement Fund will be considered to be in the legal custody of the Court until such time as such funds may be distributed pursuant to the orders of the Court, or the terms of this Settlement Agreement. The Court shall retain continuing jurisdiction over the Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1(c)(1). The Qualified Settlement Fund shall be structured and managed by the Escrow Agent, or the Settlement Administrator on its behalf, to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code, and Treas. Reg. § 1.468B-1 et seq., and the Escrow Agent, or the Settlement Administrator on its behalf, shall provide reports to Class Counsel and the Settling Defendants' Counsel to keep them apprised of actions taken by the Settlement Administrator or Escrow Agent for tax compliance purposes. Plaintiffs intend that the Qualified Settlement Fund be structured and managed to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans. All expenses incurred to maximize the tax benefits, if any, for the Class, and taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiffs and shall be paid from the Qualified Settlement Fund.

4.6 Investment of the Qualified Settlement Fund. The Escrow Agent, or the Settlement Administrator on its behalf, shall invest the Qualified Settlement Fund in short-term United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.7 Taxes on the Income of the Qualified Settlement Fund. All (a) taxes (including any estimated taxes, interest, or penalties) on any income of the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon the Settling Defendants or Settling Defendants' Counsel with respect to any income of the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) all expenses and costs incurred in connection with the taxation of the Qualified Settlement Fund (including, without limitation, expenses of tax attorneys and accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the tax and information returns described in this Article IV) are Administrative Expenses and shall be timely paid by the Escrow Agent out of the Qualified Settlement Fund. The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Settling Defendants, the Settling Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes, or related interest or penalties, expenses and/or costs owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Settling Defendants, the Settling Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article IV.

4.8 The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and the Settling Defendants' Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.9 After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: First, within five (5) business days of the Settlement Effective Date, all Administrative Expenses approved by the Court, and any taxes on the Qualified Settlement Fund shall be paid. Second, within twenty (20) business days of the Settlement Effective Date, (a) any Service Award approved by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) distribution of the Net Settlement Amount pursuant to the Plan of Allocation shall begin. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund. In addition to the reserve for taxes and tax expenses described in Section 4.7, the Settlement Administrator may set aside a contingency reserve in an amount to which the Settling Parties agree and the Court approves for: (a) Administrative Expenses incurred before the Settlement Effective Date but not yet paid; and (b) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

4.10 The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Settling Defendants, the Settling Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes, or related interest or penalties, expenses, and/or costs owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.11 No later than February 15 of the year following the calendar year in which the Settling Defendants or their agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article IV, the Settling Defendants or their agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which the Settling Defendants or their agents make a transfer to the Qualified Settlement Fund.

## ARTICLE V

## PLAN OF ALLOCATION

5.1 Calculation of Payments to Class Members. Payments to each Class Member shall be calculated by the Settlement Administrator as follows: For each Class Member, the Settlement Administrator shall calculate an Entitlement Amount. Each Class Member's Entitlement Amount shall be equal to the Net Settlement Amount multiplied by their Percentage Interest. In accordance with the procedures set forth in this Article, as approved or modified by the Court, the Settlement Administrator will distribute to each Class Member their Entitlement Amount. Any Entitlement Amounts distributed but not claimed (as described in Section 5.3) shall revert to the Qualified Settlement Fund and be re-distributed pro rata to Class Members who claimed their Entitlement Amounts.

(a) Prior to the Settlement Effective Date, Class Counsel shall request that Siemens confirm that Class Members' Percentage Interests are accurately reflected in the document Bates-labeled ACQUIOM_00001708. If Siemens provides revised information in response to Class Counsel's request, the Settlement Administrator shall rely on the information provided by Siemens to calculate each Class Member's Percentage Interest and Entitlement Amount. If Siemens confirms the accuracy of ACQUIOM_00001708 or does not timely respond to Class Counsel's request, the Settlement Administrator shall rely on ACQUIOM_00001708 to calculate each Class Member's Percentage Interest and Entitlement Amount.

(b) The Plan of Allocation shall be submitted to the Court for preliminary and final approval in connection with the preliminary and final approval motions described in the Settlement Agreement. If the Court rejects this Plan of Allocation, the Named Plaintiffs shall provide their revised plan of allocation for review and comment by Settling Defendants before submission to the Court.

(c) The Named Plaintiffs, Class Counsel, Settling Defendants, and Settling Defendants' Counsel shall have no responsibility or liability for the calculations and distributions of the Net Settlement Amount to Class Members. In the event of an error by the Settlement Administrator in the calculations or distributions of the Net Settlement Amount to Class Members, the Settlement Administrator shall correct the error within a reasonable amount of time.

(d) The aggregate of all Entitlement Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

5.2 Payment of Entitlement Amounts to Class Members.

(a) Rollover-Electing Class Members. For each Class Member who elects to receive their Entitlement Amount via rollover ("Rollover-Electing Class Member"), no later than twenty (20) business days following the Settlement Effective Date, the Settlement Administrator shall attempt to effect a rollover of the Class Member's Entitlement Amount from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Class Member in their Rollover Form, if the conditions for such rollover are satisfied and adequate paperwork necessary to transfer such Entitlement Amount by rollover has been provided.

(b) If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Class Member as provided in their Rollover Form due to inadequate information supplied by the Class Member or failure by the custodian of the individual retirement account or other eligible employer plan designated by the Class Member to claim the Class Member's Entitlement Amount within thirty (30) days of its issuance from the Qualified Settlement Fund, the Class Member will be treated as a Non-Rollover-Electing Class Member.

(c) Non-Rollover-Electing Class Members. Each Class Member who is not a "Rollover-Electing Class Member" shall be considered a "Non-Rollover-Electing Class Member." For each Non-Rollover-Electing Class Member, no later than twenty (20) business days following the Settlement Effective Date, or as soon as practicable if the Class Member becomes a Non-Rollover-Electing Class Member pursuant to Section 5.2(b), the Settlement Administrator shall distribute the Class Member's Entitlement Amount from the Qualified Settlement Fund by calculating and withholding any taxes required to be withheld per Section 5.2(e) and mailing a check for the remainder of the Entitlement Amount to the Class Member.

(d) Before mailing any check to a Class Member, the Settlement Administrator shall (i) determine whether the Class Member has provided an updated mailing address to Class Counsel or the Settlement Administrator and (ii) use commercially reasonable efforts to attempt to verify the Class Member's mailing address and search for any new address information. Each check shall be sent to the mailing address determined, in the judgment of the Settlement Administrator, most likely to reach the Class Member.

(e) For each check issued, other than any permitted rollover, the Settlement Administrator shall (i) calculate and withhold any applicable taxes required to be withheld associated with the payments allocable to the Class Member; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (3) issue appropriate tax forms to the Class Member.

5.3 <u>Expiration of Checks and Disbursement of Unclaimed Entitlement Amounts</u>.

(a) For Non-Rollover-Electing Class Members, the Settlement Administrator may issue up to three checks to attempt to distribute their Entitlement Amount to them. The first round of checks issued pursuant to this Plan of Allocation shall expire sixty (60) calendar days after their issue date. For such Class Members who fail to cash checks issued in this first round before the expiration date of the check, the Settlement Administrator will endeavor to locate an alternative current address. If an alternative address is identified, a second round of checks will be issued to such Class Members who failed to cash checks issued in the first round and for whom an alternative address is identified. These checks will expire ninety (90) calendar days after their issue date. Additionally, starting thirty (30) days after a check has been mailed to such a Class Member but not cashed and continuing until all second round checks have expired, the Settlement Administrator may stop payment on the check (if necessary) and re-issue the check to such Class Member if (i) such Class Member contacts the Settlement Administrator and reports that the check was lost or not received and (ii) provides or confirms to the Settlement Administrator the mailing address to which such Class Member would like the check to be re-issued. Any check re-issued at the request of such a Class member pursuant to this Section shall expire sixty (60) calendar days after its issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

(b) After all efforts permitted by Section 5.3(a) to distribute each Entitlement Amount to the Class Member for whom it was calculated have been exhausted, all Entitlement Amounts that reverted to the Qualified Settlement Fund per Section 5.3(a) shall be redistributed pro rata to the Class Members who received their Entitlement Amounts in the same manner that such Class Members received the Entitlement Amount initially allocated to them.

(c) Any checks issued per Section 5.3(a) shall be mailed one time and shall expire sixty (60) days after issuance. Any such checks that are undelivered or not cashed shall revert to the Qualified Settlement Fund. Any funds left in the Qualified Settlement Fund after efforts described in Section 5.3(a) have been exhausted shall be donated to a nonprofit that is mutually agreeable to both Named Plaintiffs and the Settling Defendants. Under no circumstance will funds left in the Qualified Settlement Fund revert to the Settling Defendants.

(d) The voidance of checks shall have no effect on Class Members' release of Claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. Any amounts that revert to the Qualified Settlement Fund, and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be paid to a nonprofit recipient that is mutually agreeable to both Named Plaintiffs and the Settling Defendants.

Under no circumstance will funds left in the Qualified Settlement Fund revert to the Settling Defendants.

5.4 Payments to Beneficiaries and Alternate Payees.

(a) Beneficiaries of Class Members who are entitled to receive all or a portion of a Class Member's Entitlement Allocation under this Article shall receive such settlement payments in accordance with the procedure set forth in Section 5.2 of this Settlement Agreement.

(b) Alternate Payees of Class Members that are entitled to receive all or a portion of a Class Member's Entitlement Allocation under this Article shall receive such settlement payments pursuant to the terms of the applicable QDRO.

(c) The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article and as ordered by the Court.

(d) The voidance of checks to Beneficiaries or Alternate Payees of Class Members shall have no effect on releases of Claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. Any amounts that revert to the Qualified Settlement Fund, and any funds that cannot be distributed to Beneficiaries or Alternate Payees of Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, or the Settlement Administrator on its behalf, shall be paid to a nonprofit recipient that is mutually agreeable to both Named Plaintiffs and the Settling Defendants. Under no circumstance will funds left in the Qualified Settlement Fund revert to the Settling Defendants.

5.5 Notice of Completion of Plan of Allocation. Within ten (10) business days of completing all aspects of the Plan of Allocation, the Settlement Administrator shall, upon request, send to Class Counsel and the Settling Defendants' Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Notice, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Notice; (c) the name of each Class Member whose Notice was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Notice for each such Class Member; (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

5.6 Responsibility for Taxes.

(a) The Settling Parties acknowledge that any payments to Class Members or Beneficiaries or Alternate Payees of Class Members may be subject to applicable tax laws. The Settling Defendants, the Settling Defendants' Counsel, Released Parties, Class Counsel, the Named Plaintiffs, and the Settlement Administrator will provide no tax advice (including but not limited to the ability to rollover any of the settlement payments described herein) to the Class Members and Beneficiaries or Alternate Payees of Class Members and make no representation

regarding the tax consequences of any of the settlement payments described in this Settlement Agreement.

(b) Each Class Member or Beneficiary or Alternate Payee of a Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received by such person. Each such Class Member or Beneficiary or Alternate Payee of a Class Member shall hold the Settling Defendants, the Settling Defendants' Counsel, Released Parties, Class Counsel, and the Settlement Administrator harmless from (i) any tax liability, including without limitation penalties and interest, related in any way to payments under the Settlement Agreement, including but not limited to any decisions as to whether a rollover option is offered or utilized, and (ii) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

(c) The Settling Defendants and the Released Parties shall have no responsibility for or liability whatsoever with respect to any act, omission, or determination of the Settlement Administrator in connection with the administration of the Qualified Settlement Fund, including the offering of a tax-qualified rollover to Class Members, or otherwise.

## ARTICLE VI

## ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

6.1 Attorneys' Fees and Costs. No later than fourteen (14) calendar days prior to the deadline provided in the Preliminary Approval Order for Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of reasonable Attorneys' Fees and Costs and Administrative Expenses (other than those tax-related expenses automatically deducted pursuant to Section 4.7), to be deducted from the Gross Settlement Amount. The Settling Defendants agree not to object to Class Counsel's application for Attorneys' Fees and Costs and Administrative Expenses, provided that it is consistent with the limitations on Attorneys' Fees specified in Section 1.5 and the Independent Fiduciary has no objection to such Attorneys' Fees and Costs and Administrative Expenses. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for Attorneys' Fees and Costs, or Administrative Expenses, sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

6.2 Service Awards. No later than fourteen (14) calendar days prior to the deadline provided in the Preliminary Approval Order for Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of Service Awards to the Named Plaintiffs, in an amount not to exceed the amount provided in Section 1.41, to be deducted from the Gross Settlement Amount. The Settling Defendants agree not to object to any such requested Service Awards, provided the Independent Fiduciary has no objection to such Service Awards. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for a Service Award shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

## ARTICLE VII

## RELEASES AND COVENANT NOT TO SUE

7.1 Releases. Subject to Article IX below, the obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition and settlement of any and all Released Claims.

(a) Upon the Settlement Effective Date, the Named Plaintiffs and every Class Member on behalf of themselves, their heirs, executors, administrators, estates, successors, beneficiaries, Alternate Payees, agents, attorneys and assigns, and the Russelectric ESOP (subject to Independent Fiduciary approval as described in Section 2.3 herein) shall be deemed to fully, finally and forever release, waive, relinquish and forever discharge each and every Released Claim against any and all of the Released Parties, and forever shall be enjoined from prosecuting any Released Claims, whether or not such Class Members have submitted an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs or Service Award, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

(b) Nothing herein shall preclude any action to enforce the Settlement Agreement.

7.2 The Named Plaintiffs, Class Counsel, or Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Settling Defendants, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Russelectric ESOP shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims, including Unknown Claims. The Named Plaintiffs, Class Members and Class and Class Counsel acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.3 As of the Settlement Effective Date, the Named Plaintiffs and the Class Members (subject to Independent Fiduciary approval as required by Section 2.2), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to a Department of Labor proceeding or an arbitration proceeding), any of the Released Claims.

7.4 Upon the Settlement Effective Date, the Named Plaintiffs and Class Members shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown Claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Named Plaintiffs and Class Members with respect to Released Claims shall, upon the Settlement Effective Date, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

7.5 This Settlement Agreement does not in any way bar, limit, waive, or release any right by the Named Plaintiffs or any Class Member to assert and/or recover any moneys resulting from (a) any individual Claim for individual vested benefits brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) as against persons other than the Released Parties that may otherwise be due under the terms of the Russelectric ESOP, or (b) any rights or duties arising out of the Settlement Agreement.

## ARTICLE VIII

## REPRESENTATIONS AND WARRANTIES

8.1 Settling Parties' Representations and Warranties. The Settling Parties represent and warrant as follows, and each acknowledges that they are relying on these representations and warranties in entering into the Settlement Agreement:

(a) they have carefully read the Settlement Agreement and understand its terms;

(b) they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations between counsel for the Settling Parties following earlier facilitation by the Mediator, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and Claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

(c) they have made such investigation of the facts pertaining to the subject matter of the Settlement Agreement as they deem necessary;

(d) they assume the risk of mistake as to facts or law; and

(e) they recognize that additional evidence may become known, but they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement.

8.2 Signatories' Representations and Warranties. The persons executing the Settlement Agreement represent that they have been duly authorized to do so and that they have

the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

## ARTICLE IX

## TERMINATION

9.1 The Settlement Agreement shall terminate at the election of any of the Settling Parties, and thereby become null and void with no further force or effect, if:

(a) pursuant to Section 2.2, (i) either the Independent Fiduciary does not approve the releases in Article VII or the Settlement Agreement, or disapproves the releases in Article VII or the Settlement Agreement for any reason whatsoever; and (ii) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

(b) the Court declines to approve the Settlement Agreement or any material part of it;

(c) the Court declines to enter the Final Approval Order or materially modifies the contents of the Final Approval Order submitted by Class Counsel;

(d) the Final Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Settlement Effective Date.

9.1.1 Notwithstanding anything herein, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning Attorneys' Fees and Costs or any Service Award shall constitute grounds for termination of the Settlement Agreement.

9.2 Reversion to Prior Positions. If the Settlement Agreement is terminated in accordance with this Article, then the Settling Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of this Settlement Agreement, shall be treated as vacated *nunc pro tunc*. In the event of termination for any reason, all funds deposited by the Settling Defendants in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to the Settling Defendants as directed in writing within twenty (20) business days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Section 9.3. The fact of this Settlement Agreement and the terms contained herein shall not be admissible in any proceeding for any purpose, and the Settling Parties expressly and affirmatively reserve all Claims, remedies, defenses, arguments, and motions as to all Claims and requests for relief that might have been or might be later asserted in the Action.

9.3 In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on

the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be paid by Class Counsel.

## ARTICLE X

## NO ADMISSION OF WRONGDOING

10.1 The Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to it, is for settlement purposes only and entered into solely for the purpose of avoiding possible future expenses, burdens, or distractions of litigation, and the Settling Defendants and the Released Parties deny any and all wrongdoing. The Settling Defendants and the Released Parties specifically and expressly deny any and all liability in connection with any Claims which have been made or could have been made, or which are the subject matter of, arise from, or are connected, directly or indirectly, with or related in any way to the Action, including, but not limited to, any violation of any federal or state law (whether statutory or common law), rule, or regulation, and the Settling Defendants and the Released Parties deny that any violation of any such law, rule, or regulation has ever occurred.

10.2 The Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

(a) shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by the Settling Defendants or a Released Party of the truth of any fact alleged by the Named Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

(b) shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants or any of the Released Parties;

(c) shall not be offered or received, in the Action or any other proceeding, against the Settling Defendants or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing attributable to them directly or in a co-fiduciary capacity; and

(d) shall not be construed against the Settling Defendants or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action or that the Named Plaintiffs or any Class Member suffered any losses or damages attributable to the Settling Defendants or any of the Released Parties.

# ARTICLE XI

## MISCELLANEOUS

11.1 Exhibits Included. The exhibits to the Settlement Agreement are integral parts of this Settlement Agreement and are incorporated by reference as if set forth herein.

11.2 Cooperation. Class Counsel and the Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court entry of the Preliminary Approval Order and Final Approval Order.

11.3 Coordination with Other Settlements. Class Counsel and the Settling Defendants' Counsel agree to confer with counsel for the other Defendants in this Action concerning possible efficiencies that may be gained by consolidation of settlement administration processes and to seek revisions of the respective settlement agreements as appropriate, subject to Court approval.

11.4 Confidentiality. The Settling Parties and their counsel shall keep strictly confidential, and shall not disclose to any third party the terms and conditions of this Settlement Agreement until such time as the Named Plaintiffs file their motion for preliminary approval of the Settlement except as expressly agreed by the Settling Parties, and that filing shall be the only disclosure the Settling Parties make except in the case of the Settling Defendants to their government regulators, and in the case of the Class Members and Named Plaintiffs to their personal financial advisors.

11.5 Non-Disparagement. The Settling Parties, their counsel, and their agents shall refrain from making derogatory or disparaging comments in any forum, including in any judicial forum, regarding the Settlement, the Named Plaintiffs, the Class Members, the Settling Defendants, and/or the Released Parties in connection with the Settlement.

11.6 Survival of Confidentiality Order. Nothing in this Settlement Agreement shall be construed as terminating the Confidentiality Order. The Settling Parties remain bound by the requirements of the Confidentiality Order.

11.7 Entire Agreement. This Settlement Agreement and all of the exhibits appended hereto constitute the entire agreement of the Settling Parties with respect to the subject matter of the Action and supersede any prior agreement, whether written or oral, as to that subject matter. No representations or inducements have been made by any Settling Party hereto concerning the Settlement Agreement or its exhibits other than those contained and memorialized in such documents. The provisions of the Settlement Agreement and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all Settling Parties hereto or their successors-in-interest.

11.8 Waiver. The waiver by any Settling Party of a breach of the Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other breach of the Settlement Agreement.

11.9 Construction of Agreement. This Settlement Agreement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that the Settlement Agreement, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to its preparation.

11.10 Headings. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.11 Governing Law. The Settlement Agreement and all documents necessary to effectuate it shall be governed by the laws of Massachusetts without regard to its conflict of law doctrines, except to the extent that federal law requires that federal law govern, and except that all computations of time with respect to the Settlement Agreement shall be governed by Federal Rule of Civil Procedure 6.

11.12 Disputes Concerning Compliance with Settlement Agreement. Class Counsel, the Settling Defendants' Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

(a) if Class Counsel, the Settling Defendants' Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (i) a reference to all specific provisions of the Settlement Agreement that are involved; (ii) a statement of the alleged non-compliance; and (iii) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

(b) within ten (10) business days after receiving the notice described in Section 11.12(a), the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

(c) for a period of not more than ten (10) business days following mailing of the response described in Section 11.12(b), the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

(d) if the dispute is not resolved during the period described in Section 11.12(c), either party may request that the Court resolve the dispute; and

(e) in connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

11.13 Personal Jurisdiction. The Settling Parties agree that the Court has personal jurisdiction over the Named Plaintiffs, Class Members, and the Settling Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

11.14 Fees and Expenses. Except as otherwise expressly set forth herein, each Settling Party shall pay its own fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, costs, expenses, and disbursements of its counsel and other advisors. Nothing in the Settlement Agreement shall require the Settling Defendants or any Released Party to pay any monies other than as expressly provided herein or affect any right of the Settling Defendants to receive from any insurer or indemnitor payment of the Gross Settlement Amount and any and all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, costs, expenses, and disbursements of its counsel and other advisors, or affect any claim the Settling Defendants have or may have against any insurer or indemnitor.

11.15 Execution in Counterparts. The Settlement Agreement may be executed in one or more counterparts and may be executed by electronic signature or facsimile signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties shall exchange among themselves signed counterparts.

11.16 Notices. Unless otherwise provided herein, any notice, demand, or other communication under the Settlement Agreement (other than Notices to Class Members or other notices provided at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and delivered by hand, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier, with a copy by electronic mail, as follows:

(a) if to the Named Plaintiffs:

Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

(b) if to the Settling Defendants:

Nicholas J. Nesgos
ARENTFOX SCHIFF LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6100
Nicholas.nesgos@afslaw.com

11.17 Retention of Jurisdiction. The Settling Parties shall request that the Court retain jurisdiction of this matter to resolve any disputes regarding interpretation of or compliance with the Settlement Agreement after the Settlement Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Settlement Agreement.

***[Signatures on following page]***

AGREED TO ON BEHALF OF RITA BOWERS, MICHELE GEAR-COLE, FLORENCE LORENZANO, AND REGINALD TERCY, INDIVIDUALLY, AS CLASS REPRESENTATIVES ON BEHALF OF THE CLASS MEMBERS, AND ON BEHALF OF THE RUSSELECTRIC ESOP.

Dated: 9/3/2026 By: Signed by: BF40B35A704B419...
Rita Bowers

Dated: 9/3/2026 By: DocuSigned by: Michele Gear-Cole 9C9DB72E159E4DD...
Michele Gear-Cole

Dated: 9/3/2026 By: DocuSigned by: Florence Lorenzano 5AD03C1EB8BF456...
Florence Lorenzano

Dated: 9/3/2026 By: DocuSigned by: Reginald Tercy 60616F0E422C484...
Reginald Tercy

Dated: 9/3/2026 By: Signed by: EEC98219D8BC490...
Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RUSSELL TRUSTS

Dated: ____________________ By: ______________________________
John H. Russell

Dated: ____________________ By: ______________________________
Suzanne E. Russell

Dated: ____________________ By: ______________________________
Lisa J. Russell

Dated: ____________________ By: ______________________________
Nicholas J. Negsos

Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6100
Nicholas.nesgos@afslaw.com

AGREED TO ON BEHALF OF RITA BOWERS, MICHELE GEAR-COLE, FLORENCE LORENZANO, AND REGINALD TERCY, INDIVIDUALLY, AS CLASS REPRESENTATIVES ON BEHALF OF THE CLASS MEMBERS, AND ON BEHALF OF THE RUSSELECTRIC ESOP.

Dated: ____________________ By: ______________________________
Rita Bowers

Dated: ____________________ By: ______________________________
Michele Gear-Cole

Dated: ____________________ By: ______________________________
Florence Lorenzano

Dated: ____________________ By: ______________________________
Reginald Tercy

Dated: ____________________ By: ______________________________
Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RUSSELL TRUSTS

Dated: 9/2/2026 By: John H. Russell
John H. Russell

Dated: ____________________ By: ______________________________
Suzanne E. Russell

Dated: ____________________ By: ______________________________
Lisa J. Russell

Dated: ____________________ By: ______________________________

AGREED TO ON BEHALF OF RITA BOWERS, MICHELE GEAR-COLE, FLORENCE LORENZANO, AND REGINALD TERCY, INDIVIDUALLY, AS CLASS REPRESENTATIVES ON BEHALF OF THE CLASS MEMBERS, AND ON BEHALF OF THE RUSSELECTRIC ESOP.

Dated: ____________________ By: ______________________________
Rita Bowers

Dated: ____________________ By: ______________________________
Michele Gear-Cole

Dated: ____________________ By: ______________________________
Florence Lorenzano

Dated: ____________________ By: ______________________________
Reginald Tercy

Dated: ____________________ By: ______________________________
Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RUSSELL TRUSTS

Dated: ____________________ By: ______________________________
John H. Russell

Dated: 9/2/26 By: Suzanne E Russell
Suzanne E. Russell

Dated: ____________________ By: ______________________________
Lisa J. Russell

Dated: ____________________ By: ______________________________
Nicholas J. Negsos

AGREED TO ON BEHALF OF RITA BOWERS, MICHELE GEAR-COLE, FLORENCE LORENZANO, AND REGINALD TERCY, INDIVIDUALLY, AS CLASS REPRESENTATIVES ON BEHALF OF THE CLASS MEMBERS, AND ON BEHALF OF THE RUSSELECTRIC ESOP.

Dated: ____________________ By: ______________________________
Rita Bowers

Dated: ____________________ By: ______________________________
Michele Gear-Cole

Dated: ____________________ By: ______________________________
Florence Lorenzano

Dated: ____________________ By: ______________________________
Reginald Tercy

Dated: ____________________ By: ______________________________
Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RUSSELL TRUSTS

Dated: ____________________ By: ______________________________
John H. Russell

Dated: ____________________ By: ______________________________
Suzanne E. Russell

Dated: 9/2/26 By: Lisa J. Russell
Lisa J. Russell

Dated: ____________________ By: ______________________________

AGREED TO ON BEHALF OF RITA BOWERS, MICHELE GEAR-COLE, FLORENCE LORENZANO, AND REGINALD TERCY, INDIVIDUALLY, AS CLASS REPRESENTATIVES ON BEHALF OF THE CLASS MEMBERS, AND ON BEHALF OF THE RUSSELECTRIC ESOP.

Dated: ____________________ By: ______________________________
Rita Bowers

Dated: ____________________ By: ______________________________
Michele Gear-Cole

Dated: ____________________ By: ______________________________
Florence Lorenzano

Dated: ____________________ By: ______________________________
Reginald Tercy

Dated: ____________________ By: ______________________________
Carl F. Engstrom
ENGSTROM LEE LLC
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
cengstrom@engstromlee.com

AGREED TO ON BEHALF OF THE SETTLING DEFENDANTS JOHN H. RUSSELL, SUZANNE E. RUSSELL, AND LISA J. RUSSELL, EACH INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS TRUSTEES OR CO-TRUSTEES OF THE RUSSELL TRUSTS

Dated: ____________________ By: ______________________________
John H. Russell

Dated: ____________________ By: ______________________________
Suzanne E. Russell

Dated: ____________________ By: ______________________________
Lisa J. Russell

Dated: September 3, 2026 By: Nicholas J. Nesgos
Nicholas J. Nesgos

# EXHIBIT 1

# NOTICE OF CLASS ACTION SETTLEMENTS
*in*
# RUSSELECTRIC ESOP LITIGATION

***Bowers, et al. v. Russell, et al.,* Case No. 1:22-cv-10457-PBS (D. Mass.)**

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of proposed class action settlements in the above-referenced lawsuit. If you are a member of the Class, the settlements will affect your legal rights.**
**This is not a solicitation from a lawyer.**
**You have not been sued.**

- Settlements have been reached with all Defendants in a class action lawsuit concerning the Russelectric Inc. Employee Stock Ownership Plan (the "Russelectric ESOP"). The class action lawsuit involves whether John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts (the "Russell Defendants"); and Dennis J. Long ("Long"), Denise D. Wyatt ("Wyatt"), and Argent Trust Company ("Argent") (collectively, "Defendants") violated the Employee Retirement Income Security Act of 1974 ("ERISA") when terminating the Russelectric ESOP and selling Russelectric, Inc. to Siemens. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Russelectric ESOP.

- Defendants deny all claims, and nothing in the Settlements is an admission or concession on their part of any fault or liability whatsoever.

- Long, Wyatt, and Argent each separately settled before the trial in this case. The case against the Russell Defendants was heard by the Honorable Patti B. Saris in a twelve-day bench trial in the United States District Court for the District of Massachusetts in September and November 2025. On May 29, 2026, Judge Saris issued an order finding the Russell Defendants liable on certain claims and not liable on other claims. Plaintiffs and the Russell Defendants then reached a settlement before the Court determined the amount owed by the Russell Defendants.

- The Settlements will provide, among other things, for a total of $14.55 million that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards.

- The terms and conditions of the Settlements are set forth in the Wyatt Settlement Agreement dated August 5, 2025, the Argent Settlement Agreement dated August 19, 2025, the Long Settlement Agreement dated September 4, 2025, and the Russell Defendants Settlement Agreement dated September 3, 2026. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreements. The Settlement Agreements are available at www.RusselectricESOPsettlement.com. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlements or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- The Settlement Class (whose members are "Settlement Class Members") includes all participants and beneficiaries of the Russelectric ESOP who received a benefit when the Russelectric ESOP terminated.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither Russelectric, Inc. and/or its successors ("Russelectric") nor any employees, attorneys, or representatives of Russelectric may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlements. Payments under the Settlements will be made only if the Court finally approves the Settlements, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before Judge Patti B. Saris, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, in Courtroom 19, 7th Floor, to determine whether to grant final approval of the Settlements and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Service Awards. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at www.RusselectricESOPsettlement.com.

- Any objections to the Settlements, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Service Awards must be filed with the Clerk of Court and served in writing on Class Counsel and Defendants' counsel, as identified in Item 11 below.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENTS: | |
|---|---|
| **PAYMENT OPTION ONE:** **ROLLOVER TO AN INDIVIDUAL RETIREMENT ACCOUNT OR QUALIFIED EMPLOYER PLAN** | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlements in the form of a direct rollover to an individual retirement account or qualified employer plan. To do this, you must submit the enclosed Rollover Form prior to the date set forth above for the Fairness Hearing. A Rollover Form may also be obtained by calling the Settlement Administrator at [phone number] or by accessing www.RusselectricESOPsettlement.com. Rollovers will be effectuated only if and when the Court gives final approval to the Settlements and the Settlements become effective.<br><br>Payments distributed in the form of a rollover will not be subject to automatic withholding.<br><br>For additional information, see Item 6 below. |

| | |
|---|---|
| **PAYMENT OPTION TWO:**<br>**CHECK MAILED DIRECTLY TO YOU** | If you do nothing in response to this Notice, the Settlement Administrator will attempt to mail your share of the Settlements directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlements and they become effective.<br><br>Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator.<br><br>For additional information, see Item 6 below. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlements, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Service Awards, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defendants' counsel (as identified in Item 11, below), no later than [DATE]. Please note that you will not be permitted to make an objection to the Settlements if you do not comply with the requirements for making objections. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defendants' counsel (as identified in Item 11 below) with notice of your intent to appear postmarked at least 21 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do not comply with the requirements for making an objection. |

## The Class Action

The case is called *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457-PBS (D. Mass.) (the "Class Action" or "lawsuit"). It has been pending since March 25, 2022. The Court supervising the case is the United States District Court for the District of Massachusetts. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives—Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy—are former participants in the Russelectric ESOP. Defendants are the Russell Defendants, Long, Wyatt, and Argent. The claims in the lawsuit are described below in Item 2 below, and additional information about them, including a copy of the operative Complaint, is available at www.RusselectricESOPsettlement.com.

## The Settlements

Following negotiations facilitated by a mediator with the Class Representatives, Class Counsel, Defendants, and Defendants' counsel, Settlements with each of the Defendants have been reached. As part of the Settlements, a single Qualified Settlement Fund of $14,550,000 will be established to resolve the claims against Defendants in the Action. The combined "Net Settlement Amount"

is $14,550,000.00 minus any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below in Item 5.

The Russell Defendants will pay a gross amount of $5,550,000 to resolve the claims against them. Argent will pay a gross amount of $4,500,000 to resolve the claims against it. Wyatt will pay a gross amount of $3,000,000 to resolve the claims against her. Long will pay a gross amount of $1,500,000 to resolve the claims against him.

**Statement of Attorneys' Fees and Costs, Administrative Expenses, and Service Awards Sought in the Class Action**

Class Counsel has devoted thousands of hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, going to trial against the Russell Defendants, and negotiating the Settlements. During that time, they also have advanced significant costs, including substantial expert fees and travel costs, necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case, as well as litigation costs. The amount of fees that Class Counsel will request will not exceed amounts reflected in the four Settlement Agreements, and in any event will not exceed one-third of the aggregate Gross Settlement Amount ($4,850,000). In addition, Class Counsel will seek to recover all litigation costs advanced and Administrative Expenses associated with the Settlements, amounting to approximately $1.35 million. Finally, each Settling Defendant will be reimbursed for any Administrative Expenses incurred by it as provided in each Settlement Agreement. Any Attorneys' Fees, Costs, and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed a total of $25,000 ($5,000 for the Wyatt Settlement, $5,000 for the Long Settlement, $5,000 for the Argent Settlement, and $10,000 for the Russell Defendant Settlement) for each of the Class Representatives who took on the risk of litigation, engaged in discovery, appeared for their deposition, participated in the mediation, and prepared for and testified at trial. Any Service Awards awarded by the Court will be paid from the Qualified Settlement Fund for the Settlements.

Full and formal applications for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards will be filed with the Court on or before [DATE]. These applications will be made available at www.RusselectricESOPsettlement.com. You may also obtain a copy of these applications through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlements and about all of the options available to you before the Court decides whether to give its final approval to the Settlements. If the Court approves the Settlements, and after any objections and appeals are resolved, the Net Settlement Amounts will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

## 2. What Is the Class Action About?

In the Class Action, the Class Representatives claim that the Defendants improperly administered and managed the Russelectric ESOP at its termination. The Class Representatives also claim that, several years after the termination, certain Defendants (not including Argent) improperly administered the Russelectric ESOP at the time of the sale of Russelectric to Siemens. Defendants deny all claims against them and assert that they always acted prudently and in the best interests of Russelectric ESOP participants and beneficiaries.

## 3. Why Is There A Settlement?

The Class Representatives and Defendants Wyatt, Long, and Argent agreed to the Settlements shortly before trial. The claims as to the Russell Defendants proceeded to trial in September and November 2025. On May 29, 2026, the Court ruled in favor of Class Representatives on some claims and in favor of the Russell Defendants on some claims. Plaintiffs and the Russell Defendants then reached a settlement before the Court determined the amount owed by the Russell Defendants.

The Settlements are the product of extensive negotiations between the Class Representatives and Class Counsel, and Defendants and their respective counsel. These negotiations were facilitated by an experienced mediator. The parties to the Settlements have taken into account the uncertainty, risks, and costs of litigation and subsequent appeals and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreements. Defendants deny any and all culpability and deny all allegations of fault, liability, wrongdoing, or damages.

The Class Representatives and Class Counsel believe that the Settlements are best for the Settlement Class. Nothing in the Settlement Agreements with Defendants is an admission or concession on Defendants' part of any fault or liability whatsoever. Defendants entered into their respective Settlement Agreements to avoid the uncertainty, expense, and burden of additional litigation and subsequent appeals.

## 4. What Do the Settlements Provide?

Under the Settlements, Defendants will pay or cause to be paid a total of $14,550,000 into a Qualified Settlement Fund to resolve the claims of the Settlement Class against Defendants. The gross amounts to be paid are $5,550,000 by the Russell Defendants, $4,500,000 by Argent, $3,000,000 by Wyatt, and $1,500,000 by Long. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Service Awards) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further in Item 5, below). Class Members who are entitled to a

distribution will receive their distribution as a rollover to a qualified retirement account or by check.

Under the Settlements, all Settlement Class Members and anyone claiming through them will fully release Defendants and "Released Parties" from certain "Released Claims", as defined in the Defendants' Settlement Agreements. The Released Parties include Defendants and certain related parties as outlined in the Settlement Agreements. The Released Claims include any claims against any of the Defendants and the Released Parties with respect to the Russelectric ESOP that were asserted in the Action against the Defendants and Released Parties or could have been asserted against them.

This is *only* a summary of the Released Claims, and is not a binding description. The governing releases are found within Article VII of the Settlement Agreements, which are available at www.RusselectricESOPsettlement.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records provided by the Russelectric ESOP's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice.

There are approximately 394 Settlement Class Members according to preliminary review of Russelectric ESOP records. Pursuant to the proposed Plan of Allocation, the Net Settlement Amount will be divided *pro rata* among Settlement Class Members. Each Settlement Class Member will have the opportunity to receive a share of the Net Settlement Amount (defined in the Settlement Agreements as their "Entitlement Amount") based on their percentage interest (defined as a Settlement Class Member's shares of Russelectric stock in the Russelectric ESOP divided by 42,617.824) multiplied by the Net Settlement Amount. Because all four Settlements are being administered together from a single Qualified Settlement Fund, you will receive one payment covering all four Settlements, not four separate payments.

A more complete description regarding the details of the Plan of Allocation can be found in Article V of the Settlement Agreements, which are available at www.RusselectricESOPsettlement.com.

## 6. How Can I Receive My Distribution?

A Rollover Form is enclosed with this Notice and explains the steps necessary to receive your share of the Settlements via direct rollover to an individual retirement account or qualified employer plan. You may also obtain the Rollover Form on the Settlement Website at www.RusselectricESOPsettlement.com or by calling the Settlement Administrator at [phone number]. Rollover Forms should be submitted prior to the date set forth above for the Fairness Hearing. Settlement payments distributed via direct rollover will not be subject to automatic withholdings. Further information regarding rollovers can be found at the end of this notice on page 11.

All other settlement payments will be mailed in the form of a check. You do not need to do anything to receive a check. However, because checks will be sent by mail, it is important to notify the Settlement Administrator ([phone number]) or via the contact form at www.RusselectricESOPsettlement.com) of any changes to your mailing address. You may also notify Class Counsel (identified in Item 11, below) of any changes to your mailing address.

Payments made directly to Class Members by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. Any tax withheld by the Settlement Administrator may not constitute all tax that you may owe in connection your settlement payment. You will be responsible for determining and paying any tax that is due but was not automatically withheld in connection with your settlement payment.

If you submit a Rollover Form but your requested rollover is not effectuated for any reason (for example, because your Rollover Form was submitted too late, the information that you provided was not sufficient, or the financial institution that you designated did not accept the rollover), the Settlement Administrator will attempt to mail you a check. Such checks will be subject to automatic tax withholding and reporting, as determined by the Settlement Administrator, and all other terms of the Settlement Agreement that apply to payments by check.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlements and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlements are approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlements if the Settlement Agreements are terminated.

## 8. Can I Exclude Myself from the Settlements?

No. The Class has been certified in the Settlements for Settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlements (if they receive final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlements, you may file an objection with the Clerk of the Court and write to Class Counsel and Defendants' counsel about why you object to the Settlements, as discussed below.

## 9. Do I Have a Lawyer in The Case?

The Court has appointed the law firms of Engstrom Lee LLC in Minneapolis, Minnesota; Block & Leviton, LLP in Boston, Massachusetts; Morgan & Morgan, PA in Tampa, Florida; and Wenzel Fenton Cabassa, P.A. in Tampa, Florida as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Service Awards prior to the objection deadline. This motion will be considered at

the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the aggregate Gross Settlement Amount (meaning up to $4,850,000). In addition, Class Counsel will seek to recover all litigation costs and administrative expenses associated with the Settlements, amounting to approximately $1.35 million. The Court will determine the amount of fees, costs, and administrative expenses that will be awarded and paid, if any. All papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards will be available for review on the Settlement Website www.RusselectricESOPsettlement.com and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell the Court If I Don't Like the Settlements?

If you are a Settlement Class Member, you can object to one or more of the Settlements by mailing to Class Counsel and to Defendants' counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must (1) clearly identify the case name and number: *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457-PBS (D. Mass.); (2) include your full name, current address, and telephone number; (3) identify which Settlement to which you object, describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defendants' counsel and postmarked no later than [DATE] to be considered. Class Counsel and Defendants' counsel will have an opportunity to respond to your objection. You also must also file your objection with the Court by mailing or hand delivering it to the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 no later than [DATE]. There is also a web portal for filing documents on the Court's website, https://ecf.mad.uscourts.gov/cgi-bin/ShowIndex.pl

| **Class Counsel** | **Defendant Wyatt's Counsel** |
|---|---|
| Carl Engstrom<br>**ENGSTROM LEE LLC**<br>323 N. Washington Ave., Ste. 200<br>Minneapolis, MN 55401 | Debbie W. Harden<br>**WOMBLE BOND DICKINSON (US) LLP**<br>301 S. College Street, Suite 3500<br>Charlotte, NC 28202 |
| **Defendant Argent's Counsel** | **Defendant Long's Counsel** |
| Lars C. Golumbic<br>**GROOM LAW GROUP, CHARTERED**<br>1701 Pennsylvania Avenue, NW, Suite 1200<br>Washington, D.C. 20006 | Theodore M. Becker<br>**MCDERMOTT WILL & SCHULTE, LLP**<br>444 West Lake Street<br>Chicago, IL 60606 |

| | RUSSELL DEFENDANTS' COUNSEL |
|---|---|
| | Nicholas J. Nesgos<br>**ARENTFOX SCHIFF LLP**<br>Prudential Tower<br>800 Boylston Street, 32nd Floor<br>Boston, MA 02199 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlements?

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, in Courtroom 19, 7th Floor. At the Fairness Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at www.RusselectricESOPsettlement.com.

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must file a notice of intent to appear with the Clerk of the Court and mail to Class Counsel and Defendants' counsel (as identified in Item 11, above) a notice of intent to appear postmarked no later than [DATE]. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlements.

## 15. What Happens If I Do Nothing at All?

If you are a "Settlement Class Member" as described on page 1, and you do nothing, the Settlement Administrator will attempt to mail your *pro rata* share of the Net Settlement Amount directly to you in a single check, if the Settlements are finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlements, you can visit www.RusselectricESOPsettlement.com, call [phone number] or write to the Settlement Administrator at Russelectric ESOP Settlement, c/o Atticus Administration, PO Box 64053, St. Paul, MN 55164. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in

person during regular business hours at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210. Please note that neither Russelectric nor any employees, attorneys, or representatives of Russelectric may advise you regarding the Settlement or how you should proceed.

[Additional information regarding rollover options on next page]

## YOUR ROLLOVER OPTIONS

The Settlement Administrator has determined that the payment you are receiving from the Qualified Settlement Fund ("Fund") is eligible to be rolled over to an IRA or an employer plan. As discussed in Section 6 above, this Q&A is intended to provide additional information to help you decide whether to do such a rollover. This notice describes the rollover rules that apply to payments from the Fund.

## GENERAL INFORMATION ABOUT ROLLOVERS

**How can a rollover affect my taxes?** You will be taxed on payments from the Qualified Settlement Fund if you do not roll them over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (generally, distributions made before age 59½), unless an exception applies. However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception to the 10% additional income tax applies).

**What types of retirement accounts and plans may accept my rollover?** You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a 401(k), section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, IRAs are not subject to spousal consent rules, and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?** There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

**If you do a direct rollover,** the Qualified Settlement Fund will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover. The information they give you can then be used to complete the settlement administration form. You generally need to have an account opened (even if it's not funded) for an institution to process your rollover.

**If you do not do a direct rollover,** you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. Generally, you will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Qualified Settlement Fund is required to withhold 20% of payments for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payments in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payments, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

# EXHIBIT 2

**Russelectric ESOP Settlement**
**c/o Atticus Administration**
**PO Box 64053**
**St. Paul, MN 55164**
**www.RusselectricESOPSettlement.com**

# ROLLOVER FORM

JOHN Q CLASSMEMBER
123 MAIN ST APT 1
ANYTOWN, ST 12345

Claim Number: 1111111

In order to receive your share of the Settlement by direct rollover to a qualified individual retirement account, Class Members must complete, sign, and mail this form with a postmark on or before [DATE OF FAIRNESS HEARING]. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

WWW.RUSSELECTRICESOPSETTLEMENT.COM OR CALL 1-800-573-7045

**************************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING ROLLOVER FORM

1. If you would like to receive your share of the Settlement by direct rollover to a qualified individual retirement account (commonly called an "IRA") or qualified employer plan (such as a 401(k) plan), please complete this Rollover Form. You should also keep a copy of all pages of your Rollover Form, including the first page with the address label, for your records.

2. **Mail your completed Rollover Form postmarked on or before** [DATE OF FAIRNESS HEARING] **to the Settlement Administrator at the following address:**

   **Russelectric ESOP Settlement**
   c/o Atticus Administration
   PO Box 64053
   St. Paul, MN 55164

   **You also may email a completed, signed copy to RusselectricESOPsettlement@atticusadmin.com. It is your responsibility to ensure the Settlement Administrator has timely received your Rollover Form.**

3. Other Reminders:

   - You must provide your date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.
   - If you desire to do a direct rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.
   - If you change your address after sending in your Rollover Form, please provide your new address to the Settlement Administrator.

- **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to an appeal in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within four months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Rollover Form, please call the Settlement Administrator at 1-800-573-7045. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement or your situation. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, www.RusselectricESOPSettlement.com.

## PART 2: SETTLEMENT CLASS MEMBER INFORMATION

First Name | Middle | Last Name

Mailing Address

City | State | Zip Code

Home Phone

Work Phone or Cell Phone

Participant's Social Security Number

Participant's Date of Birth

M M D D Y Y Y Y

Email Address

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Settlement Class Member and the Settlement Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name | Middle | Last Name

Mailing Address

City | State | Zip Code

Home Phone ☐☐☐-☐☐☐-☐☐☐☐ | Work Phone or Cell Phone ☐☐☐-☐☐☐-☐☐☐☐

Participant's Social Security Number ☐☐☐-☐☐-☐☐☐☐ | Participant's Date of Birth ☐☐-☐☐-☐☐☐☐ M M D D Y Y Y Y

Email Address

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan –** Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b) ☐ 401(a)/401(k) ☐ 403(b)

☐ Direct Rollover to a Traditional IRA ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City State Zip Code

Your Account Number Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M D D Y Y Y Y

**Class Member Signature** **Date Signed *(Required)***

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>Defendants. | Case No. 1:22-cv-10457-PBS |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH THE RUSSELL DEFENDANTS AND JOINT MOTION FOR CONSOLIDATED SETTLEMENT ADMINISTRATION**

This matter comes before the Court on (1) the unopposed motion of Plaintiffs Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy ("Plaintiffs") to preliminarily approve the Settlement with John H. Russell, Suzanne E. Russell, and Lisa J. Russell (the "Russell Defendants,"); and (2) the joint motion of Plaintiffs and Defendants Denise D. Wyatt ("Wyatt"), Argent Trust Company ("Argent"), Dennis J. Long ("Long"), and the Russell Defendants (collectively, the "Settling Defendants," and together with Plaintiffs, the "Parties") for entry of a single order governing the consolidated administration of all four class action settlements in this Action.

The Court finds and notes the following procedural history:

1. On January 30, 2025, the Court certified the following class under Federal Rule of Civil Procedure 23(b)(1): "All participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the ESOP terminated." Dkt. 308 (the "Settlement Class").

2. On September 5, 2025, the Court granted preliminary approval of three partial class action settlements: with Long in the amount of $1,500,000 (Dkt. 569); with Argent in the amount of $4,500,000 (Dkt. 570); and with Wyatt in the amount of $3,000,000 (Dkt. 571) (collectively, the "Prior Settlements," and together with Russell Settlement, the "Settlements in this Action").

3. On September 4, 2025, the Court entered bar orders in connection with the Wyatt and Argent settlements. Dkts. 567, 568. No bar order has been entered in connection with the Long settlement, and none was a condition of that settlement. *See* Dkt. 575.

4. In each of the three preliminary approval orders, the Court deferred until after trial its consideration of issues concerning distribution of the Joint Notice to Settlement Class Members, the proposed Settlement Website, the appointment of the Settlement Administrator, the appointment of the Independent Fiduciary, and the scheduling of a Final Fairness Hearing. The Court further directed the parties to file, within fourteen days of the Court's trial decision, a proposed order addressing those matters together with the procedures for objections and for Class Counsel's applications for final approval and for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards. The Court held in abeyance any deadlines in the respective settlement agreements triggered by entry of those preliminary approval orders. *See, e.g.*, Dkt. 569 ¶¶ 5–6.

5. The Court conducted a bench trial in September and November 2025 and issued its trial decision on May 29, 2026. Dkt. 632.

6. On June 12, 2026, Plaintiffs, Wyatt, Argent, and Long jointly moved for entry of three separate orders governing administration of the Prior Settlements and for approval of a revised Joint Notice covering those three settlements. Dkt. 637.

7. On September 3, 2026, Plaintiffs and the Russell Defendants executed a Class Action Settlement Agreement providing for a Gross Settlement Amount of $5,550,000 (the "Russell Settlement"), which resolves all remaining claims in this Action. With the Russell Settlement, all claims against all Defendants have been resolved, and the total consideration to the Settlement Class across all four settlements is $14,550,000.

8. Because a single Settlement Class is affected by all four settlements, the Parties request consolidated treatment of the four settlements, as set forth below.

Accordingly, after careful consideration, the Court hereby **ORDERS** as follows:[1]

## I. PRELIMINARY APPROVAL OF THE RUSSELL SETTLEMENT

9. Based on the Court's review, the Court finds, on a preliminary basis, that: (1) the class action settlement between Plaintiffs and the Russell Defendants (the "Russell Settlement") is fair, reasonable, and adequate, and within the range of possible approval; (2) the Russell Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, following substantial discovery and a trial on the merits; (3) the form and method of notice of the Russell Settlement and of the Final Fairness Hearing is appropriate; and (4) the Russell Settlement meets all applicable requirements

[1] Except as otherwise specified, capitalized terms used in this Order have the meanings assigned to them in the respective Settlement Agreements.

of law, including Federal Rule of Civil Procedure 23 and applicable First Circuit precedents. Accordingly, the Court preliminarily approves the Russell Settlement in its entirety.

10. Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies for settlement purposes the Settlement Class previously certified at Dkt. 308:

> All participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the ESOP terminated.

Named Plaintiffs Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy are appointed as Class Representatives for purposes of this Settlement, and Engstrom Lee LLC, Block & Leviton LLP, Morgan & Morgan PA, and Wenzel, Fenton, Cabassa, P.A. are appointed as Class Counsel for the Settlement Class.

11. The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes each Class Member's distribution to be equal to the Net Settlement Amount multiplied by the percentage of each Class Member's Percentage Interest.

12. The Court approves the CAFA Notice attached as Exhibit 5 to the Russell Settlement and orders that upon mailing of the CAFA Notice, the Russell Defendants shall have fulfilled their obligations under CAFA.

## II. CONSOLIDATED SETTLEMENT ADMINISTRATION

13. The Court finds that the Settlements in this Action are identical in all material respects with respect to administration and that it is in the best interests of Class Members and judicial resources to consolidate the administration of the Settlements in this Action.

14. The pending joint motion at Dkt. 637 is DENIED as moot. The Orders entered at Dkts. 567, 568, 569, 570, and 571 remain in effect and are incorporated herein, except as modified by this Order.

15. Pursuant to the Settlement Agreements, Atticus Administration LLC is hereby appointed as the Settlement Administrator for the Settlements in this Action and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreements and this Order.

16. The Qualified Settlement Funds in the Prior Settlements and the Russell Settlement shall be consolidated and established as a single Consolidated Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 to receive the contributions of all four Settling Defendants (the "Consolidated Qualified Settlement Fund").

17. Atticus Administration LLC shall be the administrator of the Consolidated Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Consolidated Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

18. Each Settling Defendant has consented, and the Court finds, that deposit of its Gross Settlement Amount into the Consolidated Qualified Settlement Fund satisfies that Settling Defendant's obligation under its Settlement Agreement to fund a Qualified Settlement Fund. In accordance with the Settlements in this Action, the Settlement Administrator shall establish a single Settlement Website and toll-free telephone line relating to the Settlements in this Action no later than thirty (30) calendar days following the entry of this Order.

19. Each Settling Defendant shall be reimbursed from the Consolidated Qualified Settlement Fund for any Administrative Expenses it incurred, to the extent provided in its Settlement Agreement.

20. The Court hereby appoints Fiduciary Counselors Inc. to perform the duties of the Independent Fiduciary under each of the four Settlement Agreements.

### A. FUNDING OF THE CONSOLIDATED QUALIFIED SETTLEMENT FUND

21. Consistent with the respective Settlement Agreements, each of the Russell Defendants and Argent shall fund its Gross Settlement Amount into the Consolidated Qualified Settlement Fund in accordance with the schedule set forth in their respective Settlement Agreements, with all funding deadlines measured from the date of entry of this Order.

22. As to Long, not later than thirty (30) business days from the later of either (i) the entry of this Order or (ii) the Settlement Administrator providing an Employer Identification Number/Tax Identification Number, a properly executed Form W-9 and any other needed tax related documents, Long shall cause to be deposited one half ($750,000.00) of his Gross Settlement Amount into the Consolidated Qualified Settlement Fund. The Settlement Administrator shall cooperate in the coordination of the deposit of these funds by providing any wire or other delivery instructions, verification and confirmation information that may be required to facilitate the deposit. Long shall cause to be deposited the remainder of his Gross Settlement Amount into the Consolidated Qualified Settlement Fund in accordance with the schedule set forth in his Settlement Agreement.

23. As to Wyatt, not later than twenty (20) business days from the later of either (i) the entry of this Order or (ii) the Settlement Administrator providing an Employer Identification Number/Tax Identification Number, a properly executed Form W-9 and any other needed tax related documents, Wyatt shall cause to be deposited one half ($1,500,000.00) of her Gross Settlement Amount into the Consolidated Qualified Settlement Fund. The Settlement Administrator shall cooperate in the coordination of the deposit of these funds by providing any wire or other delivery instructions, verification and confirmation information that may be required to facilitate the deposit. Wyatt shall cause to be deposited the remainder of her Gross

Settlement Amount into the Consolidated Qualified Settlement Fund in accordance with the schedule set forth in her Settlement Agreement.

24. If any of the Settlements in this Action is terminated, is not approved, does not become effective for any reason, or is not approved by the Independent Fiduciary, the Settlement Administrator shall return to the respective Settling Defendant that Settling Defendant's contribution to the Consolidated Qualified Settlement Fund, in accordance with the terms of the respective Settling Defendant's Settlement Agreement. In such event, the remaining Settlements shall continue to be enforced.

**B. CONSOLIDATED CLASS NOTICE**

25. The Court finds that under Federal Rule of Civil Procedure 23(c)(2), the proposed Notice of Class Action Settlements attached as Exhibit 1 to the Russell Settlement Agreement (the "Notice of Settlements"), which addresses all Settlements in this Action, constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law. The Notice of Class Action Settlements provides, as to each of the Settlements in this Action, the information identified in paragraph 4 of the Court's preliminary approval orders at Dkts. 569, 570, and 571, and further describes the Court's trial decision and the resolution of the claims against the Russell Defendants.

26. No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Notice of Class Action Settlements to each Settlement Class Member identified by the Settlement Administrator as contemplated by the Settlement Agreements. The Settlement Administrator shall use commercially reasonable efforts

to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan. A single mailing of the Notice of Class Action Settlements satisfies the notice obligations under each of Settlements in this Action.

**C. FINAL APPROVAL, FEES, COSTS, AND SERVICE AWARDS**

27. Class Counsel shall file a single, consolidated application for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards to be paid out of the Consolidated Qualified Settlement Fund. Class Counsel may seek (1) not more than one-third of the aggregate Gross Settlement Amount (*i.e.*, up to $4,850,000), and (2) reimbursement of all litigation costs advanced by Class Counsel in connection with the Action and Administrative Expenses associated with the Settlement, on an aggregate basis, amounting to approximately $1.35 million, to be paid from the Consolidated Qualified Settlement Fund. This application shall be filed no later than fourteen (14) calendar days prior to the deadline for objections.

28. No later than fourteen (14) calendar days prior to the Final Fairness Hearing, Class Counsel shall file a single motion and supporting papers requesting Final Approval of the Settlements in this Action. Class Counsel shall file any objections to the Settlements in this Action with the motion for Final Approval.

**D. OBJECTIONS AND APPEARANCES**

29. Any Settlement Class Member may comment in support of or in opposition to any one or more of the Settlements in this Action. Any objections to any aspect of any of the Settlements in this Action shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and the affected Settling Defendant's counsel. To be filed validly, the objection and any supporting documents must be

filed or postmarked, with copies provided to Class Counsel and the affected Settling Defendant's counsel, at least 21 calendar days prior to the Final Fairness Hearing. The objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. An objection should identify which of the Settlements in this Action the objection applies to; an objection that does not so specify will be treated as directed to all four.

30. Any person wishing to speak at the Final Fairness Hearing shall validly file, with copies provided to Class Counsel and each Settling Defendant's counsel, a notice of intent to appear. To be filed validly, the notice of intent to appear must be filed or postmarked, with such copies provided, at least 21 calendar days prior to the Final Fairness Hearing (or by such other deadline as determined by the Court).

31. Any Party may file a response to an objection by a Class Member before the Final Fairness Hearing.

32. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

**E. FINAL FAIRNESS HEARING**

33. On [DATE] at [TIME] in Courtroom 19, 7th floor of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse

Way, Suite 2300, Boston, Massachusetts 02210, this Court will hold a Final Fairness Hearing regarding the Settlements in this Action to determine whether

a. the Court should finally approve each of the Settlements in this Action as fair, reasonable, and adequate;

b. the Court should enter Final Approval Orders as to the Settlements in this Action;

c. the Court should approve the Motion for Bar Order, if one has been filed by Long or the Russell Defendants; and

d. the Court should approve Class Counsel's application for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards.

34. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court. Any change in the date, time, location, or format of the Final Fairness Hearing shall be posted on the Settlement Website.

**F. OTHER PROVISIONS**

35. Pending final determination of whether the Settlements in this Action should be finally approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against any Settling Defendant, the Released Parties, and/or the Plan. Except as necessary to effectuate this Order, all proceedings and deadlines in this Action are stayed and suspended pending the Final Fairness Hearing and entry of the Final Approval Orders, or until further order of the Court.

It is so ORDERED this ___ day of ______________, 2026.

________________________________
Honorable Patti B. Saris
United States District Judge

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>Defendants. | Case No. 1:22-cv-10457-PBS |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH THE RUSSELL DEFENDANTS**

The above-entitled matter came before the Court on the Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell (the "Russell Defendants", and together with Plaintiffs, the "Settling Parties"). ECF No. __. After review of the Motion and the attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:[1]

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the Settlement Class.

2. The Court certifies the following Settlement Class:

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Settling Parties and filed with the Court.

> All participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the ESOP terminated.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3. Pursuant to Rules 23(e)(2), the Court hereby approves the Settlement of the Released Claims covered by this Settlement Agreement.

4. The Court hereby directs that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5. The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

6. In accordance with the Court's Order, and as reflected in the information from the Settlement Administrator, Atticus Administration LLC, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, __% were ultimately returned as undeliverable.

7. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States. Accordingly, the Court finds that all applicable CAFA requirements have been satisfied.

8. The Court finds that the class action settlement between Plaintiffs and the Russell Defendants (the "Settlement") is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel, following substantial negotiations overseen by a neutral mediator;

B. The Settlement was negotiated only after a trial and post-trial briefing concerning the appropriate measure of damages;

C. The Settling Parties were well positioned to evaluate the value of the Class Action;

D. If the Settlement had not been achieved, both Plaintiffs and the Russell Defendants faced the expense, risk, and uncertainty of a judgment fixing damages and potential appeals;

E. The amount of the Settlement ($5,550,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F. The Class Representatives have actively and independently participated in the Class Action;

G. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

H. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

I. There were _____ objections to the settlement. _____ of those objections were timely. The Court has considered all of them, and they do not affect the Court's

determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice.

J. The Settlement was reviewed by an Independent Fiduciary, who has approved the Settlement.

9. The Motion for Final Approval of the Class Action Settlement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Russelectric ESOP and the Settlement Class.

10. The Court dismisses with prejudice all Released Claims in the Action, whether asserted by the Named Plaintiffs on their own behalf, on behalf of the Class, or derivatively on behalf of the Russelectric ESOP, without costs to any of the Settling Parties, except as contemplated by the Settlement Agreement.

11. Neither the Final Approval Order nor this Settlement Agreement constitutes an admission by any Settling Defendant or Released Party of any liability or wrongdoing.

12. The Court bars and enjoins the Named Plaintiffs and all Class Members from asserting any Released Claims against any of the Released Parties.

13. The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation. The Settlement Administrator is further authorized to direct the Escrow Agent to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

14. Within thirty-one (31) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Settling Defendants'

Counsel a list of each Person who received a Settlement payment from the Qualified Settlement Fund and the amount of such payment.

15. Upon the Settlement Effective Date, all Settling Parties, the Settlement Class, and the Russelectric ESOP shall be bound by the Settlement Agreement and by this Final Approval Order.

16. The Court preserves its continuing and exclusive jurisdiction over the Settling Parties and all Class Members to administer, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Settling Parties, but without affecting the finality of the Final Approval Order.

It is so ORDERED this ___ day of ______________, 2026.

________________________________
Honorable Patti B. Saris
United States District Judge

# EXHIBIT 5

September __, 2026

**VIA USPS PRIORITY MAIL**

To: Federal and State Officials Under 28 U.S.C. § 1715(b)
(See Distribution List Attached)

Re: CAFA Notification of the Proposed Settlement in *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457-PBS (D. Mass. filed March 25, 2022)

This notification is being sent to you on behalf of one of the named defendants in the above-captioned matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), to inform you of a proposed class action settlement.

The following is a brief description of the litigation covered by the proposed settlement, which is described in greater detail in the enclosures.

Plaintiffs Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, all former participants in the Russelectric, Inc. Employee Stock Ownership Plan (the "Russelectric ESOP"), assert federal claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against multiple defendants. With respect to Defendants John H. Russell, Suzanne E. Russell, and Lisa J. Russell, each individually and in their respective capacities as trustees or co-trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined in the enclosed Second Amended Complaint (collectively, the "Russell Defendants"), Plaintiffs alleged breaches of fiduciary duty, prohibited transactions, co-fiduciary breaches, and/or non-fiduciary liability under ERISA with respect to a transaction that closed on November 30, 2016 in which Russelectric, Inc. redeemed shares of its stock from the Russelectric ESOP and with respect to a transaction that closed on March 1, 2019 in which Russelectric, Inc. was sold to Siemens Industries, Inc. and Siemens Corporation. The Russell Defendants deny all of these claims, but have agreed to settle the action to avoid the risks inherent in further litigation.

**Court:** United States District Court for the District of Massachusetts

**Case Caption:** Bowers, et al. v. Russell, et al., Case No. 1:22-cv-10457-PBS (D. Mass. filed March 25, 2022)

**Defendants:** John H. Russell, Suzanne E. Russell, and Lisa J. Russell

**<u>Documents Enclosed:</u>**

The following documents include those required by 28 U.S.C. § 1715(b)(1), (3), and (4), which are copied on the enclosed USB drive in PDF format:

A. Class Action Complaint, filed on March 25, 2022 (Dkt. No. 1) with the following materials:
   1. Civil Cover Sheet (Dkt. No. 1-1)
   2. District of Massachusetts Form (Dkt. No. 1-2)

B. Amended Class Action Complaint, filed on April 12, 2023 (Dkt. No. 95)

C. Second Amended Class Action Complaint, filed on July 8, 2024 (Dkt. No. 169)

D. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with the Russell Defendants, filed on September 3, 2026 (Dkt. No. __), which includes:

1. Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement with the Russell Defendants (Dkt. No. __);
2. Declaration of Carl F. Engstrom in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with the Russell Defendants (Dkt. No. __);
3. Class Action Settlement Agreement, with exhibits including proposed class notice, proposed rollover form, proposed preliminary approval order, proposed final approval order, and proposed CAFA notice (Dkt. No. __).

**Additional Information:**

As required by 28 U.S.C. § 1715(b)(2), we inform you that the Court has not yet scheduled a hearing with respect to the class action settlement.

As required by 28 U.S.C. § 1715(b)(5), we inform you that Class Counsel and the Russell Defendants' Counsel have made no settlement or other agreement contemporaneously with the Class Action Settlement Agreement.

As required by 28 U.S.C. § 1715(b)(6), we inform you that no final judgment or notice of dismissal has been entered.

As required by 28 U.S.C. § 1715(b)(7)(A), we inform you that it is not feasible to provide the names of all Settlement Class Members at this time, because the list of such individuals is subject to verification by third parties. The "Class" or "Settlement Class" is defined to be "all participants and beneficiaries of the Russelectric Inc. Employee Stock Ownership Plan who received a benefit when the Russelectric ESOP terminated."

In addition, with respect to 28 U.S.C. § 1715(b)(7)(A) and (B), it is not feasible at this time to estimate the proportionate share of the claims of such members to the entire settlement. That is, at least in part, because the total amount that any settlement class member receives out of the Qualified Settlement Fund will be determined based on each Settlement Class Member's shares of Russelectric, Inc. stock that had been allocated to their respective plan accounts as of June 30, 2016, the date when the plan was terminated. Such share numbers are subject to verification by third parties.

As required by 28 U.S.C. § 1715(b)(7)(B), we inform you that there are approximately 394 members of the Settlement Class and, based on currently-available address information, we believe that members of the Settlement Class reside in the following states (with an estimate of the number of individuals who will receive the class notice who reside in each indicated state): AZ (3); CA (8); CO (3); CT (1); DE (3); FL (8); GA (2); HI (1); IL (2); KY (2); LA (2); MA (211); MI (1);

MN (3); NV (1); NH (1); NJ (1); NY (1); NC (7); OH (4); OK (99); OR (3); PA (2); RI (1); SC (1); TN (2); TX (6); VA (2); and WA (2).

As required by 28 U.S.C. § 1715(b)(8), we inform you that no judicial opinion has been issued relating to the materials described under subparagraphs (3) through (6) of said section.

Further information regarding this matter, including any future scheduled judicial hearings, may be obtained by visiting the "PACER" online docket for the above-referenced case at https://ecf.mad.uscourts.gov/cgi-bin/ShowIndex.pl.

Contact information for the Russell Defendants' counsel is listed below:

Nicholas J. Nesgos
Adam L. Littman
ARENTFOX SCHIFF LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel: (617) 973-6100
Fax: (617) 367-2315
nicholas.nesgos@afslaw.com
adam.littman@afslaw.com

If you have questions about this notice, the litigation, or the enclosed materials, please contact Nicholas J. Nesgos at (617) 973-6100 or nicholas.nesgos@afslaw.com.

Regards,

Nicholas J. Nesgos

Enclosures

cc: Carl F. Engstrom (counsel for Plaintiffs)
Mark E. Thomson (counsel for Plaintiffs)

**DISTRIBUTION LIST**

The Honorable Todd Blanche
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

The Honorable Steve Marshall
Attorney General of the State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104

The Honorable Cori Mills
Attorney General of the State of Alaska
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Juneau, AK 99801

The Honorable Kris Mayes
Attorney General of the State of Arizona
Office of the Attorney General
2005 North Central Avenue
Phoenix, AZ 85004

The Honorable Tim Griffin
Attorney General of the State of Arkansas
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201

The Honorable Rob Bonta
Attorney General of the State of California
Office of the Attorney General
1300 I Street
Sacramento, CA 95814

The Honorable Phil Weiser
Attorney General of the State of Colorado
Office of the Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203

The Honorable William Tong
Attorney General of the State of Connecticut

Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106

The Honorable Kathy Jennings
Attorney General of the State of Delaware
Office of the Attorney General
820 North French Street
Wilmington, DE 19801

The Honorable Brian L. Schwalb
Attorney General of the District of Columbia
Office of the Attorney General
400 6th Street, NW
Washington, DC 20001

The Honorable James Uthmeier
Attorney General of the State of Florida
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

The Honorable Chris Carr
Attorney General of the State of Georgia
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

The Honorable Anne E. Lopez
Attorney General of the State of Hawaii
Office of the Attorney General
425 Queen Street
Honolulu, HI 96813

The Honorable Raúl R. Labrador
Attorney General of the State of Idaho
Office of the Attorney General
700 West Jefferson Street, Suite 210
Boise, ID 83720

The Honorable Kwame Raoul
Attorney General of the State of Illinois
Office of the Attorney General
100 West Randolph Street
Chicago, IL 60601

The Honorable Todd Rokita
Attorney General of the State of Indiana
Office of the Attorney General
302 West Washington Street, 5th Floor
Indianapolis, IN 46204

The Honorable Brenna Bird
Attorney General of the State of Iowa
Office of the Attorney General
1007 East Grand Avenue
Des Moines, IA 50319

The Honorable Kris Kobach
Attorney General of the State of Kansas
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612

The Honorable Russell Coleman
Attorney General of the Commonwealth of Kentucky
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, KY 40601

The Honorable Liz Murrill
Attorney General of the State of Louisiana
Office of the Attorney General
1885 North Third Street
Baton Rouge, LA 70802

The Honorable Aaron M. Frey
Attorney General of the State of Maine
Office of the Attorney General
6 State House Station
Augusta, ME 04333

The Honorable Anthony G. Brown
Attorney General of the State of Maryland
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202

The Honorable Andrea Joy Campbell
Attorney General of the Commonwealth of Massachusetts
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

The Honorable Dana Nessel
Attorney General of the State of Michigan
Office of the Attorney General
525 West Ottawa Street
Lansing, MI 48933

The Honorable Keith Ellison
Attorney General of the State of Minnesota
Office of the Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101

The Honorable Lynn Fitch
Attorney General of the State of Mississippi
Office of the Attorney General
550 High Street, Suite 1200
Jackson, MS 39201

The Honorable Catherine Hanaway
Attorney General of the State of Missouri
Office of the Attorney General
207 West High Street
Jefferson City, MO 65101

The Honorable Austin Knudsen
Attorney General of the State of Montana
Office of the Attorney General
215 North Sanders
Helena, MT 59601

The Honorable Michael T. Hilgers
Attorney General of the State of Nebraska
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509

The Honorable Aaron D. Ford
Attorney General of the State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701

The Honorable John M. Formella
Attorney General of the State of New Hampshire
Office of the Attorney General
33 Capitol Street
Concord, NH 03301

The Honorable Jennifer Davenport
Attorney General of the State of New Jersey
Office of the Attorney General
25 Market Street
Trenton, NJ 08625

The Honorable Raúl Torrez
Attorney General of the State of New Mexico
Office of the Attorney General
408 Galisteo Street
Santa Fe, NM 87501

The Honorable Letitia James
Attorney General of the State of New York
Office of the Attorney General
28 Liberty Street
New York, NY 10005

The Honorable Jeff Jackson
Attorney General of the State of North Carolina
Office of the Attorney General
114 West Edenton Street
Raleigh, NC 27603

The Honorable Drew H. Wrigley
Attorney General of the State of North Dakota
Office of the Attorney General
600 East Boulevard Avenue
Bismarck, ND 58505

The Honorable Andy Wilson
Attorney General of the State of Ohio
Office of the Attorney General
30 East Broad Street, 14th Floor
Columbus, OH 43215

The Honorable Gentner Drummond
Attorney General of the State of Oklahoma
Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

The Honorable Dan Rayfield
Attorney General of the State of Oregon
Office of the Attorney General
1162 Court Street NE
Salem, OR 97301

The Honorable Dave Sunday
Attorney General of the Commonwealth of Pennsylvania
Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

The Honorable Peter F. Neronha
Attorney General of the State of Rhode Island
Office of the Attorney General
150 South Main Street
Providence, RI 02903

The Honorable Alan Wilson
Attorney General of the State of South Carolina
Office of the Attorney General
P.O. Box 11549
Columbia, SC 29211

The Honorable Marty J. Jackley
Attorney General of the State of South Dakota
Office of the Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501

The Honorable Jonathan Skrmetti
Attorney General of the State of Tennessee
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202

The Honorable Ken Paxton
Attorney General of the State of Texas
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711

The Honorable Derek Brown
Attorney General of the State of Utah
Office of the Attorney General
350 North State Street, Suite 230
Salt Lake City, UT 84114

The Honorable Charity R. Clark
Attorney General of the State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609

The Honorable Jay Jones
Attorney General of the Commonwealth of Virginia
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

The Honorable Nick Brown
Attorney General of the State of Washington
Office of the Attorney General
1125 Washington Street SE
Olympia, WA 98504

The Honorable John McCuskey
Attorney General of the State of West Virginia
Office of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305

The Honorable Josh Kaul
Attorney General of the State of Wisconsin
Office of the Attorney General
17 West Main Street
Madison, WI 53703

The Honorable Keith Kautz
Attorney General of the State of Wyoming
Office of the Attorney General
109 State Capitol
Cheyenne, WY 82002