UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rita Bowers, Michele Gear-Cole, Florence Lorenzano, and Reginald Tercy, as representatives of a class of similarly situated persons, and on behalf of the Russelectric Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees of the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, as defined herein; and Denise D. Wyatt, Dennis J. Long, Argent Trust Company, and John and Jane Does 1-25,<br><br>Defendants. | Case No. 1:22-cv-10457-PBS |

**[~~PROPOSED~~] BAR ORDER**

This Matter is before the Court on Defendant Dennis J. Long's ("Long") Motion for Entry of Bar Order. Long and Plaintiffs have entered into a Settlement Agreement (ECF 560-1), in which they have agreed to settle and release any claims between or among them with respect to the allegations against Long in Plaintiffs' Second Amended Complaint. Although Long's settlement was not conditioned on obtaining a bar order, Long informed the Court on September 4, 2025 that he would file a motion for a bar order prior to obtaining final approval on the settlement agreement. September 4, 2025 Hearing Tr. (ECF 577) at 39-41. On September 5, 2025, this Court granted preliminary approval of the Settlement Agreement and noted that any motion for a bar order should be filed at least 60 calendar days prior to the date of the final fairness hearing. ECF 569, ¶7.

IT IS HEREBY ORDERED:

1. John H. Russell, Suzanne E. Russell, and Lisa J. Russell, individually and as trustees or co-trustees of the Raymond G. Russell Trust and Subtrusts and/or the Carol C. Russell Family Trust, the Russelectric Stockholder Trusts and the Russelectric Stock Proceeds Trusts, Denise Wyatt, Argent Trust Company, and John and Jane Does 1-25 (collectively, the "Other Defendants"), including the Other Defendants' past, present, or future heirs, assigns, parents, subsidiaries, affiliates, divisions, joint ventures, members, attorneys, agents, trustees, co-trustees, beneficiaries, estates (including, but not limited to, the Estate of Carol C. Russell and the Estate of Raymond Russell), insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest, and any persons purporting to act on the Other Defendants' behalf or asserting any Claim[1] under or through the Other Defendants, are immediately and permanently barred, enjoined and restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims[2] against Long, and

[1] "Claim" means any and all manner of claims, counterclaims, cross claims, third party claims, actions, causes of actions, potential actions, suits, arbitrations, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, whether class, individual, derivative, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory, including, but not limited to, claims for breach of fiduciary duty or co-fiduciary liability, claims arising under state law, and claims arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C., § 1001 *et seq*.

[2] "Barred Claims" means (a) Claims asserted or that could have been or could be asserted by the Other Defendants, including the Other Defendants' past, present, or future heirs, assigns, parents, subsidiaries, affiliates, divisions, joint ventures, members, attorneys, agents, trustees, co-trustees, beneficiaries, estates, insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest, and any persons purporting to act through the Other Defendants or on behalf of the Other Defendants' against Long and Long's past, present, or future heirs or assigns for indemnification, contribution, and/or co-fiduciary liability, however denominated, whether common law, statutory, or contractual, and regardless of the allegations, facts, law, theories, or principles, seeking to recover or reallocate, in whole or in part, any liability or alleged liability to Plaintiffs or the Russelectric Inc. Employee Stock Ownership Plan arising from the Claims and allegations in this Action, or (b) Claims asserted or that could have been or could be asserted by Long for indemnification, contribution, or

Long's past, present, or future heirs, assigns, trustees, co-trustees, beneficiaries, estates, insurers, reinsurers, attorneys, agents, predecessors, successors, and successors-in-interest, and any persons purporting to act on Long's behalf in this Action[3] or any other forum, action, or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, deemed satisfied, and unenforceable.

2. Long, and Long's past, present, or future heirs, assigns, trustees, co-trustees, beneficiaries, estates, insurers, reinsurers, attorneys, agents, predecessors, successors, and successors-in-interest, and any persons purporting to act on Long's behalf, or asserting any Claim under or through Long, are permanently barred, enjoined, and restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims against the Other Defendants, including the Other Defendants' past, present, or future heirs, assigns, parents, subsidiaries, affiliates, divisions, joint ventures, members, attorneys, agents, trustees, co-trustees, beneficiaries, estates (including, but not limited to, the Estate of Carol C. Russell and the Estate of Raymond Russell), insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest, and any persons purporting to act on the Other Defendants' behalf in this Action or in any other forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, deemed satisfied, and unenforceable.

3. Nothing in this Order shall release any claim of Long against any of his insurers or indemnitors.

---

co-fiduciary liability, however denominated, whether common law, statutory, or contractual, and regardless of the allegations, facts, law, theories, or principles, seeking to recover or reallocate, in whole or in part, any liability or alleged liability to Plaintiffs or the Russelectric Inc. Employee Stock Ownership Plan arising from the Claims and allegations in this Action.

[3] "Action" means the above-captioned civil action, No. 1:22-cv-10457-PBS (D. Mass.).

It is so ORDERED this 7 day of October, 2026.

Honorable Patti B. Saris
United States District Judge